UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60716-CIV-DIMITROULEAS

DR. DAVID S. MURANSKY, individually
and on behalf of all others similarly situated,

      Plaintiff,

vs.

GODIVA CHOCOLATIER, INC.,
a New Jersey corporation,

      Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT

THIS CAUSE is before the Court upon Defendant Godiva Chocolatier, Inc. ("Defendant"

or "Godiva")'s Motion to Dismiss First Amended Complaint [DE 21], filed herein on June 23,

2105.  The Court has carefully considered the Motion, Plaintiff, Dr. David S. Muransky

("Muransky" or "Plaintiff")'s Response [DE 24], Defendant's Reply [DE 25], and is otherwise

fully advised in the premises.

## I. BACKGROUND

On April 6, 2015, the Plaintiff filed his Complaint in this action, which was replaced on

June 9, 2015 by Plaintiff's First Amended Class Action Complaint, which is the operative

complaint. *See* [DE's 1, 16].  In his Amended Complaint, Plaintiff alleges a single count against

Defendant for violations of 15. U.S.C. § 1681(c)(g).  *See* [DE 16].  According to the allegations

of the Amended Complaint:

Plaintiff is a natural person residing in Broward County, Florida. [DE 16 at ¶ 4].

Defendant is a New Jersey corporation. ¶ 5. Defendant is both a global manufacturer and

worldwide retailer of premium chocolates and other confectionaries with locations in more than

80 countries. ¶ 6. Defendant's 2013 annual revenue was greater than $765 million dollars. ¶ 6.
Defendant operates more than 500 retail stores worldwide, more than 200 of which are located in
the United States. ¶ 28.

On March 31, 2015, Plaintiff incurred a charge for $19.26 dollars for goods purchased at
Defendant's retail store located at the Aventura Mall in Aventura, Florida. ¶ 26. Plaintiff paid
for said goods using his personal VISA® credit card. ¶ 27. Upon making the payment, he was
provided with an electronically printed receipt bearing the GODIVA® logo, which displayed the
last four digits of his credit card as well *as the first six digits of his account number*. ¶ 27
(emphasis added).

The violations have taken place at dozens of Godiva retail stores across the United States,
including but not limited to the Galleria Mall (Fort Lauderdale, Florida) and the Gardens Mall
(Palm Beach Gardens, Florida). ¶ 29. The violations at issue arose when Defendant installed
dozens (if not hundreds) of TOSHIBA® SurePOS retail systems in its many retail stores across
the United States. ¶ 30. Prior to the rollout of the TOSHIBA® point-of-sale system, Defendant
had a written policy in place requiring the truncation of credit card account numbers. ¶ 31. Prior
to the installation of the aforementioned retail system, Defendant was actually truncating credit
card account numbers. ¶ 31. A manual was provided to Godiva for the operation of the
TOSHIBA® point-of-sale system which explained that the retailer is able to determine which
fields will appear on a printed receipt and further explained that the retailer is able to truncate
credit card numbers and mask expiration dates. ¶ 32. It would take an individual less than thirty
seconds to run a test receipt in order to determine whether the TOSHIBA® point-of-sale system
was in compliance with federal law(s) or Defendant's own alleged written policy requiring the
truncation of credit card numbers. ¶ 33.

Plaintiff alleges that Defendant employs the use of devices that electronically print receipts for point of sale transactions at the various locations of Defendant. ¶ 58.  He alleges that, on or before the date on which this complaint was filed, Plaintiff and members of the class were provided receipt(s) by Defendant that failed to comply with the Receipt Provision of the Fair and Accurate Credit Transactions Act ("FACTA"), codified at 15 U.S.C. § 1681c(g)[1]. ¶ 59.

Plaintiff alleges that, at all times relevant to this action, Defendant was aware, or should have been aware, of both the Receipt Provision as well as the need to comply with said provision. ¶ 60.  Moreover, he alleges that, notwithstanding the three year period to prepare for FACTA and its accompanying provisions, including but not limited to the Receipt Provision; knowledge of the Receipt Provision and FACTA as a whole; Defendant knowingly, willfully, intentionally, and/or recklessly violated and continues to violate the FCRA and the Receipt Provision. ¶ 61.  Plaintiff alleges that, as a result of Defendant's willful violations of the FCRA, Plaintiff and members of the class continue to be exposed to an elevated risk of identity theft. ¶ 62.  Pursuant to 15 U.S.C. § 1681n, seeks, on behalf of Plaintiff and members of the purported class, statutory damages, punitive damages, attorney's fees and costs. ¶ 62.

