# APPENDIX 1

## Settlement Agreement

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:15-cv-60716-WPD

| | | |
|---|---|---|
| DR. DAVID S. MURANSKY, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | **CLASS ACTION** |
| | ) | |
| v. | ) | |
| | ) | |
| GODIVA CHOCOLATIER, INC., a New Jersey corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("this Agreement") is entered into between and among the following parties (the "Parties"), by and through their respective counsel: Dr. David Muransky ("Class Representative"), on behalf of himself and the Settlement Class (as hereinafter defined) and Godiva Chocolatier, Inc. ("Godiva"). This Agreement fully and finally compromises and settles any and all Fair and Accurate Credit Transaction Act ("FACTA") claims that were or could have been asserted in the lawsuit styled as *Muransky v. Godiva Chocolatier, Inc.*, Case No. 15-cv-60716-WPD (S.D. Fla) ("Litigation").

WHEREAS, in April 2015, Plaintiff Dr. David S. Muransky, individually and on behalf of a putative class, filed a complaint in the United States District Court for the Southern District of Florida, alleging willful violations of FACTA against Godiva;

WHEREAS, Muransky alleged that receipts issued by Godiva for point-of-sale credit and debit card transactions displayed more than the last 5 digits of the card number in violation of FACTA;

WHEREAS, Muransky alleged that he and other similarly situated individuals are entitled to statutory and punitive damages, attorneys' fees and costs as a result;

WHEREAS, Godiva unsuccessfully moved to dismiss Muransky's complaint;

WHEREAS, Godiva answered Muransky's complaint and denied his claims;

WHEREAS, the Parties sought negotiated resolution to the Litigation and conducted a mediation session before Rodney Max of Upchurch Watson White & Max on November 3, 2015;

WHEREAS, for settlement purposes only, Muransky seeks that this Court certify the Settlement Class and appoint him as Class Representative and his attorneys Scott D. Owens, Michael S. Hilicki, Bret L. Lusskin and Patrick Crotty as Class Counsel in this case;

WHEREAS, based on discovery and the experience of Class Counsel, the Class Representative and Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class and in the best interest of the Settlement Class;

WHEREAS, the Class Representative, on behalf of himself and as the representative of the Settlement Class, and Godiva, desire to resolve the disputes between them;

WHEREAS, the Class Representative, on behalf of himself and as the representative of the Settlement Class, and Godiva, will execute this Agreement solely to compromise and settle protracted, complicated and expensive litigation; and

WHEREAS, Godiva has denied and continues to deny any and all liability or wrongdoing to the Class Representative and to the Settlement Class including, without limitation, on the grounds that Godiva never willfully generated any receipt with more than the permitted number of credit card number digits, and that any such alleged receipts were generated solely as the result of an inadvertent error in a software update performed by a third party vendor, where this mistake was made without Godiva's knowledge or intent and which vendor has agreed to indemnify Godiva for a substantial portion of its monetary liability in this action, but where Godiva has nonetheless concluded that further conduct of the Litigation would be protracted and expensive, and has taken into account the uncertainty and risks inherent in this Litigation, and has determined that it is desirable that the Litigation be fully, completely, and finally settled in the manner and upon the terms set forth herein.

NOW, THEREFORE, the undersigned counsel on behalf of the Parties agree that the Litigation shall be settled, compromised, and/or dismissed on the merits and with prejudice on the terms and conditions set forth in this Agreement, and without costs (except as provided herein),

subject to Court approval of this Agreement after a hearing and on finding that it is a fair, reasonable, and adequate settlement.

## I.    SETTLEMENT CLASS DEFINITION

For purposes of settlement only, the Parties agree to certification of the following as the Settlement Class:

> (i) All persons in the United States (ii) who, when making payment for goods or services at a Godiva retail store located in the United States, (iii) made such payment using a credit or debit card (iv) and were provided with a point-of-sale receipt (v) which displayed more than the last 5 digits of said credit or debit card number (vi) between April 6, 2013, and November 20, 2015.

> Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eleventh Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

Persons meeting this definition are referenced herein collectively as the "Settlement Class," and individually as "Settlement Class Members." Godiva believes that the Settlement Class may include as many as 342,000 persons who may meet this class definition. Excluded from the Settlement Class is any individual who properly opts out of the Settlement pursuant to the procedure described herein.

## II.    OTHER DEFINITIONS

As used in this Agreement, the following terms have the meanings set forth below. Terms used in the singular shall include the plural and vice versa.

A.    "Agreement" means this Agreement and all attachments and exhibits, which the

Parties understand and agree set forth all terms and conditions of the Settlement

between them and which is subject to Court approval. It is understood and agreed

that Godiva's obligations for payment under this Agreement are conditioned on, among other things, Final Approval.

B.  "Claims Administrator" and "Claims Office" shall mean a claims administrator to be agreed upon by the Parties which shall be responsible for administrative tasks, including, without limitation: (a) arranging for distribution of the Class Notice and Settlement Claim Forms to Settlement Class Members; (b) making any mailings to Settlement Class Members required under the terms of this Agreement; (c) answering written inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee; (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the Settlement; (e) establishing the Settlement website that posts notices, Settlement Claim Forms, and other related documents; (f) receiving and processing claims from and distributing payments to Settlement Class Members; and (g) otherwise assisting with implementation and administration of the terms of this Agreement.

C.  "Claims Deadline" shall have the same meaning as set forth in the Preliminary Approval Order issued by the Court, in substantially the form set forth in Exhibit 1, the date of which shall be 60 days after the deadline for notice to be sent to Class Members.

D.  "Class Counsel" means

4

> Scott David Owens
> Patrick Christopher Crotty
> Scott D. Owens, P.A.
> 3800 S. Ocean Drive
> Suite 235
> Hollywood, FL 33019
>
> Michael S. Hilicki
> Keogh Law LTD
> 55 W. Monroe Street
> Suite 3390
> Chicago, Illinois 60603
>
> Bret L. Lusskin, Jr., Esq.
> BRET LUSSKIN, P.A.
> 20803 Biscayne Blvd., Ste 302
> Aventura, Florida 33180

E.    "Class Notice" means the "Summary Notice" and "Full Notice" to be approved by

the Court substantially in the form attached hereto as Exhibits 2 and 3.

F.    "Counsel for Godiva" means

> Brian Melendez
> DYKEMA GOSSETT PLLC
> 4000 Wells Fargo Center
> 90 South Seventh Street
> Minneapolis, MN 55402-3903
>
> Charles P. Flick
> Shawn Y. Libman
> SEIPP, FLICK & HOSLEY, LLP
> Two Alhambra Plaza, Suite 800
> Coral Gables, FL 33134

G.    "Effective Date" means the date on which the Order of Final Approval becomes

Final.

H.    "Fairness Hearing" means a hearing set by the Court to take place no sooner than

149 days after entry of the Preliminary Approval Order for the purpose of:

(i) determining the fairness, adequacy and reasonableness of this Agreement and

5

associated settlement pursuant to class action procedures and requirements; and (ii) entering the Order of Final Approval.

I.   "Final" or "Finally Approved" or "Final Approval" of this Agreement means that the time has run for any appeals from a final approval order of the Court, or any such appeals have been resolved in favor of this Agreement.

J.   "Godiva Releasees" means Godiva, each of its affiliates, parents, subsidiaries, predecessors, successors, co-venturers, divisions, joint ventures and assigns, as well as each of those entities' past or present owners, investors, directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, indemnitors, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, consultants, vendors, contractors, volunteers, performers, co-marketers, licensors, concessionaires, franchisors, and assigns.

K.   "Opt-Out Deadline" shall have the same meaning as set forth in the Preliminary Approval Order issued by the Court, in substantially the form set forth in Exhibit 1, the date of which shall be 60 days after the deadline for notice to be sent to Class Members.

L.   "Order of Final Approval" means an order to be entered and filed by the Court granting final approval to the Settlement and ruling on Class Counsel's application for reasonable attorneys' fees and expenses, and an incentive award for the Class Representative, substantially in the form attached hereto as Exhibit 4.

M.   "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

6

N.    "Preliminary Approval Order" means an order to be entered and filed by the Court certifying the Settlement Class and granting preliminary approval to the Settlement substantially in the form attached hereto as Exhibit 1.

O.    "Released Claims" means any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory claims (including but not limited to claims arising under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, as amended by the Fair and Accurate Credit Transactions Act, Pub. L. 108–159, and 15 U.S.C. §1681c(g)), constitutional claims and common law claims, whether known or unknown, that the Settlement Class Members have or may have against the Godiva Releasees, or any of them, for any type of relief, including, without limitation, actual damages, statutory damages, punitive damages, interest, attorneys' fees, costs, expenses, restitution, or equitable relief, that arise or could arise, or were asserted or could have been asserted, based on the facts alleged in the complaint referenced above.

