# APPENDIX 4

## Declaration of Scott Owens

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| DR. DAVID S. MURANSKY, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) CASE NO. 0:15-cv-60716-WPD |
| v. | ) ) ) |
| GODIVA CHOCOLATIER, INC., a New Jersey corporation, | ) ) ) |
| Defendant. | ) |

**DECLARATION OF SCOTT D. OWENS**

I, Scott D. Owens, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

1. I am a Florida-licensed attorney and operate under the name Scott D. Owens, P.A.; I represent Plaintiff as co-counsel in this matter; I have investigated all claims and find them to be meritorious. I have conferred with my client throughout this matter (and will continue to do so), and my client seeks for my appointment as class counsel for the reasons stated herein.

2. I am currently a member in good standing of the bars of the following courts:

- State of Florida
  Admitted: October 2, 2002

- United States District Court for the Southern District of Florida
  Admitted: October 10, 2008

- United States District Court for the Middle District of Florida

1

Admitted: June 23, 2009

- Eleventh Circuit Court of Appeals
  Admitted: April 30, 2012

- United States District Court for the Eastern District of Michigan
  Admitted: December 2013

- Sixth Circuit Court of Appeals
  Admitted: May 2015

3.   I am a 2000 graduate of the New England School of Law. After a short time working in a debt collection law firm, I began to represent persons in consumer rights litigation, both in State and Federal Court; currently, 100% percent of my workload consists of consumer protection litigation. Since 2007, I have been an active member of the National Association of Consumer Advocates (NACA).

4.   My federal litigation practice was featured in the *Daily Business Review* on June 15, 2009 in an article entitled "Federal Law Used Against Abusive Debt Collectors."

5.   At the specific request of Judge Myriam Lehr of Miami-Dade County, I was asked to conduct a Continue Legal Education (CLE) seminar on the basics of FDCPA litigation entitled "How to Defend Against Abusive Debt Collectors"; the event was sponsored by the Miami-Dade Consumer Advocate and held on October 30, 2009.

6.   I was featured on WSVN News (Channel 7) on November 22, 2010 for my pro-consumer work in the area of the Fair Debt Collection Practices Act.

7.   I was a Guest Lecturer at the National Consumer Law Center's "Fair Debt Collection Training Conference" held in Jacksonville, Florida on March 5-6, 2010.

8.   I was Featured Guest Speaker at the request of the Miami-Dade Consumer Services Department during *National Consumer Protection Week* on March 11, 2011.

2

9. I instructed a CLE seminar for Legal Services of Greater Miami, Inc., dealing with consumer protection (May 2011).

10. I conducted a CLE on the topic of consumer protection at Florida International University (June 2012).

11. I conducted a webinar dealing with the FDCPA and TCPA at the request of the National Association of Consumer Advocates (December 2012).

12. I was invited by the Consumer Protection Law Committee to be a guest speaker at the Florida Bar's Annual Convention to be held in Orlando, Florida (June 25-28, 2014). My topics of discussion included the Telephone Consumer Protection Act.

13. I regularly attend legal seminars hosted by the National Consumer Law Center (NCLC), including the following:

> *National Consumer Law Center, 17th Annual Consumer Rights Litigation Conference (2008)*
>
> *National Consumer Law Center, Fair Debt Collection Training Conference (2009)*
>
> *National Association of Consumer Advocates, Fair Credit Reporting Act Conference (2009)*
>
> *National Consumer Law Center, 18th Annual Consumer Rights Litigation Conference (2009)*
>
> *National Consumer Law Center, Fair Debt Collection Training Conference (2010)*
>
> *National Consumer Law Center, 19th Annual Consumer Rights Litigation Conference (2010)*
>
> *National Consumer Law Center, 20th Annual Consumer Rights Litigation Conference (2011)*
>
> *National Consumer Law Center, 21st Annual Consumer Rights Litigation Conference (2012)*

>*National Consumer Law Center 22nd Annual Consumer Rights Litigation Conference (2013)*
>
>*National Consumer Law Center, Fair Debt Collection Training Conference (2014)*
>
>*National Consumer Law Center 23rd Annual Consumer Rights Litigation Conference (2014)*[1]
>
>*National Consumer Law Center, Fair Debt Collection Training Conference (2015)*

14. Of the aforesaid legal seminars, I have attended at least four intensive full-day seminars which have dealt exclusively with class action litigation; I am familiar with the ethical and professional guidelines governing class action litigation.

15. I am generally regarded by my peers as one of the leading authorities in the State of Florida with respect to both the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act. To the best of my knowledge, only one other attorney based in the entire State of Florida has litigated more class actions concerning violations of the TCPA.

16. My law practice was featured on the cover of the Sun-Sentinel on September 11, 2011 in an article entitled *Ticked off at debt collectors calling their cellphones, Floridians are fighting back.* The article dealt specifically with the Telephone Consumer Protection Act.

