UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:15-cv-60716-WPD

DR. DAVID S. MURANSKY, individually )
and on behalf of all others similarly )
situated, )
 )
 Plaintiff, ) **CLASS ACTION**
 )
v. )
 )
GODIVA CHOCOLATIER, INC., )
a New Jersey corporation, )
 )
 Defendant. )

<u>**ORDER CERTIFYING SETTLEMENT CLASS,**</u>
<u>**GRANTING PRELIMINARY APPROVAL OF SETTLEMENT,**</u>
<u>**AND DIRECTING NOTICE TO THE CLASS**</u>

WHEREAS, this matter has come before the Court pursuant to a Motion for Entry of an

Order Certifying the Settlement Class, Granting Preliminary Approval of Settlement and

Approving the Form and Method of Notice to the Settlement Class (the "Motion") [DE 39]; and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties

for purposes of settlement; and

WHEREAS, this Court has considered all of the submissions related to the Motion, and is

otherwise fully familiar with the papers filed and the proceedings in this matter;

IT IS HEREBY ORDERED that the Motion [DE 39] is **GRANTED** as follows:

**I.** PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1. The terms of the Settlement Agreement and Release, dated January 22, 2016,

including all Exhibits thereto (the "Agreement"), attached to the Motion, are hereby

preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. This Order incorporates herein, and makes a part hereof, the Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein. The Agreement was entered into only after extensive arm's-length negotiations by experienced counsel and following a day-long meeting presided over by a professional mediator, Rodney Max. The Court finds that the settlement embodied in the Agreement (the "Class Settlement") is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

## II.     THE CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL.

2.      The Settlement Class is defined as follows:

(i) All persons in the United States (ii) who, when making payment for goods or services at a Godiva retail store located in the United States, (iii) made such payment using a credit or debit card (iv) and were provided with a point-of-sale receipt (v) which displayed more than the last 5 digits of said credit or debit card number (vi) between April 6, 2013, and November 20, 2015.

Notwithstanding the foregoing, in compliance with 28 U.S.C. §455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eleventh Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

Excluded from the Settlement Class is any individual who properly opts out of the Settlement Class pursuant to the procedure described herein.

3.      The Court preliminarily finds that the Settlement Class meets all the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3), and hereby certifies the Settlement Class for

settlement purposes only. The Court hereby finds, in the specific context of this Class Settlement, that:

        a.  Numerosity.

The Settlement Class consists of hundreds of thousands of members located throughout the United States, and satisfies the numerosity requirement of FED. R. CIV. P. 23(a). Joinder of these widely-dispersed, numerous Settlement Class Members into one suit would be impracticable.

        b.  Commonality.

Common questions of law and fact with regard to the alleged conduct of Godiva exist for each of the members of the Settlement Class. Plaintiff claims that receipts issued by Godiva for point-of-sale credit and debit card transactions displayed more than the last five digits of the card number in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, as amended by the Fair and Accurate Credit Transactions Act ("FACTA"), Pub. L. 108–159, specifically 15 U.S.C. §1681c(g). These allegations present the common questions of whether Godiva's purported actions violated FACTA as alleged, and whether the alleged violations were willful. These issues are central to this case and are sufficient to establish commonality.

        c.  Typicality.

Plaintiff alleged that he visited a Godiva store in the United States and received a card transaction receipt that contained more than the last five digits of his credit card number. As a result, Plaintiff alleges he is entitled to statutory and punitive damages, attorneys' fees and costs. These claims are typical of the members of the Settlement Class and, therefore, the element of typicality is satisfied.

d.   Adequate Representation.

Plaintiff's interests do not conflict with those of absent Class Members. Additionally, this Court recognizes the experience of Class Counsel Scott David Owens, Michael Scott Hilicki, Bret Leon Lusskin, Jr., and Patrick Christopher Crotty, and finds under FED. R. CIV. P. 23(g) that the requirement for adequate representation of the Settlement Class has been fully met.

e.   Predominance of Common Issues.

Plaintiff has raised common issues of whether Godiva printed receipts that were not compliant with FACTA's truncation requirements for all of the Settlement Class Members and, if so, whether Godiva did so willfully. In the context of this Class Settlement, these issues predominate over any individual questions, favoring class treatment.

f.   Superiority of the Class Action Mechanism.

The class action mechanism is ideally suited for treatment of the settlement of this matter. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

2.      The Court determines that Dr. Muransky is adequate to represent the Settlement Class.

3.      Pursuant to Fed. R. Civ. P. 23(g), the Court determines that Dr. Muransky's counsel, Scott D. Owens, Michael S. Hilicki, Bret L. Lusskin, and Patrick Crotty, are adequate to represent the Class and appoints them Class Counsel.

