UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 0:15-cv-60716-WPD

---

Dr. David S. Muransky, individually and
on behalf of all others similarly situated,

                        Plaintiff,

    v.

Godiva Chocolatier, Inc.,

                        Defendant.

---

### SECOND STIPULATION AND JOINT MOTION
### TO AMEND ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT

---

The Parties jointly move to amend the order granting preliminary approval of the class action settlement (Doc. 40, as amended by Doc. 46) to extend the due date for sending notice to Settlement Class Members because several of the third party banks that Class Counsel had to subpoena to identify and locate Settlement Class Members have reported that they require additional time to gather and produce their information. The requested extension will not affect the date of the fairness hearing scheduled to take place on September 21, 2016.

**Argument**

1.     On January 26, 2016, the Court entered an Order Granting Preliminary Approval of Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing. (Doc. 40).

2.     As required by Federal Rule 23, the Court's order requires notice of the Settlement to be issued to the Settlement Class Members. (Doc. 40, ¶4-¶5).

3. In cases certified under Federal Rule 23(b)(3), like the instant case, the form and method of giving notice must be "the best notice that is practicable under the circumstances, including individual notice to all member members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Juris v. Inamed Corp.*, 685 F.3d 1294, 1304, fn.5 (11th Cir. 2012). This means direct mail notice to those class members who can be found, and publication notice for those class members whose names and addresses cannot be found, after reasonable efforts. *See Id.* at 1321 ("Where certain class members' names and addresses cannot be determined with reasonable efforts, notice by publication is generally considered adequate.")

4. The Settlement Class contains approximately 342,000 potential members, but Defendant's records only contain name and address information for a fraction of them. Accordingly, to comply with Rule 23(b)(3)'s "best notice that is practicable" requirement, Class Counsel has undertaken to identify and locate as many class members as reasonably possible from other sources.

5. To that end, Class Counsel subpoenaed the companies that processed the credit and debit card transactions that gave rise to the class members' claims, as well as approximately thirty banks that issued the cards, to identify class members and get their contact information.

6. Substantial progress has been made in gathering the data, with many of the banks having completed their production. However, several of the subpoenaed entities have reported issues with producing the data in time for the notice to be sent under the current schedule, and thus it will be impossible to issue notice to the class by the current May 24, 2016 due date.

7. Accordingly, ¶21 of the preliminary approval order should be amended to extend the due date for sending notice to class by an additional 28 days to allow time to finish gathering

the Settlement Class Member identifying and contact information from the subpoenaed entities, and that the corresponding due dates for Settlement Class Members to file their claims and respond to the notice be likewise extended.

## Conclusion

The parties, by stipulation, ask the Court to amend the ¶21 of the Order Certifying Settlement Class, Granting Preliminary Approval of Settlement, and Directing Notice to the Class (Doc. 40, as amended by Doc. 46), as follows:

| | |
|---|---|
| **~~May 24~~ June 23, 2016** | Deadline for notice of the Settlement to be sent to the Settlement Class Members |
| **~~July 24~~ August 23, 2016** | Deadline for Settlement Class Members to request exclusion or file any objections (Opt-Out and Objection Deadline) and file any statement of intention to appear at the fairness hearing |
| **~~July 24~~ August 23, 2016** | Deadline for Settlement Class Members to Submit a claim form (Claim Deadline) |

## Certification Under Local Rule 7.1(a)(3)

All issues regarding this motion have been resolved by agreement, and no issues remain unresolved.

May 11, 2016.

SCOTT D. OWENS, ESQ.  
*/s/ Scott D. Owens*_____  
Scott D. Owens, Fla. Bar No. 597651  
Suite 235  
3800 South Ocean Drive  
Hollywood, FL 33019  
Ph. 954.589.0588  
Fax 954.337.0666  
scott@scottdowens.com  

DYKEMA GOSSETT PLLC  
*/s/ Brian Melendez*_____  
Brian Melendez, Fla. Bar No. 0103559  
4000 Wells Fargo Center  
90 South Seventh Street  
Minneapolis, MN 55402  
Ph. 612.486.1589  
Fax 866.637.2804  
bmelendez@dykema.com

| in association with | in association with |
|---|---|
| KEOGH LAW, LTD.<br>Michael S. Hilicki (admitted pro hac vice)<br>Suite 3390<br>55 West Monroe Street<br>Chicago, IL 60603<br>Ph. 312.374.3403 (direct), 312.726.1092 (main)<br>Fax 312.726.1093<br>mhilicki@KeoghLaw.com | SEIPP, FLICK & HOSLEY, LLP<br>Charles P. Flick, Fla. Bar No. 253324,<br>　cflick@seippflick.com<br>Shawn Y. Libman, Fla. Bar No. 10544,<br>　slibman@seippflick.com,<br>　krobertson@seippflick.com<br>Suite 800<br>Two Alhambra Plaza<br>Coral Gables, FL 33134<br>Ph. 305.995.6092<br>Fax 305.995.6100 |

     and

BRETT L. LUSSKIN, ESQ.
Suite 302
20803 Biscayne Boulevard
Aventura, FL 33180
Ph. 954.454.5841
Fax 954.454.5844
blusskin@lusskinlaw.com

| Class Counsel | Attorneys for Defendant<br>　Godiva Chocolatier, Inc. |
|---|---|

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on May 11, 2016, on all counsel or parties of record.

*/s/ Scott D. Owens*
Scott D. Owens, Esq.
