UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-60716-WPD

Dr. David Muransky, individually and on
behalf of all others similarly situated
Plaintiff,
v.

Godiva Chocolatier, Inc.
Defendant.
_____/

**OBJECTION TO CLASS ACTION SETTLEMENT**

Jonathan Feldman, *pro se*, objects to the proposed class action settlement that is currently filed with the Court. In support, I state the following:

**Statement of Intentions**

I intend to appear at the fairness hearing set for September 21, 2016 and argue the issues set forth below.

**Objection**

A few months ago, I received a notice in the mail that I was a member of a class for a lawsuit against Godiva Chocolatier, Inc. Curious about my newfound windfall, I reviewed the underlying complaint along with the proposed settlement. A copy of my filed claim is attached as Exhibit 1.

As a bankruptcy lawyer, I'm quite familiar with the notion of settling contested matters. The common standard in bankruptcy for settlement is whether the proposed settlement is above the lowest point in the range of reasonableness. In establishing this standard, it is axiomatic that all interested parties be provided sufficient information to determine whether such standard is satisfied. This includes information about the

complexity of the case, collectability of the settling party, likelihood of success on the merits and whether the settlement is in the best interests of creditors (the usual recipients of any settlement proceeds).  In some instances, *e.g.*, when settling a significant claim against a collectable defendant, a robust discussion of these issues is necessary; in other instances, *e.g.*, settlement of a small preferential transfer claim, it is not.

I do not feign to know the intricacies of the law regarding class actions.  However, under *Fed. R. Civ. P.* 23(e)(2), it seems that a settlement can only be approved if it is "fair, reasonable and adequate."  Here, based on the public filings, it is not possible to determine whether this standard is satisfied.

The amended complaint accuses Godiva of being a horrible corporate citizen: Godiva willfully violated one or more federal statutes; Godiva willfully breached its contracts; Godiva willfully ignored software manuals; and most important, Godiva went out of its way to risk my financial security and that of others.  Although admittedly these are allegations, they are serious:  federal law apparently allows for a statutory penalty of $100 to $1,000 for each violation.  And these allegations were sufficient to overcome a robust motion to dismiss filed by Godiva.

Nonetheless, after plaintiff and counsel were given the chance to move forward with this case and engage in significant discovery to prove up a potential massive damage model and presumably send a message to corporate America that it shouldn't be so lax with customers' personal information, a notice of settlement was filed.  This notice was filed less than three months after the Court denied Godiva's motion to dismiss.

The proposed settlement does not go into any specific detail to address why a $6.3 million settlement of a claim that potentially is worth billions of dollars against a

collectable defendant is now appropriate. The settlement asserts that members of the class will receive an estimated $235 for their claim and that this award is significant relative to other cases, but it seems this estimated recovery on a claimant basis is simply a function of most people not filing claims to begin with. That's hardly something to tout. It also does not explain what discovery revealed to undermine the serious allegations set forth in the amended complaint. And it does not explain why the attorney's fee award for this supposed remarkable result on the class' behalf is justified. Bottom line, the proposed settlement does not lay out the requisite information necessary to determine whether the settlement is indeed "fair, reasonable and adequate." Considering the settlement seeks to settle a serious and sizeable claim against a collectable defendant, a more robust and thorough discussion of these issues must be presented.

WHEREFORE, I request the Court enter an Order (1) denying the settlement as proposed, or alternatively, (2) requiring the Plaintiff to file a supplement to the proposed settlement that further details how the proposed settlement meets the requisite legal standard and (3) granting such further relief the Court deems just and proper.

/s/ Jonathan S. Feldman
*Pro se*

## **CERTIFICATE OF SERVICE**

CASE NO. 0:15-CV-60716-WPD

I hereby certify that on August 21, 2016, I filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by Notice of Electronic Filing generated by CM/ECF on all counsel of record entitled to receive service.

/s/ Jonathan S. Feldman