UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:15-CV-60716-WPD

Dr. David S. Muransky, individually and on behalf
of all others similarly situated,

                Plaintiff,

     v.

Godiva Chocolatier, Inc.,

                Defendant.

## CLASS MEMBER ERIC ISAACSON'S MOTION
## FOR ACCESS TO DISCOVERY

**I.  INTRODUCTION**

Objector Eric Alan Isaacson requests an order of this Court directing the settling parties to this class action to state whether the class representative, Dr. David S. Muransky was deposed, to provide a copy of any deposition transcript or other testimony of Dr. Muransky in their possession, and to provide Isaacson's counsel with a detailed description of, and access to, any discovery that was produced in this case – assuming there was any.

Isaacson's objection to the proposed settlement and fee award noted the dearth of record information about the merits of the proposed settlement and request for attorneys' fees. (Doc. 59 at 3-4.)  He also noted that the Dr. Muransky may have a criminal record for fraud that should have been disclosed to the Court. *Id.* at 11-14. Subsequent events have only heightened Isaacson's concerns.

The day after Mr. Isaacson filed his objection, Dr. Muransky's counsel emailed a subpoena to Isaacson's counsel, demanding that Mr. Isaacson sit for a deposition and produce documents in ten days, on September 1, 2016.  Isaacson objected that the subpoena was invalid,

and that discovery upon an objecting class member requires leave of court on a strong showing that the discovery is not sought for harassment.  *See* Ex. 5 to the Declaration of John W. Davis ("Davis Decl.") filed herewith.   Answering class counsel's purported concern about Isaacson's motivation for objecting, Isaacson offered to stipulate to the entry of an order requiring the court's approval before any objector may accept any consideration in return for withdrawing and objection or an appeal.  *See* Davis Decl. Ex. 7.   Class counsel refused, insisting that Isaacson be deposed.  *Id*., Ex. 8.  Mr. Isaacson accommodated class counsel, sitting for a deposition on September 2, 2016.

Meanwhile, Isaacson's counsel asked class counsel whether Dr. Muransky was deposed in the case, inquired what other discovery had been taken, and requested access to the discovery.  Davis Decl., Ex. 1.  Class counsel refused to discuss what, if any, discovery was taken, categorically declaring Mr. Isaacson wasn't entitled to know about it, and refusing even to answer whether Dr. Muransky had been deposed.  *Id*., Exs.1-3.  Isaacson's counsel asked at least five times whether Dr. Muransky was deposed.  *Id*., Exs. 1, 3, 4, & 8 (twice).  Class counsel have never even acknowledged the question, much less responded.

Defense counsel demurred too, saying that "Godiva does not wish to discuss what information it furnished to Dr. Muransky's attorneys in this action, other than the information that already appears on the record." *Id*., Ex. 4.  Defense counsel would not say whether Dr. Muransky had been deposed, and cited a protective order.  *Id*. (referencing Doc. 42, ¶2).   But the stipulation and joint motion re protective order was submitted after the court's preliminary approval of the settlement, appears designed solely to facilitate notice and claims, and only refers to the production of class member information needed for those purposes.  *See* Doc. 41 at 3, Doc. 42 at 1.  The protective order does not refer to any merits discovery on the class' legal claims or the class representative's qualifications.  Thus, it appears quite likely that little or no merits discovery was taken.  It is highly improbable that a corporate defendant such as Godiva meaningfully responded to discovery in a class action without insisting first upon the entry of a comprehensive protective order.

To date, neither party will say whether Dr. Muransky was deposed, or explain what other discovery was conducted.   The parties' papers filed in support of final approval were decidedly vague.  While plaintiff's motion for final approval was stricken for exceeding the page limit (Doc. 71), Mr. Isaacson has no reason to believe Dr. Muransky's anticipated remedial motion

will be any more informative – particularly in light of class counsel's steadfast refusal to provide requested information thus far.  Godiva's motion in support of final approval is similarly unavailing with regard to the scope of discovery, stating simply that it produced "discovery about the merits and Godiva's defenses" (Doc. 68 at 1), and that the Court "allowed the case to proceed to discovery." (Doc. 68 at 7).  We have no information regarding merits discovery beyond these vague, conclusory statements.

