# APPENDIX 1

<u>Settlement Agreement</u>

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:15-cv-60716-WPD

| | | |
|---|---|---|
| DR. DAVID S. MURANSKY, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | **CLASS ACTION** |
| v. | ) ) | |
| GODIVA CHOCOLATIER, INC., a New Jersey corporation, | ) ) ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("this Agreement") is entered into between and among the following parties (the "Parties"), by and through their respective counsel: Dr. David Muransky ("Class Representative"), on behalf of himself and the Settlement Class (as hereinafter defined) and Godiva Chocolatier, Inc. ("Godiva"). This Agreement fully and finally compromises and settles any and all Fair and Accurate Credit Transaction Act ("FACTA") claims that were or could have been asserted in the lawsuit styled as *Muransky v. Godiva Chocolatier, Inc.*, Case No. 15-cv-60716-WPD (S.D. Fla) ("Litigation").

WHEREAS, in April 2015, Plaintiff Dr. David S. Muransky, individually and on behalf of a putative class, filed a complaint in the United States District Court for the Southern District of Florida, alleging willful violations of FACTA against Godiva;

WHEREAS, Muransky alleged that receipts issued by Godiva for point-of-sale credit and debit card transactions displayed more than the last 5 digits of the card number in violation of FACTA;

WHEREAS, Muransky alleged that he and other similarly situated individuals are entitled to statutory and punitive damages, attorneys' fees and costs as a result;

WHEREAS, Godiva unsuccessfully moved to dismiss Muransky's complaint;

WHEREAS, Godiva answered Muransky's complaint and denied his claims;

WHEREAS, the Parties sought negotiated resolution to the Litigation and conducted a mediation session before Rodney Max of Upchurch Watson White & Max on November 3, 2015;

WHEREAS, for settlement purposes only, Muransky seeks that this Court certify the Settlement Class and appoint him as Class Representative and his attorneys Scott D. Owens, Michael S. Hilicki, Bret L. Lusskin and Patrick Crotty as Class Counsel in this case;

WHEREAS, based on discovery and the experience of Class Counsel, the Class Representative and Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class and in the best interest of the Settlement Class;

WHEREAS, the Class Representative, on behalf of himself and as the representative of the Settlement Class, and Godiva, desire to resolve the disputes between them;

WHEREAS, the Class Representative, on behalf of himself and as the representative of the Settlement Class, and Godiva, will execute this Agreement solely to compromise and settle protracted, complicated and expensive litigation; and

WHEREAS, Godiva has denied and continues to deny any and all liability or wrongdoing to the Class Representative and to the Settlement Class including, without limitation, on the grounds that Godiva never willfully generated any receipt with more than the permitted number of credit card number digits, and that any such alleged receipts were generated solely as the result of an inadvertent error in a software update performed by a third party vendor, where this mistake was made without Godiva's knowledge or intent and which vendor has agreed to indemnify Godiva for a substantial portion of its monetary liability in this action, but where Godiva has nonetheless concluded that further conduct of the Litigation would be protracted and expensive, and has taken into account the uncertainty and risks inherent in this Litigation, and has determined that it is desirable that the Litigation be fully, completely, and finally settled in the manner and upon the terms set forth herein.

NOW, THEREFORE, the undersigned counsel on behalf of the Parties agree that the Litigation shall be settled, compromised, and/or dismissed on the merits and with prejudice on the terms and conditions set forth in this Agreement, and without costs (except as provided herein),

subject to Court approval of this Agreement after a hearing and on finding that it is a fair,

reasonable, and adequate settlement.

## I.   SETTLEMENT CLASS DEFINITION

For purposes of settlement only, the Parties agree to certification of the following as the

Settlement Class:

> (i) All persons in the United States (ii) who, when making payment for goods or services at a Godiva retail store located in the United States, (iii) made such payment using a credit or debit card (iv) and were provided with a point-of-sale receipt (v) which displayed more than the last 5 digits of said credit or debit card number (vi) between April 6, 2013, and November 20, 2015.

> Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eleventh Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

Persons meeting this definition are referenced herein collectively as the "Settlement Class," and

individually as "Settlement Class Members." Godiva believes that the Settlement Class may

include as many as 342,000 persons who may meet this class definition. Excluded from the

Settlement Class is any individual who properly opts out of the Settlement pursuant to the

procedure described herein.

