# APPENDIX 4
## Declaration of Scott D. Owens

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| DR. DAVID S. MURANSKY, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | **CASE NO. 0:15-cv-60716-WPD** |
| v. ) ) | |
| GODIVA CHOCOLATIER, INC., a New Jersey corporation, ) ) ) | |
| Defendant. ) | |

## DECLARATION OF SCOTT D. OWENS

I, Scott D. Owens, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

1. I am a sole practitioner and operate under the name Scott D. Owens, P.A.; I am the co-lead attorney representing Plaintiff Dr. David S. Muranskynd the Class in this matter.

2. I am currently a member in good standing of the bars of the following courts:

   State of Florida
   Admitted: October 2, 2002

   United States District Court for the Southern District of Florida
   Admitted: October 10, 2008

   United States District Court for the Middle District of Florida
   Admitted: June 23, 2009

   Eleventh Circuit Court of Appeals
   Admitted: April 30, 2012

   United States District Court for the Eastern District of Michigan
   Admitted: January 9, 2014

   Sixth Circuit Court of Appeals
   Admitted: May 20, 2015

1

3.   I am a 2000 graduate of the New England School of Law. After a short time working in a debt collection law firm, I began to represent persons in consumer rights litigation, both in State and Federal Court; currently, 100% percent of my workload consists of consumer protection litigation, which includes claims brought under FACTA as well as both the FDCPA, and the TCPA. Since 2007, I have been an active member of the National Association of Consumer Advocates (NACA).

4.   My federal litigation practice was featured in the *Daily Business Review* on June 15, 2009 in an article entitled "Federal Law Used Against Abusive Debt Collectors."

5.   At the specific request of Judge Myriam Lehr of Miami-Dade County, I was asked to conduct a Continue Legal Education (CLE) seminar on the basics of FDCPA litigation entitled "How to Defend Against Abusive Debt Collectors"; the event was sponsored by the Miami-Dade Consumer Advocate and held on October 30, 2009.

6.   I was featured on WSVN News (Channel 7) on November 22, 2010 for my pro-consumer work in the area of the Fair Debt Collection Practices Act.

7.   I was a Guest Lecturer at the National Consumer Law Center's "Fair Debt Collection Training Conference" held in Jacksonville, Florida on March 5-6, 2010.

8.   I was Featured Guest Speaker at the request of the Miami-Dade Consumer Services Department during *National Consumer Protection Week* on March 11, 2011.

9.   I instructed a CLE seminar for Legal Services of Greater Miami, Inc., dealing with consumer protection (May 2011).

10.   I conducted a CLE on the topic of consumer protection at Florida International University (June 2012).

11. I conducted a webinar dealing with the FDCPA and TCPA at the request of the National Association of Consumer Advocates (December 2012).

12. I was invited by the Consumer Protection Law Committee to be a guest speaker at the Florida Bar's Annual Convention to be held in Orlando, Florida (June 25-28, 2014). My topics of discussion included the Telephone Consumer Protection Act.

13. I regularly attend legal seminars hosted by the National Consumer Law Center (NCLC), including the following:

*National Consumer Law Center, 17th Annual Consumer Rights Litigation Conference (2008)*

*National Consumer Law Center, Fair Debt Collection Training Conference (2009)*

*National Association of Consumer Advocates, Fair Credit Reporting Act Conference (2009)*

*National Consumer Law Center, 18th Annual Consumer Rights Litigation Conference (2009)*

*National Consumer Law Center, Fair Debt Collection Training Conference (2010)*

*National Consumer Law Center, 19th Annual Consumer Rights Litigation Conference (2010)*

*National Consumer Law Center, 20th Annual Consumer Rights Litigation Conference (2011)*

*National Consumer Law Center, 21st Annual Consumer Rights Litigation Conference (2012)*

*National Consumer Law Center 22nd Annual Consumer Rights Litigation Conference (2013)*

*National Consumer Law Center, Fair Debt Collection Training Conference (2014)*

*National Consumer Law Center 23rd Annual Consumer Rights Litigation*

*Conference (2014)[1]*

*National Consumer Law Center, Fair Debt Collection Training Conference (2015)*

*National Consumer Law Center 24th Annual Consumer Rights Litigation Conference (2015)*

*National Consumer Law Center, Fair Debt Collection Training Conference (2016)*

14. Of the aforesaid legal seminars, I have attended at least four intensive full-day seminars which have dealt exclusively with class action litigation; I am familiar with the ethical and professional guidelines governing class action litigation.

15. I am generally regarded by my peers as one of the leading authorities in the State of Florida with respect to both the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act. To the best of my knowledge, only one other attorney based in the entire State of Florida has litigated more class actions concerning violations of the TCPA.

16. My law practice was featured on the cover of the Sun-Sentinel on September 11, 2011 in an article entitled *Ticked off at debt collectors calling their cellphones, Floridians are fighting back.* The article dealt specifically with the Telephone Consumer Protection Act.