## II.  STANDARD OF REVIEW

*A.      Rule 12(b)(6)*

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content

---

[1] "Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681c(g).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

## III. DISCUSSION

Based upon the allegations in the Amended Complaint, Plaintiff alleges a single count against Defendant for violating 15. U.S.C. § 1681c(g). *See* [DE 16]. This statute provides:

(g) Truncation of credit card and debit card numbers

> (1) In general
> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.
>
> (2) Limitation

This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.

(3) Effective date

This subsection shall become effective--
(A) 3 years after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005; and

(B) 1 year after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005.

15. U.S.C. § 1681c(g).

The statutory scheme provides for civil liability for negligent noncompliance, in which case a defendant may be liable only for actual damages plus costs and reasonable attorney's fees, or for willful noncompliance, in which case a defendant may also be liable for punitive damages, and the "actual damages" are statutorily established as "not less than $100 and not more than $1,000. *See* 15 U.S.C. § 1681o(a).  In this case, the Amended Complaint pleads only willful noncompliance.  *See* [DE 16].

In the instant motion to dismiss, Defendant argues that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff has failed to sufficiently allege facts that support that Defendant's noncompliance with FACTA's receipt provision was willful.  First, Defendant claims that the alleged violation cannot be willful as a matter of law because the allegations of the Amended Complaint show that Defendant attempted to comply with FACTA's receipt provision.  Second, Defendant contends that the Amended Complaint pleads no facts that support an inference of

knowledge.  Third, Defendant argues that the Amended Complaint pleads no facts that support an inference of recklessness.

As such, the instant motion turns on whether Plaintiff has sufficiently alleged willful noncompliance by Defendant with FACTA.  "Where willfulness is a condition of civil liability, it encompasses violations of the law that are knowing or reckless."  *Steinberg v. Stitch & Craft, Inc.,* Case No. 09-60660-CIV, 2009 WL 2589142, at *2 (S.D. Fla. Aug., 18, 2009); *see also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007) ("[W]here willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well . . ..."); *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009) ("To prove a willful violation [under FACTA], a consumer must prove that [the defendant] either knowingly or recklessly violated the requirements of the Act.").

Courts within this Circuit, including this Court, when faced with allegations similar to Plaintiff's here, found such allegations to be sufficient to state a claim.  In *Steinberg,* 2009 WL 2589142, at *1, the plaintiff asserted a class action complaint based upon a single transaction, much like Plaintiff here.  The district court Plaintiff's allegations found to be "sufficient to infer that Defendant acted knowingly or recklessly when it violated the statute."  2009 WL 2589142, at *2-3.  As in *Steinberg,* Plaintiff's allegations of willfulness are based on purported disclosures provided by major credit card companies to merchants, including Defendant, following the enactment of FACTA.  *Compare* [DE 16, ¶¶ 14, 15, 18, 21, 22], *with* 2009 WL 2589142, at *2-3. *See also Reyes v. U.S. Airways, Inc.* Case no. 10-62165-civ-WPD (March 22, 2011) (denying motion to dismiss complaint alleging willful violation of FACTA).  Furthermore, in this case, the Amended Complaint also alleges that Defendant was contractually prohibited from printing more than the last five numbers of the credit/debit card numbers, and that "Defendant had a written

6

policy in place requiring the truncation of credit card account numbers." *See* [DE 16 at ¶¶ 20,

31].  Consistent with the reasoning of *Steinberg*  and *Reyes*, the Court similarly concludes that

the allegations in the Amended Complaint are sufficient to infer a plausible claim against

Defendant for willful violation of FACTA to survive a motion to dismiss.

### IV.  CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.      Defendant's Motion to Dismiss First Amended Complaint [DE 21] is hereby

        **DENIED**;

2.      Defendant shall file an answer to the Amended Complaint within fourteen (14)

        days of the date of this Order.

        **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this 2nd day of September, 2015.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record