P.    "Settlement Amount" means the sum of $6.3 million dollars ($6,300,000.00).

Q.    "Settlement Claim Form" means a form, substantially in the form attached hereto as Exhibit 5 (for recipients of the notice by mailing as per paragraph IV(B)(1) below) or Exhibit 6 (for recipients of the notice by publication as per paragraph IV(B)(4) below), to be completed by Settlement Class Members and submitted to the Claims Administrator. Each Settlement Claim Form shall require the Settlement Class Member to provide: (a) his or her name; (b) physical address; (c) phone number, which shall be optional; and (d) e-mail address to the extent that he or she has one. The Settlement Claim Form for use by recipients of the notice by

7

publication (as per paragraph IV(B)(4) below) must also contain a verification sufficient to establish membership in the Settlement Class. The Settlement Claim Form shall require each Settlement Class Member to attest that the information he or she is providing is true and correct as of the date thereof to the best of his or her knowledge and belief.

R.    "Settlement Fund" means the fund used to pay all claims relating to the settlement of the Litigation and all Released Claims pursuant to this Agreement.

## III.   SETTLEMENT TERMS

### A.    Certification of Settlement Class and Conditional Nature of Agreement

For settlement purposes only, Godiva conditionally agrees and consents to certification of the Settlement Class. Godiva's conditional agreement is contingent upon execution of this Agreement by the Parties, entry of the Order of Final Approval by the Court, and that Order of Final Approval becoming Final. Except as provided below, if this Agreement, for any reason, is not Finally Approved or is otherwise terminated, it shall be null and void, it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms and entry of the Agreement shall remain subject to the Local Rules of the United States District Court for the Southern District of Florida and the provisions of Federal Rule of Evidence 408 and any similar state law.

Godiva denies all of the claims as to liability, damages, losses, penalties, interest, fees, restitution and all other forms of relief as well as the class action allegations asserted in the Litigation. Godiva has agreed to resolve this Litigation through this Agreement, but to the extent this Agreement is deemed void or Final Approval does not occur, Godiva does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation

8

upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges. The Class Representative and Class Counsel agree that Godiva retains and reserves all of these rights and agree not to take a position to the contrary.

**B.     Settlement Amount**

In full and final settlement of the Settlement Class's claims, Godiva shall pay the Settlement Amount of $6.3 million dollars ($6,300,000.00). The Settlement Amount shall include, but is not necessarily limited to, the full and complete cost of Settlement Class benefits and compensation, all settlement notices and claims administration and all related administrative costs, the Class Representative's award (if any is authorized by the Court) and Class Counsel's attorneys' fees and expenses (as authorized by the Court).

**C.     All Released Claims Satisfied by Settlement Fund**

Each Settlement Class Member shall look solely to the Settlement Fund for settlement and satisfaction of all Released Claims as provided in this Agreement.

**D.     Settlement Fund**

Godiva will pay the $6.3 million dollar ($6,300,000.00) Settlement Amount to the Claims Administrator after Final Approval. Godiva states that a third-party vendor has agreed to indemnify Godiva for a substantial portion of its monetary liability in this action, and that Godiva's payment will include that vendor's indemnity payment. After entry of the Preliminary Approval Order, Godiva will advance funds before Final Approval necessary to send notice and administer the Settlement, in an amount not to exceed $100,000.

The remainder of the Settlement Amount, net of the cost of notice and claims administration, the attorneys' fee award and any class representative incentive awards, shall be

9

distributed pro rata to Settlement Class Members who submit Settlement Claim Forms that are received on or before the Claims Deadline and are accepted by the Claims Administrator in compliance with the procedures set forth in the Class Notice, Preliminary Approval Order and Order of Final Approval. Settlement Class Members to whom a Summary Notice is mailed and who submit a timely and accepted claim shall be entitled to a pro-rata share for each debit and credit card transaction at a Godiva retail store in the United States during the time period that, according to Godiva's records as determined by the Claims Administrator, was not properly truncating debit and credit card numbers on transaction receipts, provided that each such person shall receive at least one pro rata share, and provided further that no payment to any such person may exceed $1,000 per transaction. A putative Settlement Class Member to whom a Summary Notice is not mailed and who claims that between April 6, 2013, and November 20, 2015, a Godiva retail store or stores in the United States provided him or her with one or more printed point-of-sale credit- or debit-card transaction receipt(s) that included more than the last five digits of the card number for the card used in the transaction, and who submits along with his or her Settlement Claim Form a sworn statement itemizing the store(s) that provided each such receipt or the date(s) when each such receipt was provided, shall be entitled to a pro-rata distribution for each transaction involving the person that, according to Godiva's records as determined by the Claims Administrator, the store was not properly truncating debit and credit card numbers on transaction receipts, provided that no payment to any Settlement Class Member may exceed $1,000 with respect to each such receipt or transaction. The distribution shall be as follows:

        i.   Settlement Awards shall be paid by check. The Claims Administrator shall mail, by first-class mail, a check to each claiming Settlement Class Member eligible to receive payment within 45 days after the Effective

Date. The Claims Administrator will perform skip tracing and re-mailing, as reasonably necessary. Checks will be valid for 120 days from the date on the check. The amounts of any checks that are returned as undeliverable or that remain uncashed more than 120 days after the date on the check will be included as part of the Second Distribution (as defined below).

ii. <u>Second Distribution</u>. If, after the expiration date of the checks distributed pursuant to subparagraph i. above, there remains money in the Settlement Fund sufficient to pay at least $10 to each Settlement Class Member who cashed his or her initial settlement check prior to the expiration date of such check, such remaining monies will be distributed on a pro-rata basis to those Settlement Class Members (the "Second Distribution"). The Second Distribution shall be made within 90 days after the expiration date of the checks distributed pursuant to subparagraph i. above, and shall be paid in the same manner as the first distribution. Checks issued pursuant to the Second Distribution will be valid for 120 days from the date on the check.

iii. <u>Remaining Funds</u>. Money in the Settlement Fund that has not been distributed after the expiration of checks issued pursuant to the Second Distribution as set forth in subparagraph ii. above, including but not limited to money not distributed because there is not enough money in the Settlement Fund to justify a Second Distribution (the "Remaining Funds") or because each eligible Settlement Class Member has received

11

the maximum of $1,000 per eligible receipt, shall be paid as *cy pres* to a charity or charities. In that event, the Parties will jointly petition the Court for a *cy pres* distribution to a charity or charities, and each Party will recommend and advocate for a charity or charities as a *cy pres* recipient. The Class Representative proposes the National Consumer Law Center, Inc., a not-for-profit organization, and Godiva proposes Save the Children Federation, Inc., a Connecticut not-for-profit corporation. Based on the Parties' input, the Court may order the Remaining Funds to be distributed to a charity or charities, and may allocate the funds to more than one charity, including each of the charities recommended by the Parties. No money remaining in the Settlement Fund shall revert to or otherwise be paid to Godiva.

**E.    Reversion to Godiva if Final Approval Does Not Occur.**

In the event the Agreement is not Finally Approved, or is cancelled or terminated or otherwise becomes null and void for any reason, the remainder of the Settlement Fund, net of fees and costs paid or incurred for the Class Notice, shall revert back to Godiva.

**F.    Attorneys' Fees and Class Representative Incentive Awards**

To the extent that the Court orders an award of attorneys' fees and expenses to any Class Counsel, or an incentive award to the Class Representative, such awards will be paid from the Settlement Amount within fourteen (14) days after the Effective Date.

1.    Attorneys' Fees and Expenses

Class Counsel will petition the Court for an award of attorneys' fees plus expenses to be paid solely from the Settlement Amount. This award shall be Class Counsel's total recovery for

attorneys' fees, costs, and/or adequately supported expenses of any kind (including, but not limited to, mediation fees, travel, filing fees, court reporter, and videographer expenses, expert fees and costs, and document review and production costs). Class Counsel shall be responsible for allocating and shall allocate all attorneys' fees and expenses that are awarded by the Court among Class Counsel, and Godiva shall have no responsibility, role, or liability in connection with such allocation.

2.     Class Representative Incentive Award

Class Counsel may petition the Court for an incentive payment for the service to the Class and the time and effort that the Class Representative personally invested in this Litigation. Class Counsel shall be responsible for distributing to the Class Representative any incentive payment awarded by the Court, and Godiva shall have no responsibility, role, or liability in connection with such payment.

G.     **Motion for Preliminary Approval**

Concurrent with submission of this Agreement for the Court's consideration, Class Counsel shall submit to the Court a motion for preliminary approval of this Agreement. The motion shall seek entry of a Preliminary Approval Order substantially in the form attached as Exhibit 1.