17. Among my many positive published decisions are the following citations:

>*Capital One Bank v. Pincus*,
>15 Fla. L. Weekly Supp. 1119d (Fla. Palm Beach Co. Ct. 2008)
>
>*CACH, LLC v. Quartermaine*,
>15 Fla. L. Weekly Supp. 843b (Fla. Broward Co. Ct. 2008)

---

[1] I also served as the co-chairperson for the aforementioned conference.

4

*Discover Bank v. Keith*,
16 Fla. L. Weekly Supp. 358a (Fla. Broward Co. Ct. 2009)

*CACV of Colorado, LLC v. Adams*,
16 Fla. L. Weekly Supp. 319a (Fla. 17th Cir. 2009)

*Cavalry Portfolio Srvcs. v. Machado*,
16 Fla. L. Weekly Supp. 777c (Fla. Broward Co. Ct. 2009)

*Palisades Collection, LLC v. Knighten*,
17 Fla. L. Weekly Supp. 469a (Fla. Miami-Dade Co. Ct. 2010)

*MBNA America Bank, N.A. v. Dan*,
18 Fla. L. Weekly Supp. 308a (Fla. Palm Beach Co. Ct. 2010)

*Bank of America v. Evans*,
948 So.2d 998 (Fla. 3d DCA 2007)

*Patterson v. Consumer Debt Mgmt. and Educ., Inc.*,
975 So.2d (Fla. 4th DCA 2008)

*Whitney v. A Aventura Chiropractic Care Center, Inc.*,
21 So.3d 95 (Fla. 3d DCA 2009)

*Pincus v. Law Offices of Erskine & Fleisher*,
617 F.Supp.2d 1265 (S.D. Fla. May 21, 2009)

*Sanz v. Fernandez*,
633 F.Supp.2d 1356 (S.D. Fla. July 7, 2009)

*Sands v. Wagner & Hunt, P.A.*,
Slip Copy, 2009 WL 2730469 (S.D. Fla. Aug. 28, 2009)

*Chalik v. Westport Recovery Corp.*, 677 F.Supp.2d 1322 (S.D. Fla. Oct. 30, 2009)

*Deuel v. Santander Consumer USA, Inc.*,
F.Supp.2d —, 2010 WL 1253035, *3 (S.D. Fla. Apr. 1, 2010)

*Knighten v. Palisades Collections, LLC*,
2010 WL 2696768 (S.D. Fla. July 6, 2010)

*Buslepp v. Improv Miami, Inc.*,
Slip Copy, 2012 WL 1560408 (S.D. Fla. May 04, 2012)

5

*Breslow v. Wells Fargo Bank, N.A.*,
--- F.Supp.2d ----, 2012 WL 1448444 (S.D. Fla. April 26, 2012)

*Lusskin v. Seminole Comedy, Inc.*,
Slip Copy, 2013 WL 3147339 (S.D. Fla. June 19, 2013)

*Pimental v. Google, Inc.*,
No. 11–2585, 2012 WL 691784 (N.D. Cal. Mar. 2, 2012)

*Legg v. Voice Media Group, Inc.*,
--- F.Supp.2d ----, 2014 WL 29594 (S.D. Fla. January 03, 2014)

18. I was appointed as class counsel in the matter of *McMullen v. Jennings & Valancy, P.A.*, Case No. 10-CV-60050. In certifying me for class counsel, Judge Adalberto Jordan stated, "I find that Mr. Owens can fairly and adequately represent the interests of the class…" and "Mr. Owens has the requisite mastery in these type of claims." I also served as class counsel in the case of *Lithgow v. Eisinger, Brown, Lewis, Frankel, Chaiet & Krut, P.A.* Case No. 0-10-cv-61185-WJZ [See Order dated Dec. 9, 2010]. In March 2012, I was appointed class counsel in *Lee v. Greenspoon Marder*, Case No. 10-cv-61184-Lenard/O'Sullivan and I also served as class counsel in *Bummolo v. The Law Offices of Charles W. McKinnon, P.L.*, No. 2:11-cv-14408-KMM and served as class counsel in *Collins v. Erin Capital Management, LLC*, No. 1:12−cv−22839−CMA; *Rigney v. Livingston Financial, LLC*, No. 6:12-cv-00617-RBD-TBS; *Walker v. Greenspoon Marder, P.A.*, No. 13-CV-14487, 2015 WL 233472 (S.D. Fla. Jan. 5, 2015); and *Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978-JIC, ECF No. 64 (S.D. Fla. June 10, 2015).

19. Of particular note, I was appointed local liaison counsel in the multidistrict litigation pending in the Middle District of Florida known as *In Re Enhanced Recovery*

6

*Company, LLC Telephone Consumer Protection Act Litigation*, No. 6:13−md−02398−RBD−GJK.