### III.   NOTICE TO CLASS MEMBERS

4.      The Court has considered the Class Notice, attached as Exhibits 2 and 3 to the Agreement, including the proposed forms of notice, Summary Notice, Full Notice, and

Settlement Claim Form, and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the notice program in all respects (including the proposed forms of notice, Summary Notice, Full Notice, and Settlement Claim Form) and orders that notice be given in substantial conformity therewith. The notice program shall commence no later than 60 days after entry of this Order, on or about March 25, 2016 (the "Notice Deadline"). The costs of preparing, printing, publishing, mailing and otherwise disseminating the notice shall be paid solely from the Settlement Fund in accordance with the Agreement.

5.      The Court appoints Kurtzman, Carson Consultants (KCC) as Claims Administrator. Responsibilities of the Claims Administrator shall include the following: (a) disseminating information, including the Class Notice, to Settlement Class Members concerning settlement procedures in the manner provided in the notice program; (b) receiving opt-out forms and documentation and processing and tabulating opt-out requests; and (c) receiving, processing, classifying, and paying claims as provided in the Agreement and pursuant to any applicable orders of this Court.

**IV.**      REQUEST FOR EXCLUSION FROM THE CLASS

6.      A member of the Settlement Class who wishes to be excluded from the Settlement Class must mail a written notice of exclusion to the Claims Administrator, so that it is postmarked no later than 60 days after the Notice Deadline, or May 25, 2016 (the "Opt-Out Deadline"), and shall clearly state the following: (a) his or her name; (b) physical address; (c) phone number (optional); and (d) e-mail address to the extent they have one, and provide all such

information as may be required by the Agreement or requested by the Claims Administrator. In addition, the Settlement Class Member requesting exclusion shall include a signed certification containing the following language:

> I, the individual signing below, want to be excluded from the settlement in Muransky v. Godiva and understand that I will consequently not be entitled to receive any proceeds of the class Settlement Fund.

7.      Any Settlement Class Member who submits a valid request for exclusion as set forth above shall not be bound by the Agreement, or the Order of Final Approval. Upon receipt, the Claims Administrator shall promptly provide copies of each notice of exclusion to Class Counsel and Counsel for Godiva.

8.      Any Settlement Class Member who does not properly and timely mail a notice of exclusion as set forth above shall be automatically included in the Settlement Class, and shall be bound by all of the terms and provisions of the Agreement, and the Order of Final Approval, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement and whether or not such Settlement Class Member makes a claim upon or participates in the Class Settlement.

**V.**      PROOFS OF CLAIM

9.      To effectuate the Agreement and Class Settlement, and the provisions of the notice program, the Claims Administrator shall be responsible for the receipt of all notices of exclusion and Settlement Claim Forms. The Claims Administrator shall preserve (on paper or transferred into electronic format) all notices of exclusion, Settlement Claim Forms, and any and all other written communications from Settlement Class Members in response to the Class Notice for a period of five (5) years, or pursuant to further order of the Court. All written

communications received by the Claims Administrator from Settlement Class Members relating to the Agreement shall be available at reasonable times for inspection and copying by Class Counsel and Counsel for Godiva, including prior to payments being mailed to each Class Member.

10.     In order to be entitled to participate in the Class Settlement, if effected in accordance with all of the terms and conditions set forth in the Agreement, each Settlement Class Member shall take the following actions and be subject to the following requirements:

A.     A Settlement Class Member who wishes to receive a distribution from a Class Settlement must submit a properly executed Settlement Claim Form to the Claims Administrator on or before the Claims Deadline, which is 60 days after the Notice Deadline, or May 25, 2016. If such Settlement Claim Form is submitted by mailing via the United States Postal Service to the address indicated in the Class Notice, it shall be deemed to have been submitted as of the date postmarked. If such Settlement Claim Form is transmitted in any manner other than the United States Postal Service, it shall be deemed to have been submitted on the date it is actually received by the Claims Administrator;

B.     Each completed Settlement Claim Form must contain the following information: (a) the Settlement Class Member's name; (b) physical address; (c) phone number (optional); (d) e-mail address to the extent they have one; and (e) an attestation that the information provided is true and correct to the best of his or her knowledge and belief. The Settlement Claim Form for use by recipients of notice by publication must also contain information sufficient to enable the Claims Administrator to confirm membership in the Settlement Class. If the Settlement Claim Form is executed by a person acting in a representative

7

capacity, that person must attest that he or she is acting on behalf of a Settlement Class Member and that he or she has authority to act on behalf of the Settlement Class Member;

C.      Each Settlement Claim Form shall be submitted to and reviewed by the Claims Administrator, who shall make a recommendation to Class Counsel about which claims should be allowed;