Constitutional due process is implicated when parties to a class settlement stonewall class members' basic inquiries about the case.  Dr. Muransky's counsel's posture justifies judicial intervention to compel disclosure and access, lest the parties withhold relevant information from this Court.  The record strongly suggests that there may have been too little merits discovery in the case to permit Dr. Muransky, class counsel, or this Court to determine whether or not representation is adequate and the settlement is fair.  For all that appears, objector Isaacson's deposition may be the first taken in the case.

Isaacson cooperated with Dr. Muranksy's demand that Mr. Isaacson sit for a deposition. By contrast, Dr. Muransky and his counsel have totally refused to disclose information to which Isaacson is unquestionably entitled.  He therefore asks that this Court (1) require Dr. Muransky to respond to Isaacson's questions, (2) provide a copy of any deposition or other testimony of Dr. Muransky that is in the parties possession, and (3) order the settling parties to provide Isaacson's counsel with a detailed description of and access the discovery, if any, that was taken, and (4) direct class counsel to make class representative Dr. Muransky available for deposition.

**II. ARGUMENT**

    **A.  Objector should be Given Access to Discovery Produced in this Case**

Although objecting class members have no "absolute right" to take discovery, *In re Community Bank of Northern Virginia*, 418 F.3d 277, 316 (3d Cir. 2005), a district court should afford objectors reasonable discovery when doing so will permit "meaningful participation in the fairness hearing without unduly burdening the parties or causing an unnecessary delay." *In re Domestic Air Transp. Antitrust Litig.,* 144 F.R.D. 421, 424 (N.D.Ga.1992).

With respect to *existing* discovery already produced in the litigation, on the other hand, the parties must be forthcoming with objectors:

> [T]he *Manual on Complex Litigation* instructs that "[p]arties to the settlement agreement should generally provide access to discovery produced during the litigation

>phases of the class action (if any) as a means of facilitating appraisal of the strengths of the class positions on the merits."

NEWBERG ON CLASS ACTIONS § 13:32 (5th ed.), quoting MANUAL FOR COMPLEX LITIGATION, FOURTH, § 21.643.

Refusing access to basic information may violate due-process rights of unnamed class members who are entitled to "preserve[] their own interests in a settlement that will ultimately bind them, despite their expressed objections before the trial court."  *Devlin v. Scardelletti*, 536 U.S. 1, 2, 122 S. Ct. 2005, 2007, 153 L. Ed. 2d 27 (2002).   Objectors must be able to independently assess the settling parties' assertions of fairness, based on the record developed in the case.  *Girsh v. Jepson*, 521 F.2d 153, 157-58 (3d Cir. 1975) (it is "elemental" that an objector is "entitled to an opportunity to develop a record in support of his contentions by means of cross examination and argument to the court" and that the denial of that opportunity is a violation of due process) (quoting *Greenfield v. Villager Industries, Inc.,* 483 F.2d 824, 833 (3d Cir. 1973)); *cf. Plummer v. Chem. Bank*, 668 F.2d 654, 659 (2d Cir. 1982) (while "we do not expect district judges to convert settlement hearings into trials on the merits," still "[t]here must be some evidentiary foundation in support of the proposed settlement") (internal quotation marks and citation omitted).

Despite these authorities, the settling parties here have refused to say what discovery was taken, much less allow reasonable access to it.   That is a red flag, justifying an order giving access to existing discovery, and permitting additional discovery.  *In re Community Bank*, 418 F.3d at 316 ("discovery may be appropriate if lead counsel has not conducted adequate discovery or if the discovery conducted by lead counsel is not made available to objectors.") (citing *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *see also In re Wachovia Corp. Pick-A-Payment Mortgage Mktg. & Sales Practices Litig.*, No. CV 09-02015 JF PSG, 2011 WL 1496342, at *2 (N.D. Cal. Apr. 20, 2011) (granting objector's motion to compel discovery); *In re Domestic Air Transp.*, 144 F.R.D. at 425 (directing responses to objector interrogatories bearing on the value of relief, finding that discovery relevant to the court's consideration of the settlement's fairness).