## II.   OTHER DEFINITIONS

As used in this Agreement, the following terms have the meanings set forth below. Terms

used in the singular shall include the plural and vice versa.

> A.   "Agreement" means this Agreement and all attachments and exhibits, which the
>
> Parties understand and agree set forth all terms and conditions of the Settlement
>
> between them and which is subject to Court approval. It is understood and agreed

3

that Godiva's obligations for payment under this Agreement are conditioned on, among other things, Final Approval.

B.  "Claims Administrator" and "Claims Office" shall mean a claims administrator to be agreed upon by the Parties which shall be responsible for administrative tasks, including, without limitation: (a) arranging for distribution of the Class Notice and Settlement Claim Forms to Settlement Class Members; (b) making any mailings to Settlement Class Members required under the terms of this Agreement; (c) answering written inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee; (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the Settlement; (e) establishing the Settlement website that posts notices, Settlement Claim Forms, and other related documents; (f) receiving and processing claims from and distributing payments to Settlement Class Members; and (g) otherwise assisting with implementation and administration of the terms of this Agreement.

C.  "Claims Deadline" shall have the same meaning as set forth in the Preliminary Approval Order issued by the Court, in substantially the form set forth in Exhibit 1, the date of which shall be 60 days after the deadline for notice to be sent to Class Members.

D.  "Class Counsel" means

4

Scott David Owens
Patrick Christopher Crotty
Scott D. Owens, P.A.
3800 S. Ocean Drive
Suite 235
Hollywood, FL 33019

Michael S. Hilicki
Keogh Law LTD
55 W. Monroe Street
Suite 3390
Chicago, Illinois 60603

Bret L. Lusskin, Jr., Esq.
BRET LUSSKIN, P.A.
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180

E.      "Class Notice" means the "Summary Notice" and "Full Notice" to be approved by

the Court substantially in the form attached hereto as Exhibits 2 and 3.

F.      "Counsel for Godiva" means

Brian Melendez
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3903

Charles P. Flick
Shawn Y. Libman
SEIPP, FLICK & HOSLEY, LLP
Two Alhambra Plaza, Suite 800
Coral Gables, FL 33134

G.      "Effective Date" means the date on which the Order of Final Approval becomes

Final.

H.      "Fairness Hearing" means a hearing set by the Court to take place no sooner than

149 days after entry of the Preliminary Approval Order for the purpose of:

(i) determining the fairness, adequacy and reasonableness of this Agreement and

5

associated settlement pursuant to class action procedures and requirements; and (ii) entering the Order of Final Approval.

I.    "Final" or "Finally Approved" or "Final Approval" of this Agreement means that the time has run for any appeals from a final approval order of the Court, or any such appeals have been resolved in favor of this Agreement.

J.    "Godiva Releasees" means Godiva, each of its affiliates, parents, subsidiaries, predecessors, successors, co-venturers, divisions, joint ventures and assigns, as well as each of those entities' past or present owners, investors, directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, indemnitors, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, consultants, vendors, contractors, volunteers, performers, co-marketers, licensors, concessionaires, franchisors, and assigns.

K.    "Opt-Out Deadline" shall have the same meaning as set forth in the Preliminary Approval Order issued by the Court, in substantially the form set forth in Exhibit 1, the date of which shall be 60 days after the deadline for notice to be sent to Class Members.

L.    "Order of Final Approval" means an order to be entered and filed by the Court granting final approval to the Settlement and ruling on Class Counsel's application for reasonable attorneys' fees and expenses, and an incentive award for the Class Representative, substantially in the form attached hereto as Exhibit 4.

M.    "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

6

N.  "Preliminary Approval Order" means an order to be entered and filed by the Court certifying the Settlement Class and granting preliminary approval to the Settlement substantially in the form attached hereto as Exhibit 1.

O.  "Released Claims" means any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory claims (including but not limited to claims arising under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, as amended by the Fair and Accurate Credit Transactions Act, Pub. L. 108–159, and 15 U.S.C. §1681c(g)), constitutional claims and common law claims, whether known or unknown, that the Settlement Class Members have or may have against the Godiva Releasees, or any of them, for any type of relief, including, without limitation, actual damages, statutory damages, punitive damages, interest, attorneys' fees, costs, expenses, restitution, or equitable relief, that arise or could arise, or were asserted or could have been asserted, based on the facts alleged in the complaint referenced above.