17. Among my many positive published decisions are the following citations:

*Capital One Bank v. Pincus,*
*15 Fla. L. Weekly Supp. 1119d (Fla. Palm Beach Co. Ct. 2008)*

*CACH, LLC v. Quartermaine,*
*15 Fla. L. Weekly Supp. 843b (Fla. Broward Co. Ct. 2008)*

*Discover Bank v. Keith,*
*16 Fla. L. Weekly Supp. 358a (Fla. Broward Co. Ct. 2009)*

*CACV of Colorado, LLC v. Adams,*
*16 Fla. L. Weekly Supp. 319a (Fla. 17th Cir. 2009)*

---

[1] I also served as the co-chairperson for the aforementioned conference.

4

*Cavalry Portfolio Srvcs. v. Machado,*
16 Fla. L. Weekly Supp. 777c (Fla. Broward Co. Ct. 2009)

*Palisades Collection, LLC v. Knighten,*
17 Fla. L. Weekly Supp. 469a (Fla. Miami-Dade Co. Ct. 2010)

*MBNA America Bank, N.A. v. Dan,*
18 Fla. L. Weekly Supp. 308a (Fla. Palm Beach Co. Ct. 2010)

*Bank of America v. Evans,*
948 So.2d 998 (Fla. 3d DCA 2007)

*Patterson v. Consumer Debt Mgmt. and Educ., Inc.,*
975 So.2d (Fla. 4th DCA 2008)

*Whitney v. A Aventura Chiropractic Care Center, Inc.,*
21 So.3d 95 (Fla. 3d DCA 2009)

*Pincus v. Law Offices of Erskine & Fleisher,*
617 F.Supp.2d 1265 (S.D. Fla. May 21, 2009)

*Sanz v. Fernandez,*
633 F.Supp.2d 1356 (S.D. Fla. July 7, 2009)

*Sands v. Wagner & Hunt, P.A.,*
Slip Copy, 2009 WL 2730469 (S.D. Fla. Aug. 28, 2009)

*Chalik v. Westport Recovery Corp.,*
677 F.Supp.2d 1322 (S.D. Fla. Oct. 30, 2009)

*Deuel v. Santander Consumer USA, Inc.,*
700 F.Supp.2d 1306, 2010 WL 1253035, *3 (S.D. Fla. Apr. 1, 2010)

*Knighten v. Palisades Collections, LLC,*
2010 WL 2696768 (S.D. Fla. July 6, 2010)

*Buslepp v. Improv Miami, Inc.,*
Slip Copy, 2012 WL 1560408 (S.D. Fla. May 04, 2012)

*Breslow v. Wells Fargo Bank, N.A.,*
857 F.Supp.2d 1316, 2012 WL 1448444 (S.D. Fla. April 26, 2012)

*Lusskin v. Seminole Comedy, Inc.,*
Slip Copy, 2013 WL 3147339 (S.D. Fla. June 19, 2013)

> *Pimental v. Google, Inc.*,
> No. 11–2585, 2012 WL 691784 (N.D. Cal. Mar. 2, 2012)
>
> *Legg v. Voice Media Group, Inc.*,
> 990 F.Supp.2d 1351, 2014 WL 29594 (S.D. Fla. January 03, 2014)

18.    I was appointed as class counsel in the matter of *McMullen v. Jennings & Valancy, P.A.*, Case No. 10-CV-60050. In certifying me for class counsel, Judge Adalberto Jordan stated, "I find that Mr. Owens can fairly and adequately represent the interests of the class…" and "Mr. Owens has the requisite mastery in these type of claims." I also served as class counsel in the case of *Lithgow v. Eisinger, Brown, Lewis, Frankel, Chaiet & Krut, P.A.* Case No. 0-10-cv-61185-WJZ [See Order dated Dec. 9, 2010]. In March 2012, I was appointed class counsel in *Lee v. Greenspoon Marder*, Case No. 10-cv-61184-Lenard/O'Sullivan and I also served as class counsel in *Bummolo v. The Law Offices of Charles W. McKinnon, P.L.*, No. 2:11-cv-14408-KMM and served as class counsel in *Collins v. Erin Capital Management, LLC*, No. 1:12−cv−22839−CMA; *Rigney v. Livingston Financial, LLC*, No. 6:12-cv-00617-RBD-TBS; *Walker v. Greenspoon Marder, P.A.*, No. 13-CV-14487, 2015 WL 233472 (S.D. Fla. Jan. 5, 2015); and *Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978-JIC, ECF No. 64 (S.D. Fla. June 10, 2015).

19.    Of particular note, I was appointed local liaison counsel in the multidistrict litigation in the Middle District of Florida known as *In Re Enhanced Recovery Company, LLC Telephone Consumer Protection Act Litigation*, No. 6:13−md−02398−RBD−GJK.