IV.   CLAIMS ADMINISTRATION

A.     **Claims Administrator/Claims Office**

The Claims Administrator may appoint as many claims officers, experts, and/or advisors as are necessary to carry out the duties of the Claims Office expeditiously. The Claims Office procedures shall be subject to Court approval and under the continuing jurisdiction of the Court. The Claims Office shall be responsible for disseminating information to Settlement Class Members concerning settlement procedures. In addition, the Claims Office shall assist the Court

13

in processing and tabulating opt-out requests, shall receive all opt-out forms and documentation, shall receive, process, classify, and pay claims as provided in this Agreement and any applicable orders of the Court, and shall operate under the continuing supervision of the Court.

    **B.**    **Notice**

        1.    Mailing

A copy of the Summary Notice substantially in the form attached hereto as Exhibit 2, shall be mailed by first class mail to every Settlement Class Member for which there is address information, by the deadline established by the Preliminary Approval Order. Such mailing shall be completed by the Claims Administrator. If it has not already done so, promptly after signing this Agreement Godiva shall provide Class Counsel with all address information it has for Settlement Class Members, and it agrees to endeavor to facilitate the retrieval of Settlement Class Member information from any third party, including, but not limited to, Bank of America Merchant Services, American Express, Discover, and any other third party involved in processing Godiva debit or credit card transactions. For those Settlement Class Members for whom Godiva does not have address information, Godiva shall produce information, if any, it does have about them that Class Counsel reasonably requests for the purpose of obtaining contact information for Settlement Class Members, including, but not limited to, credit and debit card information. The Parties agree that this information may be shared with the Class Administrator, and any party Class Counsel decides to subpoena for the limited purpose of obtaining Settlement Class Member contact information. This information shall otherwise be kept confidential.

        2.    Website

By the deadline for mailing the class notice, the Claims Administrator shall establish and maintain a settlement website that (i) enables Settlement Class Members to submit a claim and

access and download the Settlement Claim Form, (ii) provides contact information for Class Counsel, (iii) and provides access to relevant documents. Such documents shall include this Agreement and Class Notice; the Preliminary Approval Order; the First Amended Complaint; and when filed, the Order of Final Approval. The Class Notice shall include the address (URL) of www.GodivaFACTASettlement.com for the settlement website. The claims administrator shall maintain the settlement website until at least 30 days following the Claims Deadline.

   3. Reminder

  If Class Counsel deems it necessary, the Claims Administrator shall send a reminder notice in substantially the form attached hereto as Exhibit 2 (except that the notice may be captioned with the phrase "Reminder Notice") by first class mail, to every Settlement Class Member for whom there is address information and who has not submitted a claim, between the deadline for initially sending notice of the Settlement to the Class and the Claims Deadline.

   4. Publication

  Provided that at least 70% of the Settlement Class Members can be sent notice by mail or electronic mail, no additional notice is necessary or required as approved by the Court. If the notice by mail or electronic mail cannot be sent to at least 70% of the Settlement Class Members, then the Claims Administrator shall use publication notice in a single third party location/publication, or multiple locations/publications if reasonably necessary, to be agreed upon by the Parties' counsel (or set by the Court if the Parties' counsel cannot agree) to the extent reasonably calculated to reach at least 70% of the Settlement Class Members, inclusive of those Settlement Class Members reached through the mailed Notice.

### 5.    Opt-Out

The Class Notice shall provide a procedure whereby Settlement Class Members may exclude themselves from the Settlement Class by mailing a request for exclusion. Any Settlement Class Member who does not validly request exclusion before the Opt-Out Deadline shall be a Settlement Class Member and shall be bound by the terms of this Agreement.

### 6.    Objections

The Class Notice shall also provide a procedure for Settlement Class Members to object to the settlement set forth herein and any of its terms. Objections must be received by the deadline set by the Court.

### 7.    CAFA Notice

Godiva will serve any notices required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, by no later than ten (10) days after the motion for preliminary approval with the proposed Settlement Agreement is filed with the Court.

### C.    **Claims Process**

In order to make a claim, a Settlement Class Member must submit a completed Settlement Claim Form in compliance with the procedures set forth in the Class Notice, Preliminary Approval Order and Order of Final Approval. All claims must be submitted by the Claims Deadline as set forth in the Class Notice. Any Claim Form submitted after the Claims Deadline shall be deemed untimely and an invalid claim. Godiva shall promptly provide the Claims Administrator with a list of Godiva retail stores (including their identification numbers) in the United States that printed debit and credit card transaction receipts without properly truncated debit and credit card numbers, and the date range within which each store was printing such receipts. Godiva will also promptly

produce all retail store transaction information, with regard to retail stores located in the United States, that the Claims Administrator requests for the purpose of evaluating claims.

### D.    Retention of Records

The Claims Administrator shall retain all records relating to payment of claims under this Agreement for a period of five (5) years from the Effective Date of the Agreement. The confidentiality of those records shall be maintained in accordance with the Preliminary Approval Order.

### V.    EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS/JURISDICTION

### A.    Exclusive Remedy

This Agreement shall be the exclusive remedy for any and all Released Claims, any claim arising out of the subject matter of this Agreement, and any complaint by the Settlement Class or any Settlement Class Member against the Godiva Releasees related to the Released Claims. No Godiva Releasee shall be subject to liability or expense of any kind to the Settlement Class or any Settlement Class Member related to the Released Claims except as provided in this Agreement. This Agreement shall be binding upon, and inure to the benefit of the Parties' successors and assigns.

### B.    Dismissal of Claims

The Parties agree that upon the Effective Date of this Agreement, the Litigation shall be dismissed with prejudice in accordance with the Order of Final Approval and Judgment, substantially in the form attached as Exhibit 4.

### C.    Jurisdiction

The Court shall retain exclusive and continuing jurisdiction over this Litigation, the Parties, and this Agreement with respect to the performance of its terms and conditions (and disputes

arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

## VI.   RELEASES

Upon the Effective Date of this Agreement, the Godiva Releasees shall be released and forever discharged by the Class Representative, the Settlement Class, and each Settlement Class Member from all Released Claims. The Settlement Class and each Settlement Class Member covenant and agree that they shall not hereafter seek to establish liability against any Godiva Releasee based, in whole or in part, on any of the Released Claims. The Class Representatives, the Settlement Class, and each Settlement Class Member expressly waive and relinquish any and all rights which they may have under Section 1542 of the California Civil Code or any similar statute of the United States. Section 1542 reads as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representative, the Settlement Class, and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative, the Settlement Class, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order of Final Approval and Judgment shall have, nevertheless, fully, finally, and forever waived, settled and released any and all Released Claims, regardless of such subsequent discovery of additional or different facts.

## VII.   MISCELLANEOUS PROVISIONS

### A.   Cooperation to Facilitate this Settlement.

The Parties agree that they shall work together in good faith to facilitate this settlement, as well as undertake any required steps to effectuate the purposes and intent of this Agreement.

### B.   Representation by Counsel

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

### C.   No Admission of Liability

Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall be construed as an admission by any person or entity, of any liability or wrongdoing of any Party, or of the truth of any allegations made by the Class Representative, on behalf of himself or the Settlement Class, against Godiva. Godiva expressly denies and disclaims any liability or wrongdoing. The existence, contents and terms of Agreement, and any negotiations, statements, or proceedings in connection therewith, shall not be admissible in evidence for any such purpose in any proceeding, except solely for purposes of enforcement of its terms; however, this Agreement may be used by either Party and pleaded as a full and complete defense to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted with respect to any of the Released Claims, and may be filed, offered, and received into evidence, and otherwise used for such defense.

19

**D.      Contractual Agreement**

The Parties understand and agree that all terms of this Agreement are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

**E.      Change of Time Periods**

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Godiva's counsel, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to Court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

**F.      Integration**

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement supersedes all prior representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings, or undertakings with respect to the subject matter of this Agreement.

**G.      Drafting**

The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*. This Agreement is a collaborative effort of the Parties and their respective attorneys.

### H.      Costs

Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

### I.      Modification or Amendment

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

### J.      No Waiver

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

### K.      Severability

Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder; provided, however, that the terms of this Paragraph shall not apply should any court or tribunal find any part, term, or provision of the release, as set forth in Section VI, to be illegal or invalid in any manner.

**L.**     **No Consent**

To the Parties' knowledge and belief, except as expressly provided herein, no consent, authorization, action, or approval of, notice to or filing with, waiver or exemption by, any person or entity which has not been obtained, including, without limitation, any governmental, public or self-regulatory body or authority, is required in connection with the execution, delivery and performance of this Agreement or consummation of the transactions contemplated hereby by the Parties hereto.

**M.**     **No Violation of Law or Agreement**

The execution, delivery and performance of this Agreement by the Parties hereto does not and will not, conflict with, violate, result in a breach of, or cause a default under, (a) any applicable provision of any federal, state or local law or regulation, (b) any provision of any order, arbitration award, judgment or decree, or (c) any provision of any agreement or instrument applicable to the Parties.

**N.**     **Successors**

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties thereto.