20.     I was also appointed joint interim lead counsel in the Southern District of Florida TCPA class action lawsuit, *Soto v. Gallup, Inc.*, No. 0:13-cv-61747-RSR wherein Judge Robin S. Rosenbaum stated that "**Scott D. Owens has vast experience in the area of consumer-protection litigation and has litigated a multitude of TCPA cases**…" (emphasis added); I was later appointed co-lead counsel after the case was certified ($12 million dollar common fund settlement); final approval was granted on November 24, 2015.

21.     I was appointed co-lead class counsel in the TCPA class action, *De Los Santos v. Millward Brown, Inc.*, No. 13-80670-CV, ECF No. 77 (S.D. Fla. Feb. 10, 2015). The case established an $11 million dollar common fund settlement.

22.     I served as co-lead counsel in the TCPA class action, *Guarisma v. ADCAHB Medical Coverages, Inc., et al.*, No. 1:13-cv-21016 (S.D. Fla. June 24, 2015) wherein my firm established a common fund of $4.5 million dollars in settlement. My firm, along with co-counsel was awarded one-third of the common fund (plus costs) for a total recovery for fees and costs in the amount of $1,525,463.96 dollars.

23.     I also served as co-lead counsel in the TCPA class action, *Cooper v. Nelnet, Inc.,* No. 6:14-cv-00314-RBD-DAB, ECF No. 72 (M.D. Fla. Feb. 26, 2015) (establishing a $4.5 million dollar common fund settlement; final hearing set for July 13, 2015). In awarding fees this Court said: "Class Counsel is highly experienced in [TCPA] litigation; regularly engages in complex litigation involving consumer issues; lectures on

7

the TCPA; and has been lead counsel in numerous TCPA cases." Cooper, ECF No. 81 (M.D. Fla. July 31, 2015).

24. I recently served as co-lead counsel in several FACTA class actions: *Legg v. E Z Rent_A-Car*, No. 14−cv−01716−PGB−DAB (M.D. Fla. Filed Oct. 22, 2014) (establishing a common fund settlement worth over $6 million dollars); *Legg v. Laboratory Corporation of America Holdings*, No. 14-61543-RLR (S.D. Fla. Filed July 6, 2014) (establishing a common fund settlement of $11 million dollars); and, *Legg v. Spirit Airlines, Inc.*, No. 0:14-cv-61978-JIC (S.D. Fla. Filed Aug. 29, 2014) (establishing a common fund settlement of $7.5 million dollars).

25. I argued on behalf of the Appellee in the matter of *Wells Fargo Bank, N.A. v. Breslow*, No. 12-14564-D.  It is one of only a handful of cases ever argued before the Eleventh Circuit dealing with the merits of a TCPA action.  I was successful in the appeal as the lower court decision was affirmed.

26. I represented the Appellant at the Eleventh Circuit in the matter of *Keim v. ADF MidAtlantic, LLC*, No. 13-13619 (Decided: December 1, 2014). I was successful in the appeal as the previous lower court decision, which held a pending class action could be mooted by an unaccepted Rule 68 offer, was reversed.  I successfully appealed the same issue in *Barr v. Harvard Drug Group, LLC*, 591 Fed.Appx. 928 2015 WL 364363 (January 29, 2015).

27. With respect to the matter at bar, I have investigated all potential claims in this matter; my investigation included (but was not limited to) numerous consultations with my client, reviewing discovery, and attending mediation.

8

28. The Settlement Agreement was reached after considering such factors as: (1) the benefits to Plaintiff and the Settlement Class; (2) the strength of the Parties' respective positions; (3) the attendant risks and uncertainty of litigation and Godiva's continued denial of the claims and facts at issue; and, (5) the desirability of consummating this Settlement Agreement promptly. The aforesaid negotiations took place over several weeks, and included numerous conferences and correspondences between counsel.

29. Despite their significant differences, the Parties – fully informed as to the facts and circumstances, the size and nature of the Settlement Class and represented by experienced counsel – have been able to settle this case.

30. I have evaluated the uncertainties inherent in pursuing trial and, possibly, appeal of this case, combined with the complexities presented by the nature of the case, and have determined that the benefits of a settlement are clear. Settlement, as opposed to the alternative, is, in my opinion, in the best interest of the Class. In my opinion, this settlement is in the best interest of the class members because it provides a substantial recovery to resolve highly-uncertain claims.

31. The Parties have prepared a Notice of the Class Settlement for distribution to the Settlement Class through the Settlement Administrator via U.S. Mail, as through a comprehensive website notice. The Notice will advise the Settlement Class Members of the binding effect settlement of the case would have; how to exclude themselves from being bound; the procedures for opting out; and the benefits they would receive as a member of the Class.

32.     My law firm, along with co-counsel, is fully committed to monitoring the administration process regarding the instant class action litigation in order to protect the best interests of the Class.

Executed at Hollywood, Florida, on Friday, January 22, 2016.

*s/ Scott D. Owens*
Scott D. Owens
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Suite 235
Hollywood, Florida 33019
Telephone:  954-589-0588
Facsimile:  954-337-0666
scott@scottdowens.com