D.      The Claims Administrator will notify each Settlement Class Member who filed a Settlement Claim Form of any recommendation of disallowance, in whole or in part, of the Settlement Claim Form submitted by such Settlement Class Member and will set forth the reasons for any such disallowance. Settlement Class Members shall be permitted a reasonable period of time to cure any deficiency with respect to their respective Settlement Claim Form that is identified. A copy of such notification shall also be sent by the Claims Administrator to Class Counsel;

E.      All Settlement Class Members who do not submit a timely Settlement Claim Form, or submit a Settlement Claim Form that is disallowed and not cured, shall be barred from participating in the Class Settlement (except to the extent that a Settlement Claim Form may be partially allowed) but otherwise shall be bound by all of the terms and provisions of the Agreement; and

F.      Each Settlement Class Member who submits a Settlement Claim Form shall thereby expressly submit to the jurisdiction of the Court with respect to the claims submitted and shall (subject to final approval of the Agreement and Class Settlement) be bound by all the terms and provisions of the Agreement.

## VI.    CONFIDENTIALITY

11.    If Plaintiff or Godiva subpoena any non-party for information about the Settlement Class Members, such as contact information, that information shall be treated as confidential and not be disclosed to any person or entity other than Class Counsel, Counsel for Godiva, the Claims Administrator, and the Court. Likewise, any information received by the Claims Administrator that pertains to a particular Settlement Class Member, or information submitted in conjunction with a notice of exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Class Counsel, Counsel for Godiva, and the Court, and shall otherwise be treated as provided for in the Agreement.

## VII.    FAIRNESS HEARING

12.    A hearing on final settlement approval (the "Fairness Hearing") will be held on June 22, 2016, at 2:00 PM before this Court, at the United States District Court for the Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Courtroom 205F, Fort Lauderdale, Florida 33301, to consider, inter alia, the following: (a) the fairness, reasonableness and adequacy of the Class Settlement; (b) the dismissal with prejudice of the Litigation; (c) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives (the "Fee Petition") should be granted; (d) whether to approve the proposed plan of allocation and distribution; and (e) whether to finally approve the Agreement, including the terms therein concerning release of claims by the Settlement Class and each of the Settlement Class Members.

13.     At least two weeks before the Fairness Hearing, Class Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Agreement and Class Settlement; and (ii) any Fee Petition.

14.     Any Settlement Class Member who has not filed a notice of exclusion in the manner set forth above and who has timely filed their objection may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court. However, no person shall be heard in opposition to the Class Settlement, dismissal or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon counsel listed below within 60 days after Notice Deadline. Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition within 60 days after Notice Deadline, and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all counsel listed below within 60 days after Notice Deadline. Settlement Class Members who object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

15.     Counsel for the Parties who must be served with all documentation described above are as follows:

Counsel for the Settlement Class
Michael Hilicki
Keogh Law LTD
55 W. Monroe Street
Suite 3390
Chicago, IL 60603

Counsel for Godiva
Brian Melendez
Dykema Gossett PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3903

16.     Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall serve a Notice of Appearance on the Counsel listed above, and file it with the Court, within 60 days after the Notice Deadline.

17.     The date and time of the Fairness Hearing shall be set forth in the Notice and Summary Notice, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the notice program.

18.     Pending Final Approval, no Settlement Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any Godiva Releasee any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released upon Final Approval pursuant to the Agreement, and are hereby enjoined from so proceeding. Upon Final Approval, all Settlement Class Members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Agreement,

and any such Settlement Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Agreement.

**VIII.**   OTHER PROVISIONS

19.     Upon Final Approval, each and every term and provision of the Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

20.     In the event the Class Settlement is terminated in accordance with the provisions of the Agreement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the rights of Plaintiff and Godiva before they entered into the Agreement. Neither this Order nor the Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability or wrongdoing by any Party, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order, or by any Party in connection with any action asserting Released Claims.

21.     The following summarize the deadlines stated above for issuing notice and submitting claims and objections:

| March 25, 2016 | Deadline for notice of the Settlement to be sent to the Settlement Class Members |
|---|---|
| May 25, 2016 | Deadline for Settlement Class Members to request exclusion or file objections (Opt-Out and Objection Deadline) and file any statement of intention to appear at the fairness hearing. |

| May 25, 2016 | Deadline for Settlement Class Members to submit a claim form (Claim Deadline) |
|---|---|
| June 10, 2016 | Deadline for Parties to file the following:<br>(1) List of persons who made timely and proper requests for exclusion (under seal);<br>(2) Proof of Class Notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections. |
| June 22, 2016 at 2:00 p.m. | Final Approval Hearing |

**DONE AND ORDERED** in Chambers in Ft. Lauderdale, Florida this 25th day of

January 2016.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:
Counsel of Record

13