When class counsel are evasive about the discovery taken in the case, doubt creeps in about whether they have adequately developed sufficient factual grounds for negotiating and recommending the settlement.  *In re Community Bank*, 418 F.3d at 307-308 (observing that "without adequate exploration of the absent class members' potential claims, it is questionable

4

whether class counsel could have negotiated in their best interests".); *cf. In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 24, 28 (D.D.C. 2001) (permitting objectors circumscribed discovery because theoretical possibility of conflict, "if it can be substantiated, could help the Court in evaluating the adequacy of representation of the class and the fairness of the settlement.")

### B. Objector should be permitted to depose Dr. Muransky

Here, it appears that little or no discovery took place, and there are serious questions concerning adequacy of representation in light of the class representative's apparent criminal record. Additionally, the basis for Dr. Muransky's requested "incentive" payment is unclear from the record. Had class counsel voluntarily provided information on these issues, access to discovery or additional discovery might have been moot. *Cf. Keepseagle v. Vilsack*, 102 F. Supp. 3d 205, 221 (D.D.C. 2015) (additional objector discovery to establish class opposition to *cy pres* provisions not necessary when settling parties conceded the point); *Estevez–Yalcin v. Children's Village*, 331 F.Supp.2d 170, 180 (S.D.N.Y.2004) (where a party "concedes that it did no background check at all on [a particular individual], ... further discovery on that issue is unnecessary"). Instead, class counsel refused to provide basic information on issues that remain highly relevant, justifying additional discovery. *In re Community Bank*, 418 F.3d at 316.

Here, *both* parties are close-mouthed about the evidence in the case and the status of discovery, raising a strong possibility of collusion in reaching settlement. That, too, justifies discovery by objectors. *Staton v. Boeing Co.*, 327 F.3d 938, 958, 55 Fed. R. Serv. 3d 1299 (9th Cir. 2003) (noting "[t]he district court … permitted discovery on the allegations of outright collusion between class counsel and Boeing…."). Whether and when the settling parties were aware of Dr. Muransky's background, and what they decided to do about it, are squarely at issue in determining adequacy of representation here. Whether there was genuine merits discovery also is highly relevant. There may have been none.

This kind of extrinsic evidence of collusion could even justify limited discovery of the settlement negotiations themselves "where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive.' " *Mars Steel Corp. v. Continental Illinois National Bank & Trust Co.,* 834 F.2d 677, 684 (7th Cir.1987); *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106, 1124 (7th Cir. 1979)

5

(holding that "the plaintiff-objectors were entitled to discovery to determine whether the [settlement] negotiations may have prejudiced the interests of the class").

### III.  CONCLUSION

As things stand, there is good reason to doubt that this Court will be given sufficient information to assess the proposed settlement and fee award.  *Plummer,* 668 F.2d at 659.   Class counsel's lack of candor about the discovery,  the class representative's as yet unexplained background, and the potential of a collusive settlement, together threaten unnamed class members' right to due process – unless the Court takes corrective action by ordering the settling parties to provide Isaacson's counsel with any testimony of Dr. Muransky in their possession, to provide a detailed description of and access to the discovery (if any) that was taken this case, and to order Dr. Muransky to sit for a short deposition.

### Rule 7.1(a)(3) Conferral

The undersigned hereby certifies that he has conferred with all parties who may be affected by the relief sought in this motion (*see, e.g.,* Davis Decl. filed herewith) in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Date:  September 9, 2016                                        Respectfully submitted,


                                                                                    s/ John W. Davis

                                                                    John W. Davis (FL Bar No. 193763)
                                                                    john@johnwdavis.com
                                                                    Law Office of John W. Davis
                                                                    501 W. Broadway, Suite 800
                                                                    San Diego, CA  92101
                                                                    Telephone:  (619) 400-4870
                                                                    Facsimile:  (619) 342-7170

                                                                    *Attorney for class member Eric Alan Isaacson*

## CERTIFICATE OF SERVICE

### CASE NO. 0:15-CV-60716-WPD

I hereby certify that on September 9, 2016, I filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

Date:  September 9, 2016

                                                s/ John W. Davis
                                                  John W. Davis