P.  "Settlement Amount" means the sum of $6.3 million dollars ($6,300,000.00).

Q.  "Settlement Claim Form" means a form, substantially in the form attached hereto as Exhibit 5 (for recipients of the notice by mailing as per paragraph IV(B)(1) below) or Exhibit 6 (for recipients of the notice by publication as per paragraph IV(B)(4) below), to be completed by Settlement Class Members and submitted to the Claims Administrator. Each Settlement Claim Form shall require the Settlement Class Member to provide: (a) his or her name; (b) physical address; (c) phone number, which shall be optional; and (d) e-mail address to the extent that he or she has one. The Settlement Claim Form for use by recipients of the notice by

7

publication (as per paragraph IV(B)(4) below) must also contain a verification sufficient to establish membership in the Settlement Class. The Settlement Claim Form shall require each Settlement Class Member to attest that the information he or she is providing is true and correct as of the date thereof to the best of his or her knowledge and belief.

R.      "Settlement Fund" means the fund used to pay all claims relating to the settlement of the Litigation and all Released Claims pursuant to this Agreement.

## III.   SETTLEMENT TERMS

### A.     Certification of Settlement Class and Conditional Nature of Agreement

For settlement purposes only, Godiva conditionally agrees and consents to certification of the Settlement Class. Godiva's conditional agreement is contingent upon execution of this Agreement by the Parties, entry of the Order of Final Approval by the Court, and that Order of Final Approval becoming Final. Except as provided below, if this Agreement, for any reason, is not Finally Approved or is otherwise terminated, it shall be null and void, it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms and entry of the Agreement shall remain subject to the Local Rules of the United States District Court for the Southern District of Florida and the provisions of Federal Rule of Evidence 408 and any similar state law.

Godiva denies all of the claims as to liability, damages, losses, penalties, interest, fees, restitution and all other forms of relief as well as the class action allegations asserted in the Litigation. Godiva has agreed to resolve this Litigation through this Agreement, but to the extent this Agreement is deemed void or Final Approval does not occur, Godiva does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation

8

upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges. The Class Representative and Class Counsel agree that Godiva retains and reserves all of these rights and agree not to take a position to the contrary.

**B.    Settlement Amount**

In full and final settlement of the Settlement Class's claims, Godiva shall pay the Settlement Amount of $6.3 million dollars ($6,300,000.00). The Settlement Amount shall include, but is not necessarily limited to, the full and complete cost of Settlement Class benefits and compensation, all settlement notices and claims administration and all related administrative costs, the Class Representative's award (if any is authorized by the Court) and Class Counsel's attorneys' fees and expenses (as authorized by the Court).

**C.    All Released Claims Satisfied by Settlement Fund**

Each Settlement Class Member shall look solely to the Settlement Fund for settlement and satisfaction of all Released Claims as provided in this Agreement.

**D.    Settlement Fund**

Godiva will pay the $6.3 million dollar ($6,300,000.00) Settlement Amount to the Claims Administrator after Final Approval. Godiva states that a third-party vendor has agreed to indemnify Godiva for a substantial portion of its monetary liability in this action, and that Godiva's payment will include that vendor's indemnity payment. After entry of the Preliminary Approval Order, Godiva will advance funds before Final Approval necessary to send notice and administer the Settlement, in an amount not to exceed $100,000.

The remainder of the Settlement Amount, net of the cost of notice and claims administration, the attorneys' fee award and any class representative incentive awards, shall be

distributed pro rata to Settlement Class Members who submit Settlement Claim Forms that are received on or before the Claims Deadline and are accepted by the Claims Administrator in compliance with the procedures set forth in the Class Notice, Preliminary Approval Order and Order of Final Approval. Settlement Class Members to whom a Summary Notice is mailed and who submit a timely and accepted claim shall be entitled to a pro-rata share for each debit and credit card transaction at a Godiva retail store in the United States during the time period that, according to Godiva's records as determined by the Claims Administrator, was not properly truncating debit and credit card numbers on transaction receipts, provided that each such person shall receive at least one pro rata share, and provided further that no payment to any such person may exceed $1,000 per transaction. A putative Settlement Class Member to whom a Summary Notice is not mailed and who claims that between April 6, 2013, and November 20, 2015, a Godiva retail store or stores in the United States provided him or her with one or more printed point-of-sale credit- or debit-card transaction receipt(s) that included more than the last five digits of the card number for the card used in the transaction, and who submits along with his or her Settlement Claim Form a sworn statement itemizing the store(s) that provided each such receipt or the date(s) when each such receipt was provided, shall be entitled to a pro-rata distribution for each transaction involving the person that, according to Godiva's records as determined by the Claims Administrator, the store was not properly truncating debit and credit card numbers on transaction receipts, provided that no payment to any Settlement Class Member may exceed $1,000 with respect to each such receipt or transaction. The distribution shall be as follows:

       i.   Settlement Awards shall be paid by check. The Claims Administrator shall mail, by first-class mail, a check to each claiming Settlement Class Member eligible to receive payment within 45 days after the Effective

10

Date. The Claims Administrator will perform skip tracing and re-mailing, as reasonably necessary. Checks will be valid for 120 days from the date on the check. The amounts of any checks that are returned as undeliverable or that remain uncashed more than 120 days after the date on the check will be included as part of the Second Distribution (as defined below).

ii. <u>Second Distribution</u>. If, after the expiration date of the checks distributed pursuant to subparagraph i. above, there remains money in the Settlement Fund sufficient to pay at least $10 to each Settlement Class Member who cashed his or her initial settlement check prior to the expiration date of such check, such remaining monies will be distributed on a pro-rata basis to those Settlement Class Members (the "Second Distribution"). The Second Distribution shall be made within 90 days after the expiration date of the checks distributed pursuant to subparagraph i. above, and shall be paid in the same manner as the first distribution. Checks issued pursuant to the Second Distribution will be valid for 120 days from the date on the check.

iii. <u>Remaining Funds</u>. Money in the Settlement Fund that has not been distributed after the expiration of checks issued pursuant to the Second Distribution as set forth in subparagraph ii. above, including but not limited to money not distributed because there is not enough money in the Settlement Fund to justify a Second Distribution (the "Remaining Funds") or because each eligible Settlement Class Member has received

11

the maximum of $1,000 per eligible receipt, shall be paid as *cy pres* to a charity or charities. In that event, the Parties will jointly petition the Court for a *cy pres* distribution to a charity or charities, and each Party will recommend and advocate for a charity or charities as a *cy pres* recipient. The Class Representative proposes the National Consumer Law Center, Inc., a not-for-profit organization, and Godiva proposes Save the Children Federation, Inc., a Connecticut not-for-profit corporation. Based on the Parties' input, the Court may order the Remaining Funds to be distributed to a charity or charities, and may allocate the funds to more than one charity, including each of the charities recommended by the Parties. No money remaining in the Settlement Fund shall revert to or otherwise be paid to Godiva.

**E.    Reversion to Godiva if Final Approval Does Not Occur.**

In the event the Agreement is not Finally Approved, or is cancelled or terminated or otherwise becomes null and void for any reason, the remainder of the Settlement Fund, net of fees and costs paid or incurred for the Class Notice, shall revert back to Godiva.

**F.    Attorneys' Fees and Class Representative Incentive Awards**

To the extent that the Court orders an award of attorneys' fees and expenses to any Class Counsel, or an incentive award to the Class Representative, such awards will be paid from the Settlement Amount within fourteen (14) days after the Effective Date.

1.    Attorneys' Fees and Expenses

Class Counsel will petition the Court for an award of attorneys' fees plus expenses to be paid solely from the Settlement Amount. This award shall be Class Counsel's total recovery for

attorneys' fees, costs, and/or adequately supported expenses of any kind (including, but not limited to, mediation fees, travel, filing fees, court reporter, and videographer expenses, expert fees and costs, and document review and production costs). Class Counsel shall be responsible for allocating and shall allocate all attorneys' fees and expenses that are awarded by the Court among Class Counsel, and Godiva shall have no responsibility, role, or liability in connection with such allocation.

        2.     Class Representative Incentive Award

Class Counsel may petition the Court for an incentive payment for the service to the Class and the time and effort that the Class Representative personally invested in this Litigation. Class Counsel shall be responsible for distributing to the Class Representative any incentive payment awarded by the Court, and Godiva shall have no responsibility, role, or liability in connection with such payment.