20.    I was also appointed joint interim lead counsel in the Southern District of Florida TCPA class action lawsuit, *Soto v. Gallup, Inc.*, No. 0:13-cv-61747-RSR wherein Judge Robin S. Rosenbaum stated that "**Scott D. Owens has vast experience in the area of consumer-**

6

**protection litigation**…" (emphasis added); I was later appointed co-lead counsel after the case was later certified($12 million dollar common fund settlement).

21. I was appointed co-lead class counsel in the TCPA class action, *De Los Santos v. Millward Brown, Inc.*, No. 13-80670-CV, ECF No. 77 (S.D. Fla. Feb. 10, 2015). The case established an $11 million dollar common fund settlement.

22. I served as co-lead counsel in the TCPA class action, *Guarisma v. ADCAHB Medical Coverages, Inc., et al.*, No. 1:13-cv-21016 (S.D. Fla. June 24, 2015) wherein my firm established a common fund of $4.5 million dollars in settlement. My firm, along with co-counsel was awarded one-third of the common fund (plus costs).

23. I also served as co-lead counsel in the TCPA class action, *Cooper v. Nelnet, Inc.*, No. 6:14-cv-00314-RBD-DAB, ECF No. 72 (M.D. Fla. Feb. 26, 2015) (establishing a $4.5 million dollar common fund settlement). In awarding fees this Court said: "Class Counsel is highly experienced in [TCPA] litigation; regularly engages in complex litigation involving consumer issues; lectures on the TCPA; and has been lead counsel in numerous TCPA cases." *Cooper*, ECF No. 81 (M.D. Fla. July 31, 2015).

24. I served as co-lead counsel in the FACTA class action, *Legg v. E Z Rent-A-Car*, No. 14−cv−01716−PGB−DAB (M.D. Fla. Filed Oct. 22, 2014) (establishing a common fund settlement worth $6 million dollars).

25. I served as co-lead counsel in the successful FACTA class action, *Legg v. Laboratory Corporation of America Holdings,* No. 14−61543-CIV (S.D. Fla. Filed July 6, 2014).

26. I served as co-lead counsel in the successful FACTA class action, *Legg v. Spirit Airlines, Inc.,* No. 14−cv-61978 (S.D. Fla. Filed August 29, 2014).

7

27.     I argued on behalf of the Appellee in the matter of *Wells Fargo Bank, N.A. v. Breslow*, No. 12-14564-D. It is one of only a handful of cases ever argued before the Eleventh Circuit dealing with the merits of a TCPA action. I was successful in the appeal as the lower court decision was affirmed.

28.     I represented the Appellant at the Eleventh Circuit in the matter of *Keim v. ADF MidAtlantic, LLC*, No. 13-13619 (Decided: December 1, 2014). I was successful in the appeal as the previous lower court decision, which held a pending class action could be mooted by an unaccepted Rule 68 offer, was reversed. I successfully appealed the same issue in *Barr v. Harvard Drug Group, LLC,* 591 Fed.Appx. 928 2015 WL 364363 (January 29, 2015).

29.     The instant matter was not settled until after the parties engaged in a full day of formal mediation before Rodney Max, Esq. on November 3, 2015, followed by several weeks of informal negotiations thereafter.

30.     Throughout the pendency of this case, I have and remained confident in the strength of the claims alleged in the Complaint. Regardless, I recognize that litigation is inherently unpredictable, and that success in summary judgment proceedings and at trial is never guaranteed. The expense, duration and complexity of continued litigation in this matter would be substantial, and likely include a contested motion for class certification, a trial, and an appeal.

31.     Considering the risks of continued litigation, along with the strength of this settlement, I did not expect significant opposition to the settlement by any class members. The fact that only four objections were filed by class members, and only fifteen opt-outs, out of more than three-hundred thousand class members, confirms that belief.

32.     The suit has been pending since April 6, 2015, and my firm has spent significant time and effort in this matter. The discovery provided by Defendant has been invaluable.

Plaintiff's counsel unearthed significant information upon which to evaluate the proposed settlement, and came into settlement negotiations armed with the necessary information to evaluate the strengths and weaknesses of the case. The Parties were able to reach the present settlement only after motion practice, discovery, extensive settlement discussions, and a formal mediation.

33. Based on my experience in plaintiff's consumer protection work, including work involving the Fair and Accurate Credit Transactions Act (FACTA), I believe this settlement to be fair and reasonable and in the best interest of the class. The settlement provides a significant monetary recovery for the class.

34. In addition to the time spent on this case, my firm expended $445.00 in costs in this matter ($400.00 filing fee plus $45.00 for service of process).

35. The attorneys' fee amount requested as part of the settlement was negotiated with opposing counsel only after an agreement was reached on the total settlement amount to resolve the class claims

Executed at Hollywood, Florida, on Wednesday, September 07, 2016.

/s/ *Scott D. Owens*
Scott D. Owens
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Suite 235
Hollywood, Florida 33019
Telephone: 954-589-0588
Facsimile: 954-337-0666
scott@scottdowens.com