**O.**     **Choice of Law**

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the state in which the Settlement is granted final approval, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs. The adequacy of the settlement, and any determination regarding class counsel's fees and expenses, and any incentive payment, shall be governed by federal law.

**P.**     **Fair and Reasonable**

The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims, in the best interest of the Parties, and have arrived at this Agreement as a result of extensive arms-length negotiations.

**Q.**     **Headings**

Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

**R.**     **Exhibits**

The Exhibits to this Agreement are expressly incorporated and made part of the terms and conditions set forth herein.

**S.**     **Counterparts**

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

**T.**     **Facsimile and Electronic Mail**

Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

**U.**     **Warranty of Signature**

Each signer of this Agreement represents and warrants that he or she is authorized to execute this Agreement in his or her official capacity on behalf of the Party to this Agreement for which he or she is signing and that this Agreement is binding on the principal represented by that signatory.

23

V.     **No Assignment**

Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party and that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party. Any Party that breaches the representations and warranties set forth in this Paragraph shall indemnify and hold harmless each other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this Paragraph.

W.     **Settlement to Proceed Regardless of Outcome of *Robins v. Spokeo*.**

This Settlement was reached during and based in part on the pendency of *Robins v. Spokeo* in the United States Supreme Court. Should a federal Court presiding over this Litigation determine that it lacks subject matter jurisdiction based on the outcome of the *Spokeo* appeal, the Parties agree to proceed with this Settlement, without material change other than any necessary solely to accommodate a change to a state court jurisdiction and setting, in Chicago, Illinois. If this case is re-filed in state court pursuant to this section, then:

1. Plaintiffs are entitled to file the same or materially the same motion for preliminary approval contemplated by this Agreement, along with this Agreement;

2. The Parties agree to propose materially the same proposed preliminary approval order, final approval order, notices and claim form proposed here; the only changes that shall be made, and only if deemed necessary, shall be to reflect the change of court, the

24

passage of time, any need for a new state court presiding over the matter to make its own findings regarding the propriety of certifying the settlement class, and any other change in circumstance the parties to this settlement mutually agree is needed to secure the final approval of this Agreement;

3. The Parties agree to certification for settlement purposes only of the Settlement Class as set forth above;

4. Godiva hereby waives any statute of limitations defense or venue objection it might have against Plaintiff or any class member created as a result of the need to refile the case in state court because the federal Court determined that it lacked subject matter jurisdiction based on the outcome of the *Spokeo* appeal, provided that the case is refiled in state court within the later of 30 days after any such determination by the federal Court, or 30 days after the termination of any appeal of that determination; and

5. The Parties shall work in good faith to facilitate the Settlement, promptly secure its final approval from the state court, and promptly carry out its terms.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated:   1/22/16                    By:   _Dr. David Muransky_

Dr. David Muransky
*Plaintiff and Class Representative*

25

Dated: 1-22-16          By: _____

Scott D. Owens
Michael S. Hilicki
Bret L. Lusskin
Patrick Christopher Crotty
*Counsel for Plaintiff Muransky and the Class*


Dated: January 22, 2016     By:     GODIVA CHOCOLATIER, INC.

_____

Name: Mohamed Elsarky
Title:  CEO


Dated: 2 2 JAN 2016       By: _____

Brian Melendez,
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3903

Charles P. Flick
Shawn Y. Libman
SEIPP, FLICK & HOSLEY, LLP
Two Alhambra Plaza, Suite 800
Coral Gables, FL 33134
*Counsel for Defendant Godiva Chocolatier, Inc.*

# Exhibit 1
## Proposed Preliminary Approval Order

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:15-cv-60716-WPD

| | | |
|---|---|---|
| DR. DAVID S. MURANSKY, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | **CLASS ACTION** |
| v. | ) ) | |
| GODIVA CHOCOLATIER, INC., a New Jersey corporation, | ) ) ) | |
| Defendant. | ) ) | |

**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS,
GRANTING PRELIMINARY APPROVAL OF SETTLEMENT,
AND DIRECTING NOTICE TO THE CLASS**

WHEREAS, this matter has come before the Court pursuant to a Motion for Entry of an Order Certifying the Settlement Class, Granting Preliminary Approval of Settlement and Approving the Form and Method of Notice to the Settlement Class (the "Motion"); and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties for purposes of settlement; and

WHEREAS, this Court has considered all of the submissions related to the Motion, and is otherwise fully familiar with the papers filed and the proceedings in this matter;

IT IS HEREBY ORDERED:

## I.      PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1.      The terms of the Settlement Agreement and Release, dated January 22, 2016, including all Exhibits thereto (the "Agreement"), attached to the Motion, are hereby preliminarily

approved, subject to further consideration thereof at the Fairness Hearing provided for below. This Order incorporates herein, and makes a part hereof, the Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein. The Agreement was entered into only after extensive arm's-length negotiations by experienced counsel and following a day-long meeting presided over by a professional mediator, Rodney Max. The Court finds that the settlement embodied in the Agreement (the "Class Settlement") is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

## II.     THE CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL.

2.     The Settlement Class is defined as follows:

(i) All persons in the United States (ii) who, when making payment for goods or services at a Godiva retail store located in the United States, (iii) made such payment using a credit or debit card (iv) and were provided with a point-of-sale receipt (v) which displayed more than the last 5 digits of said credit or debit card number (vi) between April 6, 2013, and November 20, 2015.

Notwithstanding the foregoing, in compliance with 28 U.S.C. §455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eleventh Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

Excluded from the Settlement Class is any individual who properly opts out of the Settlement Class pursuant to the procedure described herein.

3.     The Court preliminarily finds that the Settlement Class meets all the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3), and hereby certifies the Settlement Class for

2

settlement purposes only. The Court hereby finds, in the specific context of this Class Settlement, that:

a.   Numerosity.

The Settlement Class consists of hundreds of thousands of members located throughout the United States, and satisfies the numerosity requirement of FED. R. CIV. P. 23(a). Joinder of these widely-dispersed, numerous Settlement Class Members into one suit would be impracticable.

b.   Commonality.

Common questions of law and fact with regard to the alleged conduct of Godiva exist for each of the members of the Settlement Class. Plaintiff claims that receipts issued by Godiva for point-of-sale credit and debit card transactions displayed more than the last five digits of the card number in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, as amended by the Fair and Accurate Credit Transactions Act ("FACTA"), Pub. L. 108–159, specifically 15 U.S.C. §1681c(g). These allegations present the common questions of whether Godiva's purported actions violated FACTA as alleged, and whether the alleged violations were willful. These issues are central to this case and are sufficient to establish commonality.

c.   Typicality.

Plaintiff alleged that he visited a Godiva store in the United States and received a card transaction receipt that contained more than the last five digits of his credit card number. As a result, Plaintiff alleges he is entitled to statutory and punitive damages, attorneys' fees and costs. These claims are typical of the members of the Settlement Class and, therefore, the element of typicality is satisfied.

d.   Adequate Representation.

Plaintiff's interests do not conflict with those of absent Class Members. Additionally, this Court recognizes the experience of Class Counsel Scott David Owens, Michael Scott Hilicki, Bret Leon Lusskin, Jr., and Patrick Christopher Crotty, and finds under FED. R. CIV. P. 23(g) that the requirement for adequate representation of the Settlement Class has been fully met.

e.   Predominance of Common Issues.

Plaintiff has raised common issues of whether Godiva printed receipts that were not compliant with FACTA's truncation requirements for all of the Settlement Class Members and, if so, whether Godiva did so willfully. In the context of this Class Settlement, these issues predominate over any individual questions, favoring class treatment.

f.   Superiority of the Class Action Mechanism.

The class action mechanism is ideally suited for treatment of the settlement of this matter. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

2.     The Court determines that Dr. Muransky is adequate to represent the Settlement Class.

3.     Pursuant to Fed. R. Civ. P. 23(g), the Court determines that Dr. Muransky's counsel, Scott D. Owens, Michael S. Hilicki, Bret L. Lusskin, and Patrick Crotty, are adequate to represent the Class and appoints them Class Counsel.

## III.   NOTICE TO CLASS MEMBERS

4.     The Court has considered the Class Notice, attached as Exhibits 2 and 3 to the Agreement, including the proposed forms of notice, Summary Notice, Full Notice, and Settlement

4

Claim Form, and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the notice program in all respects (including the proposed forms of notice, Summary Notice, Full Notice, and Settlement Claim Form) and orders that notice be given in substantial conformity therewith. The notice program shall commence no later than 60 days after entry of this Order, on or about _____, 2016 (the "Notice Deadline"). The costs of preparing, printing, publishing, mailing and otherwise disseminating the notice shall be paid solely from the Settlement Fund in accordance with the Agreement.