**G.    Motion for Preliminary Approval**

Concurrent with submission of this Agreement for the Court's consideration, Class Counsel shall submit to the Court a motion for preliminary approval of this Agreement. The motion shall seek entry of a Preliminary Approval Order substantially in the form attached as Exhibit 1.

**IV.    CLAIMS ADMINISTRATION**

**A.    Claims Administrator/Claims Office**

The Claims Administrator may appoint as many claims officers, experts, and/or advisors as are necessary to carry out the duties of the Claims Office expeditiously. The Claims Office procedures shall be subject to Court approval and under the continuing jurisdiction of the Court. The Claims Office shall be responsible for disseminating information to Settlement Class Members concerning settlement procedures. In addition, the Claims Office shall assist the Court

in processing and tabulating opt-out requests, shall receive all opt-out forms and documentation, shall receive, process, classify, and pay claims as provided in this Agreement and any applicable orders of the Court, and shall operate under the continuing supervision of the Court.

    **B.**    **Notice**

        1.    Mailing

A copy of the Summary Notice substantially in the form attached hereto as Exhibit 2, shall be mailed by first class mail to every Settlement Class Member for which there is address information, by the deadline established by the Preliminary Approval Order. Such mailing shall be completed by the Claims Administrator. If it has not already done so, promptly after signing this Agreement Godiva shall provide Class Counsel with all address information it has for Settlement Class Members, and it agrees to endeavor to facilitate the retrieval of Settlement Class Member information from any third party, including, but not limited to, Bank of America Merchant Services, American Express, Discover, and any other third party involved in processing Godiva debit or credit card transactions. For those Settlement Class Members for whom Godiva does not have address information, Godiva shall produce information, if any, it does have about them that Class Counsel reasonably requests for the purpose of obtaining contact information for Settlement Class Members, including, but not limited to, credit and debit card information. The Parties agree that this information may be shared with the Class Administrator, and any party Class Counsel decides to subpoena for the limited purpose of obtaining Settlement Class Member contact information. This information shall otherwise be kept confidential.

        2.    Website

By the deadline for mailing the class notice, the Claims Administrator shall establish and maintain a settlement website that (i) enables Settlement Class Members to submit a claim and

access and download the Settlement Claim Form, (ii) provides contact information for Class Counsel, (iii) and provides access to relevant documents. Such documents shall include this Agreement and Class Notice; the Preliminary Approval Order; the First Amended Complaint; and when filed, the Order of Final Approval. The Class Notice shall include the address (URL) of www.GodivaFACTASettlement.com for the settlement website. The claims administrator shall maintain the settlement website until at least 30 days following the Claims Deadline.

3.     Reminder

If Class Counsel deems it necessary, the Claims Administrator shall send a reminder notice in substantially the form attached hereto as Exhibit 2 (except that the notice may be captioned with the phrase "Reminder Notice") by first class mail, to every Settlement Class Member for whom there is address information and who has not submitted a claim, between the deadline for initially sending notice of the Settlement to the Class and the Claims Deadline.

4.     Publication

Provided that at least 70% of the Settlement Class Members can be sent notice by mail or electronic mail, no additional notice is necessary or required as approved by the Court. If the notice by mail or electronic mail cannot be sent to at least 70% of the Settlement Class Members, then the Claims Administrator shall use publication notice in a single third party location/publication, or multiple locations/publications if reasonably necessary, to be agreed upon by the Parties' counsel (or set by the Court if the Parties' counsel cannot agree) to the extent reasonably calculated to reach at least 70% of the Settlement Class Members, inclusive of those Settlement Class Members reached through the mailed Notice.

15

5.      Opt-Out

The Class Notice shall provide a procedure whereby Settlement Class Members may exclude themselves from the Settlement Class by mailing a request for exclusion. Any Settlement Class Member who does not validly request exclusion before the Opt-Out Deadline shall be a Settlement Class Member and shall be bound by the terms of this Agreement.

6.      Objections

The Class Notice shall also provide a procedure for Settlement Class Members to object to the settlement set forth herein and any of its terms. Objections must be received by the deadline set by the Court.

7.      CAFA Notice

Godiva will serve any notices required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, by no later than ten (10) days after the motion for preliminary approval with the proposed Settlement Agreement is filed with the Court.