5.       The Court appoints Kurtzman, Carson Consultants (KCC) as Claims Administrator. Responsibilities of the Claims Administrator shall include the following: (a) disseminating information, including the Class Notice, to Settlement Class Members concerning settlement procedures in the manner provided in the notice program; (b) receiving opt-out forms and documentation and processing and tabulating opt-out requests; and (c) receiving, processing, classifying, and paying claims as provided in the Agreement and pursuant to any applicable orders of this Court.

## IV.     REQUEST FOR EXCLUSION FROM THE CLASS

6.       A member of the Settlement Class who wishes to be excluded from the Settlement Class must mail a written notice of exclusion to the Claims Administrator, so that it is postmarked no later than 60 days after the Notice Deadline, or _____, 2016 (the "Opt-Out Deadline"), and shall clearly state the following: (a) his or her name; (b) physical address; (c) phone number (optional); and (d) e-mail address to the extent they have one, and provide all such

5

information as may be required by the Agreement or requested by the Claims Administrator. In addition, the Settlement Class Member requesting exclusion shall include a signed certification containing the following language:

> I, the individual signing below, want to be excluded from the settlement in Muransky v. Godiva and understand that I will consequently not be entitled to receive any proceeds of the class Settlement Fund.

7.      Any Settlement Class Member who submits a valid request for exclusion as set forth above shall not be bound by the Agreement, or the Order of Final Approval. Upon receipt, the Claims Administrator shall promptly provide copies of each notice of exclusion to Class Counsel and Counsel for Godiva.

8.      Any Settlement Class Member who does not properly and timely mail a notice of exclusion as set forth above shall be automatically included in the Settlement Class, and shall be bound by all of the terms and provisions of the Agreement, and the Order of Final Approval, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement and whether or not such Settlement Class Member makes a claim upon or participates in the Class Settlement.

## V.      PROOFS OF CLAIM

9.      To effectuate the Agreement and Class Settlement, and the provisions of the notice program, the Claims Administrator shall be responsible for the receipt of all notices of exclusion and Settlement Claim Forms. The Claims Administrator shall preserve (on paper or transferred into electronic format) all notices of exclusion, Settlement Claim Forms, and any and all other written communications from Settlement Class Members in response to the Class Notice for a period of five (5) years, or pursuant to further order of the Court. All written communications

6

received by the Claims Administrator from Settlement Class Members relating to the Agreement shall be available at reasonable times for inspection and copying by Class Counsel and Counsel for Godiva, including prior to payments being mailed to each Class Member.

10.     In order to be entitled to participate in the Class Settlement, if effected in accordance with all of the terms and conditions set forth in the Agreement, each Settlement Class Member shall take the following actions and be subject to the following requirements:

A.     A Settlement Class Member who wishes to receive a distribution from a Class Settlement must submit a properly executed Settlement Claim Form to the Claims Administrator on or before the Claims Deadline, which is 60 days after the Notice Deadline, or _____, 2016. If such Settlement Claim Form is submitted by mailing via the United States Postal Service to the address indicated in the Class Notice, it shall be deemed to have been submitted as of the date postmarked. If such Settlement Claim Form is transmitted in any manner other than the United States Postal Service, it shall be deemed to have been submitted on the date it is actually received by the Claims Administrator;

B.     Each completed Settlement Claim Form must contain the following information: (a) the Settlement Class Member's name; (b) physical address; (c) phone number (optional); (d) e-mail address to the extent they have one; and (e) an attestation that the information provided is true and correct to the best of his or her knowledge and belief. The Settlement Claim Form for use by recipients of notice by publication must also contain information sufficient to enable the Claims Administrator to confirm membership in the Settlement Class. If the Settlement Claim Form is executed by a person acting in a representative capacity, that person must attest that he or she is acting on behalf of a Settlement Class Member and that he or she has authority to act on behalf of the Settlement Class Member;

7

C.     Each Settlement Claim Form shall be submitted to and reviewed by the Claims Administrator, who shall make a recommendation to Class Counsel about which claims should be allowed;

D.     The Claims Administrator will notify each Settlement Class Member who filed a Settlement Claim Form of any recommendation of disallowance, in whole or in part, of the Settlement Claim Form submitted by such Settlement Class Member and will set forth the reasons for any such disallowance. Settlement Class Members shall be permitted a reasonable period of time to cure any deficiency with respect to their respective Settlement Claim Form that is identified. A copy of such notification shall also be sent by the Claims Administrator to Class Counsel;

E.     All Settlement Class Members who do not submit a timely Settlement Claim Form, or submit a Settlement Claim Form that is disallowed and not cured, shall be barred from participating in the Class Settlement (except to the extent that a Settlement Claim Form may be partially allowed) but otherwise shall be bound by all of the terms and provisions of the Agreement; and

F.     Each Settlement Class Member who submits a Settlement Claim Form shall thereby expressly submit to the jurisdiction of the Court with respect to the claims submitted and shall (subject to final approval of the Agreement and Class Settlement) be bound by all the terms and provisions of the Agreement.

## VI.    CONFIDENTIALITY

11.    If Plaintiff or Godiva subpoena any non-party for information about the Settlement Class Members, such as contact information, that information shall be treated as confidential and not be disclosed to any person or entity other than Class Counsel, Counsel for Godiva, the Claims

8

Administrator, and the Court. Likewise, any information received by the Claims Administrator that pertains to a particular Settlement Class Member, or information submitted in conjunction with a notice of exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Class Counsel, Counsel for Godiva, and the Court, and shall otherwise be treated as provided for in the Agreement.

## VII.   FAIRNESS HEARING

12.     A hearing on final settlement approval (the "Fairness Hearing") will be held on _____, 2016, at _____        [149 days from the date of this Order] before this Court, at the United States District Court for the Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Courtroom 205F, Fort Lauderdale, Florida 33301, to consider, inter alia, the following: (a) the fairness, reasonableness and adequacy of the Class Settlement; (b) the dismissal with prejudice of the Litigation; (c) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives (the "Fee Petition") should be granted; (d) whether to approve the proposed plan of allocation and distribution; and (e) whether to finally approve the Agreement, including the terms therein concerning release of claims by the Settlement Class and each of the Settlement Class Members.

13.     At least two weeks before the Fairness Hearing, Class Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Agreement and Class Settlement; and (ii) any Fee Petition.

14.     Any Settlement Class Member who has not filed a notice of exclusion in the manner set forth above and who has timely filed their objection may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court. However, no person

9

shall be heard in opposition to the Class Settlement, dismissal or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon counsel listed below within 60 days after Notice Deadline. Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition within 60 days after Notice Deadline, and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all counsel listed below within 60 days after Notice Deadline. Settlement Class Members who object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

15.     Counsel for the Parties who must be served with all documentation described above are as follows:

Counsel for the Settlement Class
Michael Hilicki
Keogh Law LTD
55 W. Monroe Street
Suite 3390
Chicago, IL 60603

Counsel for Godiva
Brian Melendez
Dykema Gossett PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3903

10

16.     Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall serve a Notice of Appearance on the Counsel listed above, and file it with the Court, within 60 days after the Notice Deadline.

17.     The date and time of the Fairness Hearing shall be set forth in the Notice and Summary Notice, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the notice program.

18.     Pending Final Approval, no Settlement Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any Godiva Releasee any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released upon Final Approval pursuant to the Agreement, and are hereby enjoined from so proceeding. Upon Final Approval, all Settlement Class Members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Agreement, and any such Settlement Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Agreement.

## VIII.   OTHER PROVISIONS

19.     Upon Final Approval, each and every term and provision of the Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

20.     In the event the Class Settlement is terminated in accordance with the provisions of the Agreement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the rights of Plaintiff and Godiva before they entered into the Agreement. Neither this Order nor the Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability or wrongdoing by any Party, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order, or by any Party in connection with any action asserting Released Claims.