**C.      Claims Process**

In order to make a claim, a Settlement Class Member must submit a completed Settlement Claim Form in compliance with the procedures set forth in the Class Notice, Preliminary Approval Order and Order of Final Approval. All claims must be submitted by the Claims Deadline as set forth in the Class Notice. Any Claim Form submitted after the Claims Deadline shall be deemed untimely and an invalid claim. Godiva shall promptly provide the Claims Administrator with a list of Godiva retail stores (including their identification numbers) in the United States that printed debit and credit card transaction receipts without properly truncated debit and credit card numbers, and the date range within which each store was printing such receipts. Godiva will also promptly

produce all retail store transaction information, with regard to retail stores located in the United States, that the Claims Administrator requests for the purpose of evaluating claims.

### D.    Retention of Records

The Claims Administrator shall retain all records relating to payment of claims under this Agreement for a period of five (5) years from the Effective Date of the Agreement. The confidentiality of those records shall be maintained in accordance with the Preliminary Approval Order.

### V.    EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS/JURISDICTION

### A.    Exclusive Remedy

This Agreement shall be the exclusive remedy for any and all Released Claims, any claim arising out of the subject matter of this Agreement, and any complaint by the Settlement Class or any Settlement Class Member against the Godiva Releasees related to the Released Claims. No Godiva Releasee shall be subject to liability or expense of any kind to the Settlement Class or any Settlement Class Member related to the Released Claims except as provided in this Agreement. This Agreement shall be binding upon, and inure to the benefit of the Parties' successors and assigns.

### B.    Dismissal of Claims

The Parties agree that upon the Effective Date of this Agreement, the Litigation shall be dismissed with prejudice in accordance with the Order of Final Approval and Judgment, substantially in the form attached as Exhibit 4.

### C.    Jurisdiction

The Court shall retain exclusive and continuing jurisdiction over this Litigation, the Parties, and this Agreement with respect to the performance of its terms and conditions (and disputes

arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

## VI.    RELEASES

Upon the Effective Date of this Agreement, the Godiva Releasees shall be released and forever discharged by the Class Representative, the Settlement Class, and each Settlement Class Member from all Released Claims. The Settlement Class and each Settlement Class Member covenant and agree that they shall not hereafter seek to establish liability against any Godiva Releasee based, in whole or in part, on any of the Released Claims. The Class Representatives, the Settlement Class, and each Settlement Class Member expressly waive and relinquish any and all rights which they may have under Section 1542 of the California Civil Code or any similar statute of the United States. Section 1542 reads as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representative, the Settlement Class, and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative, the Settlement Class, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order of Final Approval and Judgment shall have, nevertheless, fully, finally, and forever waived, settled and released any and all Released Claims, regardless of such subsequent discovery of additional or different facts.

## VII.   MISCELLANEOUS PROVISIONS

### A.   Cooperation to Facilitate this Settlement.

The Parties agree that they shall work together in good faith to facilitate this settlement, as well as undertake any required steps to effectuate the purposes and intent of this Agreement.

### B.   Representation by Counsel

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

### C.   No Admission of Liability

Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall be construed as an admission by any person or entity, of any liability or wrongdoing of any Party, or of the truth of any allegations made by the Class Representative, on behalf of himself or the Settlement Class, against Godiva. Godiva expressly denies and disclaims any liability or wrongdoing. The existence, contents and terms of Agreement, and any negotiations, statements, or proceedings in connection therewith, shall not be admissible in evidence for any such purpose in any proceeding, except solely for purposes of enforcement of its terms; however, this Agreement may be used by either Party and pleaded as a full and complete defense to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted with respect to any of the Released Claims, and may be filed, offered, and received into evidence, and otherwise used for such defense.

19

### D.   Contractual Agreement

The Parties understand and agree that all terms of this Agreement are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

### E.   Change of Time Periods

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Godiva's counsel, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to Court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

### F.   Integration

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement supersedes all prior representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings, or undertakings with respect to the subject matter of this Agreement.

### G.   Drafting

The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*. This Agreement is a collaborative effort of the Parties and their respective attorneys.

### H.    Costs

Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

### I.    Modification or Amendment

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

### J.    No Waiver

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

### K.    Severability

Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder; provided, however, that the terms of this Paragraph shall not apply should any court or tribunal find any part, term, or provision of the release, as set forth in Section VI, to be illegal or invalid in any manner.