21.     The following summarize the deadlines stated above for issuing notice and submitting claims and objections:

| | |
|---|---|
| _____, 2016 [60 days after the date of the Preliminary Approval Order] | Deadline for notice of the Settlement to be sent to the Settlement Class Members |
| _____, 2016 [60 days after the Notice Deadline] | Deadline for Settlement Class Members to request exclusion or file objections (Opt-Out and Objection Deadline) and file any statement of intention to appear at the fairness hearing. |
| _____, 2016 [60 days after the Notice Deadline] | Deadline for Settlement Class Members to submit a claim form (Claim Deadline) |
| _____, 2016 [30 days after the Opt-Out and Objection Deadline] | Deadline for Parties to file the following: (1) List of persons who made timely and proper requests for exclusion (under seal); (2) Proof of Class Notice; and (3) Motion and memorandum in support of final approval, including responses to any objections. |

| | |
|---|---|
| **_____, 2016 at ____ _.m.**<br>[149 days after the Preliminary Approval Order] | Final Approval Hearing |

Date: _____

                                        _____
                                        Hon. William P. Dimitrouleas
                                        United States District Judge

# Exhibit 2

## Mail Notice

**NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT**
THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

YOU MAY BE ENTITLED TO RECEIVE MONETARY COMPENSATION.

| | |
|---|---|
| **What is this?** | This is notice of a proposed settlement in a class action lawsuit. |
| **What is this lawsuit about?** | The settlement would resolve a lawsuit brought on behalf of a class of individuals for whom, between April 6, 2013, and November 20, 2015, a Godiva Chocolatier ("Godiva") retail store located in the United States printed a point-of-sale credit or debit card transaction receipt that included more than the last 5 digits of the card number for the card used in the transaction. Godiva denies any wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Godiva's defenses. |
| **Why am I getting this notice?** | You were identified as someone for whom Godiva may have printed such a receipt during such period at such a retail store according to Godiva's records. |

| What does the Settlement provide? | Godiva has agreed to pay a total of $6,300,000 into a Settlement Fund, which will pay for the cost of notice and administration of the settlement, Settlement Class members' claims, attorneys' fees and expenses incurred by counsel for Plaintiff and the Settlement Class ("Class Counsel") and service awards for Plaintiff, if approved by the Court. Class Counsel estimate that a Settlement Class member who submits a valid claim form ("Claim Form") may receive a payment of around $235 subject to pro rata distribution. Plaintiff will petition for a service award not to exceed $10,000 for his work in representing the Class, and for Class Counsel's fees not to exceed one-third of the fund, which is $2,100,000, plus reasonable expenses. All unclaimed funds shall be paid to a charity or charities as a cy pres award on behalf of the Class. Plaintiff proposes the National Consumer Law Center, Inc., and Godiva proposes Save the Children Federation, Inc. Based on the Parties' input, the Court may order the Remaining Funds to be distributed to a charity or charities, and may allocate the funds to more than one charity, including each of the charities recommended by the Parties. |

| | |
|---|---|
| **How can I receive a payment from the Settlement?** | To receive payment, you must complete and submit a valid Claim Form by [60 days after Notice Mailing Deadline]. You can obtain and submit a Claim Form online at www.GodivaFACTASettlement.com. You can also obtain a mail-in Claim Form by calling [INSERT HOTLINE]. Mail-in Claim Forms must be sent to the Settlement Administrator at the address below and must be post-marked no later than [60 days after Notice Mailing Deadline]. |
| **Do I have to be included in the Settlement?** | If you don't want monetary compensation from this settlement and you want to keep the right to sue or continue to sue Godiva on your own, then you must exclude yourself from the settlement by sending a letter requesting exclusion to the Settlement Administrator postmarked or received no later than [60 days after Notice Mailing Deadline] at the address below that contains the specific information set forth in the Settlement Website. |
| **If I don't like something about the Settlement, how do I tell the Court?** | If you don't exclude yourself from the settlement, you can object to any part of the settlement. You must file your written objection with the Court by [60 days after Notice Mailing Deadline], and mailed and postmarked or received no later than [60 days after Notice Mailing Deadline] to both Class Counsel and Godiva's Counsel and containing the specific information set forth in the Settlement Website. |

| **What if I do nothing?** | If you do nothing, you will not be eligible for a payment. But you will still be a Settlement Class member and bound by the settlement, and you will release Godiva from all liability associated with the actions giving rise to this case. |
|---|---|
| **How do I get more information about the Settlement?** | This notice contains limited information about the settlement. For more information, to view additional settlement documents, and to review information regarding your opt-out and objection rights and the final approval hearing, visit www.GodivaSettlement.com. You can also obtain additional information, a more detailed notice describing the settlement, or a Claim Form, by calling [INSERT ADMINISTRATOR NUMBER]. |

GODIVA FACTA SETTLEMENT
SETTLEMENT ADMINISTRATOR
[INSERT CLAIMS ADMIN ADDRESS]

[CLAIM ID IN DIGITS]
[CLAIM ID IN 2D BARCODE]
Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]
[NAME][ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

# Exhibit 3

## Long-form Notice

*Dr. David S. Muransky v. Godiva Chocolatier, Inc.*
**United States District Court for the Southern District of Florida,**
**Case No. 0:15-cv-60716-WPD**
**If you made a purchase at a Godiva store in the United States using a credit card or**
**debit card between April 6, 2013 and November 20, 2015, you may be entitled to benefits**
**under a class action settlement.**

*A federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

- Plaintiff alleges that willfully printing credit and debit card transaction receipts that include more than the last 5 digits of the card number violates the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681c(g)(1), et seq. ("FACTA"). Plaintiff sued Godiva for allegedly willfully violating FACTA in the lawsuit identified above. Godiva denies Plaintiff's allegations and denies any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiff's claims or Godiva's defenses. By entering into the settlement, Godiva has not conceded the truth or validity of any of the claims against it.

- A proposed settlement will provide a total of $6,300,000 (the "Settlement Fund") to fully settle and release claims of persons for whom Godiva printed, at one of its retail stores located in the United States, a point-of-sale credit card or debit card transaction receipt that included more than the last 5 digits of the card number at any time during the time period set forth above (the "Settlement Class").

- The Settlement Fund shall be used to pay all amounts related to the settlement, including awards to Settlement Class members who submit a valid and timely claim form to receive payment ("Claim Form"), attorneys' fees and expenses to attorneys representing Plaintiff and the Settlement Class ("Class Counsel"), any service award for Plaintiff and the costs of notice and administering the settlement. Class Counsel estimate that Settlement Class members who timely submit a valid Claim Form will receive around $235.

- Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or don't act. Read this Notice carefully.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | If you submit a valid Claim Form by [60 days after Notice Deadline], you will receive a payment and will give up your rights to sue Godiva and/or any other released parties on a released claim. Claim Forms may be submitted by mail to [ADMIN PO BOX] or through the settlement website by clicking [*here*]. |

| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment. This is the only option that allows you to pursue your own claims against Godiva and/or other released parties in the future. The deadline for excluding yourself is [60 days after Notice Deadline]. |
|---|---|
| OBJECT TO THE SETTLEMENT | Write to the Court about why you believe the settlement is unfair in any respect. The deadline for this is [60 days after Notice Deadline]. To obtain a benefit from this settlement, you must still submit a Claim Form. If you only submit an objection, you will not receive any benefit from the settlement and you will give up your right to sue Godiva and/or any other released parties on a released claim. |
| DO NOTHING | If you do nothing, you will not receive any monetary award and you will give up your rights to sue Godiva and/or any other released parties on a released claim. |
| GO TO THE FINAL APPROVAL HEARING | Ask to speak in Court about the fairness of the settlement if you object to the settlement. To speak at the Final Approval Hearing, you must file a document including your name, address, telephone number and your signature with the Court stating your intention to appear, by no later than [60 days after Notice Deadline]. |

## BASIC INFORMATION

### 1. What is the purpose of this Notice?

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the class action lawsuit entitled *Muransky v. Godiva Chocolatier, Inc.*, Case No. 15-cv-60716-WPD (S.D. Fla.). Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

### 2. What does it mean if I received an email or postcard about this settlement?

If you received an email or postcard describing this settlement, it is because Godiva's records indicate that you may be a member of the Settlement Class in this action. You are a member of the Settlement Class if a Godiva retail store located in the United States printed a point-of-sale credit card or debit card transaction receipt for you that included more than the last 5 digits of the card number, at any time between April 6, 2013, and November 20, 2015.

### 3. What is this class action lawsuit about?

In a class action, one or more people called a Class Representatives (here, Plaintiff) sue on behalf of people who allegedly have similar claims. This group is called a class and the persons included

are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiff claims that Godiva willfully violated FACTA by printing credit card and debit card transaction receipts at certain of its stores in the United States that included more than the last 5 digits of the credit or debit card number, between April 6, 2013, and November 20, 2015. Godiva denies these allegations and denies any wrongdoing. The Court has conditionally certified a class action for settlement purposes only.  The Honorable William P. Dimitrouleas is the judge in charge of the lawsuit.

## 4.  Why is there a settlement?

The Court did not decide in favor of Plaintiff or Godiva. Instead, both sides agreed to this settlement. That way, they avoid the risk and cost of a trial, and the Settlement Class members will receive compensation. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

## 5.  How do I know if I am a part of the settlement class?

The Court has certified this case as a class action for settlement purposes. The Settlement Class is defined as:

> (i) All persons in the United States (ii) who, when making payment at a Godiva retail store located in the United States, (iii) made such payment using a credit or debit card (iv) and for whom Godiva printed a point-of-sale receipt (v) which displayed more than the last 5 digits of the credit or debit card (vi) between April 6, 2013, and November 20, 2015.

> Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, this class specifically excludes (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eleventh Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

"Settlement Class Member" is defined as any person in the Settlement Class who is not validly excluded from the Settlement Class. If you are still not sure whether you are included, you can visit other sections of the Settlement Website, www.GodivaFACTASettlement.com, you may write to the claims administrator at Muransky v. Godiva, c/o [ADMINISTRATOR AT PO BOX], or you may call the Toll-Free Settlement Hotline, [INSERT NUMBER], for more information.