**L.     No Consent**

To the Parties' knowledge and belief, except as expressly provided herein, no consent, authorization, action, or approval of, notice to or filing with, waiver or exemption by, any person or entity which has not been obtained, including, without limitation, any governmental, public or self-regulatory body or authority, is required in connection with the execution, delivery and performance of this Agreement or consummation of the transactions contemplated hereby by the Parties hereto.

**M.     No Violation of Law or Agreement**

The execution, delivery and performance of this Agreement by the Parties hereto does not and will not, conflict with, violate, result in a breach of, or cause a default under, (a) any applicable provision of any federal, state or local law or regulation, (b) any provision of any order, arbitration award, judgment or decree, or (c) any provision of any agreement or instrument applicable to the Parties.

**N.     Successors**

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties thereto.

**O.     Choice of Law**

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the state in which the Settlement is granted final approval, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs. The adequacy of the settlement, and any determination regarding class counsel's fees and expenses, and any incentive payment, shall be governed by federal law.

**P.    Fair and Reasonable**

The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims, in the best interest of the Parties, and have arrived at this Agreement as a result of extensive arms-length negotiations.

**Q.    Headings**

Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

**R.    Exhibits**

The Exhibits to this Agreement are expressly incorporated and made part of the terms and conditions set forth herein.

**S.    Counterparts**

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

**T.    Facsimile and Electronic Mail**

Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

**U.    Warranty of Signature**

Each signer of this Agreement represents and warrants that he or she is authorized to execute this Agreement in his or her official capacity on behalf of the Party to this Agreement for which he or she is signing and that this Agreement is binding on the principal represented by that signatory.

23

**V.    No Assignment**

Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party and that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party. Any Party that breaches the representations and warranties set forth in this Paragraph shall indemnify and hold harmless each other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this Paragraph.

**W.    Settlement to Proceed Regardless of Outcome of *Robins v. Spokeo*.**

This Settlement was reached during and based in part on the pendency of *Robins v. Spokeo* in the United States Supreme Court. Should a federal Court presiding over this Litigation determine that it lacks subject matter jurisdiction based on the outcome of the *Spokeo* appeal, the Parties agree to proceed with this Settlement, without material change other than any necessary solely to accommodate a change to a state court jurisdiction and setting, in Chicago, Illinois. If this case is re-filed in state court pursuant to this section, then:

1. Plaintiffs are entitled to file the same or materially the same motion for preliminary approval contemplated by this Agreement, along with this Agreement;

2. The Parties agree to propose materially the same proposed preliminary approval order, final approval order, notices and claim form proposed here; the only changes that shall be made, and only if deemed necessary, shall be to reflect the change of court, the

passage of time, any need for a new state court presiding over the matter to make its own findings regarding the propriety of certifying the settlement class, and any other change in circumstance the parties to this settlement mutually agree is needed to secure the final approval of this Agreement;

3.  The Parties agree to certification for settlement purposes only of the Settlement Class as set forth above;

4.  Godiva hereby waives any statute of limitations defense or venue objection it might have against Plaintiff or any class member created as a result of the need to refile the case in state court because the federal Court determined that it lacked subject matter jurisdiction based on the outcome of the *Spokeo* appeal, provided that the case is refiled in state court within the later of 30 days after any such determination by the federal Court, or 30 days after the termination of any appeal of that determination; and

5.  The Parties shall work in good faith to facilitate the Settlement, promptly secure its final approval from the state court, and promptly carry out its terms.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated:  1/22/16          By:  _____

Dr. David Muransky

*Plaintiff and Class Representative*

25

Dated: 1-22-16          By:

Scott D. Owens
Michael S. Hilicki
Bret L. Lusskin
Patrick Christopher Crotty
*Counsel for Plaintiff Muransky and the Class*

Dated: January 22, 2016          By:          GODIVA CHOCOLATIER, INC.

Name: Mohamed Elsarky
Title:  CEO

Dated: 2 2 JAN 2016          By:

Brian Melendez,
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3903

Charles P. Flick
Shawn Y. Libman
SEIPP, FLICK & HOSLEY, LLP
Two Alhambra Plaza, Suite 800
Coral Gables, FL 33134
*Counsel for Defendant Godiva Chocolatier, Inc.*

26