**THE LAWYERS REPRESENTING YOU**

| 6.  Do I have lawyers in this case? |
|---|

The Court has appointed lawyers from the law firms of Scott D. Owens, P.A., Keogh Law, Ltd., and Bret Lusskin, P.A. as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

| 7.  How will Class Counsel be paid? |
|---|

Class Counsel will ask the Court to approve payment of up to one third of the $6,300,000 Settlement Fund, which is $2,100,000, to them for attorneys' fees, plus reasonable expenses. Class Counsel also will ask the Court to approve payment of up to $10,000 to Plaintiff for his service as Class Representative. The Court may award less than these amounts.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| 8.  What does the settlement provide? |
|---|

**Settlement Fund**. Godiva will pay the total amount of $6,300,000 into a fund (the "Settlement Fund"), which will cover: (1) cash payments to Settlement Class Members who submit timely and valid Claim Forms; (2) an award of attorneys' fees to Class Counsel, in an amount not to exceed one-third, which is $2,100,000, plus reasonable expenses, as approved by the Court; (3) service award to Plaintiff, in an amount not to exceed $10,000, as approved by the Court; and (4) the costs of notice and administration of the Settlement.

**Cash Payments**.  All Settlement Class Members are eligible to submit a Claim Form and receive a cash payment. To submit a Claim Form, follow the procedures described under Question 11 below.

**No Portion of the Settlement Fund Will Return to Godiva.**  All money in the Settlement Fund beyond the funds the Court authorizes to be paid for the costs of notice and administration of the settlement, attorneys' fees and costs to Class Counsel and any service awards to Plaintiffs, will be divided and paid pro rata to the Settlement Class Members who submitted valid and timely Claim Forms. All unclaimed funds shall be paid to a charity or charities as a cy pres award on behalf of the Class. Plaintiff proposes the National Consumer Law Center, Inc., and Godiva proposes Save the Children Federation, Inc. Based on the Parties' input, the Court may order the unclaimed funds to be distributed to a charity or charities, and may allocate the funds to more than one charity. No portion of the Settlement Fund will return to Godiva.

| 9.  How much will my payment be? |
|---|

Your share of the Settlement Fund will depend on the number of valid Claim Forms that Settlement Class Members submit.  Class Counsel estimate that the amount of the cash award (while dependent upon the number of claims) may be around $235. **This is an estimate only. The final cash payment amount may be higher or lower than $235 and will depend on the total number of valid and timely claims submitted by Settlement Class Members.**

### 10. What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement. This means that if the settlement is approved, you cannot rely on any released claim to sue or continue to sue Godiva or any other released parties, whether on your own or as part of any other lawsuit, as explained in the settlement agreement. It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself from the settlement, you will agree to release Godiva and any other released parties, as defined in the settlement agreement, from any and all claims that arise from printing a credit or debit card transaction receipt that included more than the last 5 digits of the credit or debit card number.

In summary, the Release includes, without limitation, all claims that arise, could arise, were asserted or could have been asserted based on the printing of Godiva credit and debit card transaction receipts at retail stores that include more than 5 digits of the card number or other credit or debit card information, including, but not limited to, claims under FACTA, the Fair Credit Reporting Act, or any other statute or the common law, for any form of relief.

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer. The Release does not apply to persons in the Settlement Class who timely exclude themselves.

### HOW TO OBTAIN A PAYMENT

### 11. How can I get a payment?

To receive a payment, you must submit a Claim Form by the deadline stated below. You may get a Claim Form on the Settlement Website, www.GodivaFACTASettlement.com, or by calling the Toll-Free Settlement Hotline, [INSERT NUMBER]. **Read the instructions carefully, fill out the form completely and accurately, sign it and submit it on a timely basis**. To be valid, the Claim Form must be completed fully and accurately, signed and submitted timely. A Claim Form may be submitted by mail to the claims administrator at: Muransky v. Godiva, c/o [ADMINISTRATOR AT PO BOX], or via the Settlement Website [*click here*].

If you are submitting your claim via the Settlement Website, it must be submitted no later than [60 days after Notice Deadline]. If you are mailing your Claim Form to the claims administrator, it must be postmarked by that date.

### WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

### 12. When would I receive a settlement payment?

The Court will hold a hearing [149 days] after preliminary approval to decide whether to approve the settlement. If the Court approves the settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a Claim Form will be informed of the progress of the

settlement through information posted on the Settlement Website at www.GodivaFACTASettlement.com. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13.  How do I get out of the settlement?**

If you want to keep the right to sue or continue to sue Godiva or a released party, as defined in the settlement agreement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

To exclude yourself from the settlement, you must send an exclusion request to the claims administrator. To be valid, an exclusion request must:  (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name, address, and phone number(s) of the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I, the undersigned individual, hereby request to be excluded from the settlement in Muransky v. Godiva, and I understand that I will consequently not be entitled to receive any proceeds of the class Settlement Fund." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than [60 days after Notice Deadline] to the claims administrator at Muransky v. Godiva, c/o [INSERT ADMIN PO BOX].**

**14.  If I do not exclude myself, can I sue Godiva for the same thing later?**

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) Godiva or any released parties for the claims that this settlement resolves.

**15.  If I exclude myself, can I get a benefit from this settlement?**

No. If you ask to be excluded, you will not be able to submit a Claim Form for a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

**16.  How do I tell the Court that I do not think the settlement is fair?**

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement or the award of any attorneys' fees and expenses and/or service award.

To object, you must make your objection in writing, stating that you object to the settlement in *Muransky v. Godiva Chocolatier, Inc.*, Case No. 15-cv-60716-WPD (S.D. Fla.). To be considered by the Court, the written objection must: (i) attach documents establishing, or provide information sufficient to allow the parties to confirm that the objector is a Settlement Class Member; (ii) include a statement of the specific objections; and (iii) state the grounds for objection, as well as identify any documents which the objector desires the Court to consider.

**To be considered, you must file your objections with the Court and mail your objections to the addresses below no later than [60 days after Notice Deadline].**

For Plaintiff:

Michael S. Hilicki, Esq.
Keogh Law, Ltd.
55 West Monroe St., Ste. 3390
Chicago, IL 60603

For Godiva:

Brian Melendez
Dykema Gossett, PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3903

**Even if you timely and properly object, to obtain a benefit from this settlement, you must submit a Claim Form.  If you object but fail to submit a Claim Form, you will not receive any monetary award.**

**17.  What is the difference between objecting and excluding yourself?**

Objecting is telling the Court that you oppose something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

**18.  What happens if I do nothing at all?**

If you do nothing, you will not receive any monetary award and you will give up your rights to sue Godiva and/or any other released parties on a released claim. For information relating to what rights you are giving up, see Question 10.

## THE FINAL APPROVAL HEARING

**19.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at [TIME] on [149 days after preliminary approval] at the United States District Court for the Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Courtroom 205F, Fort Lauderdale, Florida 33301. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 16 above, the Court will

also consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiffs.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

## 20. Do I have to come to the hearing?

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

## 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, it must include your name, address, telephone number and your signature. The document must be filed with the Court no later than **[60 days after Notice Deadline]**. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

## 22. How do I get more information?

This notice is only a summary of the proposed settlement. You can get a complete copy of the settlement agreement by visiting the Settlement Website, www.GodivaFACTASettlement.com, or you can write to the address below or call the Toll-Free Settlement Hotline, [INSERT NUMBER].  You can also call class counsel with any questions at 866.726.1092.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, GODIVA OR GODIVA'S COUNSEL ABOUT THE SETTLEMENT.  ALSO, TELEPHONE REPRESENTATIVES WHO ANSWER CALLS MADE TO THE TOLL-FREE NUMBER ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

# Exhibit 4
### Final Approval Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:15-cv-60716-WPD**

| | | |
|---|---|---|
| DR. DAVID S. MURANSKY, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CLASS ACTION |
| v. | ) ) | |
| GODIVA CHOCOLATIER, INC., a New Jersey corporation, | ) ) ) | |
| Defendant. | ) | |

**[PROPOSED] FINAL ORDER APPROVING SETTLEMENT, APPROVING PROPOSED ALLOCATION OF SETTLEMENT FUNDS, APPROVING CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARD FOR CLASS REPRESENTATIVE AND FINAL JUDGMENT**

This Court having considered: (a) the Settlement Agreement and Release, dated January 22, 2016, including all Exhibits thereto (the "Agreement"), between Plaintiff, Dr. David S. Muransky, on behalf of himself and the Settlement Class (as defined therein) and Godiva Chocolatier, Inc. ("Godiva"); (b) the proposed allocation and distribution of funds among the Settlement Class; and (c) Class Counsel's application for attorneys' fees, expenses, and an incentive award for the Class Representatives; and having held a hearing on _____, 2016, and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed in the premises, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1

1.     This Order of Final Approval and Judgment incorporates herein and makes a part hereof, the Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms as defined in the Agreement shall have the same meanings for purposes of this Final Order and Judgment.

2.     The Court has personal jurisdiction over the Class Representatives, Settlement Class Members, and Godiva for purposes of this settlement only, and has subject matter jurisdiction to approve the Agreement.

3.     The Settlement Class previously certified by the Court includes:

(i) All persons in the United States (ii) who, when making payment for goods or services at a Godiva retail store located in the United States, (iii) made such payment using a credit or debit card (iv) and were provided with a point-of-sale receipt (v) which displayed more than the last 5 digits of said credit or debit card number (vi) between April 6, 2013, and November 20, 2015.

Notwithstanding the foregoing, in compliance with 28 U.S.C. §455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eleventh Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

Excluded from the Settlement Class is any individual who properly opted out of the Settlement Class pursuant to the procedure described in the Agreement and this Court's Order certifying the settlement class and granting preliminary approval of the settlement (ECF. ___, "Preliminary Approval Order").

4.     The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms

2

of the Agreement and Class Settlement, and Settlement Class Members' right to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing held on _____; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and FED. R. CIV. P. 23.

5.      This Order shall have no force or effect on those persons who properly and timely excluded themselves from the Settlement Class.

6.      The Court finds that extensive arm's-length negotiations have taken place in good faith between Class Counsel and Counsel for Godiva resulting in the Agreement.

7.      The Court finds that the designated Class Representatives are appropriate representatives.

8.      The Court has considered all of the factors enumerated in FED. R. CIV. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

9.      Pursuant to FED. R. CIV. P. 23(e), the Court hereby finally approves in all respects the Class Settlement set forth in the Agreement (the "Class Settlement") and finds that the Class Settlement, the Agreement, and the plan of distribution as set forth in the Agreement, are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class.

10.      The Parties are hereby directed to implement and consummate the Class Settlement according to the terms and provisions of the Agreement. The claims against Godiva on behalf of the Settlement Class in *Muransky v. Godiva Chocolatier, Inc.*, Case No. 15-cv-60716-WPD (S.D. Fla.), are hereby dismissed with prejudice and without costs to any party, except as otherwise provided herein.

11.     Upon the Effective Date of the Agreement, the Settlement Class, and each Settlement Class Member, shall release and forever discharge the Godiva Releasees (as defined in the Agreement) from their respective Released Claims (as defined in the Agreement).

12.     Nothing in this Order, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Godiva or any Godiva Releasee.

13.     Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)     this Settlement confers substantial benefits on the Settlement Class Members;

(b)     the value conferred on the Settlement Class is immediate and readily quantifiable upon this judgment becoming Final (as defined in the Agreement), and Settlement Class Members who have submitted valid Settlement Claim Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Fair and Accurate Credit Transactions Act ("FACTA");

(c)     Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)     this Settlement was obtained as a direct result of Class Counsel's advocacy;

4

(e)　　this Settlement was reached following extensive negotiations between Class Counsel and Counsel for Godiva, facilitated by a professional mediator, and was negotiated in good-faith and in the absence of collusion;

(f)　　during the prosecution of the claims in the Litigation, Class Counsel incurred expenses in the aggregate amount of $_____, which included mediation and other expenses which the Court finds to be reasonable and necessary to the representation of the Settlement Class;

(g)　　Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in an amount up to one-third of the Settlement Fund ($2,100,000), plus reimbursement of reasonable expenses incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

(h)　　____ member(s) of the Settlement Class has (have) submitted written objection(s) to the award of attorneys' fees and expenses;

(i)　　attorneys who recover a common benefit for persons other than themselves or their clients are entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984); and

(j)　　the requested fee award is consistent with other fee awards in this Circuit; *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir.1999) (affirming class attorneys' award of 33.3%) and *e.g., Wolff v. Cash 4 Titles*, No. 03-cv-22778, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (collecting cases and concluding that 33% is consistent with the market rate in class actions).

14.     Accordingly, Class Counsel are hereby awarded $_____ from the balance of the Settlement Fund as their fee award, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Further, Class Counsel are hereby awarded $_____ for their reasonable expenses which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded among Class Counsel.

15.     The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $_____ for his efforts in this case.

16.     Without affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement and of this Order, to protect and effectuate this Order, and for any other necessary purpose. The Class Representative, Settlement Class Members, and Godiva are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement or the applicability of the Agreement, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Order, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are

not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

17.     No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely elected to be excluded from the Settlement Class), shall commence, continue, or prosecute any action or proceeding against any or all of the Godiva Releasees in any court or tribunal asserting any of the Released Claims defined in the Agreement, and are hereby permanently enjoined from so proceeding.

Date: _____         _____
                                               Hon. William P. Dimitrouleas
                                               United States District Judge

# Exhibit 5

## Settlement Claim Form, Mail Notice

*Muransky v. Godiva Chocolatier, Inc.*, Case No. 15-cv-60716-WPD
**U.S.D.C. Southern District of Florida**

_____, Settlement Administrator          Toll-Free Number: x-xxx-xxx-xxxx
PO Box [_____]                                  Website: www.GodivaFACTASettlement.com
[_____]

<<mail id>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>

## CLAIM FORM

TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
<u>ALL</u> OF THE INFORMATION BELOW AND YOU <u>MUST</u> SIGN THIS CLAIM FORM.  IF THIS CLAIM FORM IS
SUBMITTED ONLINE, YOU <u>MUST</u> SUBMIT AN ELECTRONIC SIGNATURE.  If mailed, mail this form to [INSERT
ADMINISTRATOR PO BOX FOR SETTLEMENT]

YOUR CLAIM FORM MUST BE <u>SUBMITTED ELECTRONICALLY OR POSTMARKED ON OR BEFORE</u> [INSERT
DATE - propose 60 days after Notice Deadline].

1. <u>CLAIMANT INFORMATION:</u>

_____   _____   _____
FIRST NAME                MIDDLE NAME         LAST NAME

_____
ADDRESS 1

_____
ADDRESS 2

_____   _____   _____ - _____
CITY                                                 STATE   ZIP          (optional)

_____   _____
TELEPHONE NUMBER (optional)                          E-MAIL ADDRESS (if available)

2. <u>AFFIRMATION:</u>

By signing below, I swear or attest that the information above is true and accurate. If I am not the above-named person, I swear that
I am acting on that person's behalf and have authority to act on his or her behalf. This Claim Form may be researched and verified
by the Claims Administrator.

Signature: _____

Name (please print): _____

Date: _____

## QUESTIONS?
### VISIT www.GodivaFACTASettlement.com
### OR CALL [INSERT ADMIN NUMBER] or Class Counsel at 866.726.1092.

# Exhibit 6
### Settlement Claim Form, Publication Notice

***Muransky v. Godiva Chocolatier, Inc.*, Case No. 15-cv-60716-WPD**
**U.S.D.C. Southern District of Florida**

_____, Settlement Administrator      Toll-Free Number: x-xxx-xxx-xxxx
PO Box [_____]                           Website: www.GodivaFACTASettlement.com
[_____]

<<mail id>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>

## CLAIM FORM

TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
<u>ALL</u> OF THE INFORMATION BELOW AND YOU <u>MUST</u> SIGN THIS CLAIM FORM.  IF THIS CLAIM FORM IS
SUBMITTED ONLINE, YOU <u>MUST</u> SUBMIT AN ELECTRONIC SIGNATURE.  If mailed, mail this form to [INSERT
ADMINISTRATOR PO BOX FOR SETTLEMENT]

YOUR CLAIM FORM MUST BE <u>SUBMITTED ELECTRONICALLY OR POSTMARKED ON OR BEFORE</u> [INSERT
DATE - propose 60 days after Notice Deadline].

1.  **CLAIMANT INFORMATION:**

_____   _____   _____
FIRST NAME                 MIDDLE NAME      LAST NAME

_____
ADDRESS 1

_____
ADDRESS 2

_____   _____   _____ - _____
CITY                                              STATE   ZIP          (optional)

_____   _____
TELEPHONE NUMBER (optional)                       E-MAIL ADDRESS (if available)

2.  **CLAIM INFORMATION**

To support your claim, you must state the Date or Dates on which a Godiva store located in the United States printed a transaction receipt that contained more than five digits of your credit or debit card number <u>OR</u> the City and State in which the store was located, on the line below:

_____

3.  **AFFIRMATION:**

By signing below, I swear or attest that the information above is true and accurate. If I am not the above-named person, I swear that I am acting on that person's behalf and have authority to act on his or her behalf. This Claim Form may be researched and verified by the Claims Administrator.

Signature: _____

Name (please print): _____

Date: _____

## QUESTIONS?
### VISIT www.GodivaFACTASettlement.com
### OR CALL [INSERT ADMIN NUMBER] or Class Counsel at 866.726.1092.