# APPENDIX 5
## Declaration of Bret L. Lusskin

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. 0:15-cv-60716-WPD

| | |
|---|---|
| DR. DAVID S. MURANSKY, individually and on behalf of all others similarly situated, )<br><br>Plaintiff,<br><br>v.<br><br>GODIVA CHOCOLATIER, INC., a New Jersey corporation,<br><br>Defendant. | **CLASS ACTION** |

### DECLARATION OF ATTORNEY BRET L. LUSSKIN

I, Bret L. Lusskin, Esq., declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

1. My name is Bret L. Lusskin. I am a Florida-licensed attorney and operate under the name Bret Lusskin, P.A.; I am Class Counsel representing Plaintiff DR. DAVID S. MURANSKY and the Class certified pursuant to the settlement in this matter on January 26, 2016. [ECF Nos. 40, 46, and 53].

2. I am a member in good standing of the Bars of the following Courts:

    Supreme Court of Florida
    Tallahassee, Florida
    Admitted September 25, 2006

    United States District Court for the Southern District of Florida
    Miami, Florida
    Admitted July 20, 2007

    United States District Court for the Middle District of Florida
    Tampa, Florida
    Admitted September 10, 2012

        United States District Court for the Northern District of Florida
Tallahassee, Florida
Admitted August 20, 2012

        United States Court of Appeals for the Eleventh Circuit
Atlanta, Georgia
Admitted July 26, 2012

        United States Patent and Trademark Office
Washington, DC
Admitted May 7, 2007

3. As an undergraduate, I attended the Johns Hopkins University and earned a Bachelor of Science in Computer Science on May 23, 2002. I graduated law school *summa cum laude* from the Nova Southeastern University Law School on June 30, 2006. I am licensed to practice as a patent attorney before the United States Patent and Trademark Office as of May 7, 2007.

4. In November 2007 I opened my law office as a sole practitioner. Since then, I have limited my practice to representing consumers.

5. I am an active member of the National Association of Consumer Advocates (NACA).

6. I have been Plaintiff's counsel in over 100 federal consumer cases in Florida district courts. I am co-counsel in eight other pending class action lawsuits in the Southern District of Florida.

7. Since 2009, I have been one of the leading attorneys challenging the lawfulness of photo-enforced red light cameras in Florida. In 2010, I was featured on the covers of both the Miami Herald and the Sun Sentinel for my pro-consumer work opposing photo-enforced red light cameras throughout Florida. I represented Richard Masone in the leading case, and prevailed in the Supreme Court of Florida in 2014. *Masone v. City of Aventura*, 147 So. 3d 492 (Fla. 2014)

2

8. Since 2013, I attended the National Consumer Law Center Annual Consumer Rights Litigation Conference, at which I regularly attend an intensive Class Action Symposium. I am familiar with the ethical and professional guidelines governing class action litigation.

9. In November 2013, I was invited by Legal Aid Service of Broward County to speak about the Telephone Consumer Protection Act and the Fair Debt Collection Practices Act.

10. My peers generally regard me as an authority in the State of Florida with respect to the consumer matters. Among my several published consumer protection decisions are the following citations:

    a. *Lardner v. Diversified Consultants, Inc.*, 17 F. Supp. 3d 1215 (S.D. Fla. 2014).

    b. *De Los Santos v. Millward Brown, Inc.*, Case No. 13-cv-80670-DPG, 2014 WL 2938605 (S.D. Fla. June 30, 2014).

    c. *Carbonell v. Weinstein, Pinson & Riley, P.S.*, No. 14-cv-20273-WPD, 2014 WL 2581043 (S.D. Fla. May 30, 2014).

    d. *Pincus v. Speedpay, Inc.*, Slip Copy, 2015 WL 5820808 (S.D. Fla. Oct 6, 2015) (Marra, J.).

11. I have been appointed as class counsel in the class actions *Guarisma v. Blue Cross and Blue Shield of Florida, Inc.*, Case No. 1:13-cv-21016-FAM (S.D. Fla.), *Soto v. The Gallup Organization, Inc.*, Case No. 0:13-cv-61747-RSR (S.D. Fla.), *De los Santos v. Millward Brown, Inc.*, Case No. 9:13-cv-80670-DPG (S.D. Fla.), and *Legg v. Laboratory Corporation of America Holdings, Inc.*, Case No. 0:14-cv-61543-RLR (S.D. Fla.).

12. This settlement was hard fought. Plaintiff anticipated litigating this case to its conclusion. The matter settled as a result of a lengthy formal mediation session with Rodney Max, of Upchurch Watson White & Max, and it was only through contentious, lengthy negotiations, with the assistance of Mr. Max, that the parties were able to reach compromise. These negotiations, although heated, were conducted at arms length and in good faith.

13. I remain confident in the strength of the claims alleged in the Complaint and that Plaintiff and the class would have ultimately prevailed at trial. Notwithstanding the foregoing, litigation is inherently unpredictable and the outcome of contested class certification proceedings, summary judgment proceedings, and trial is never guaranteed. Indeed, Plaintiff faced significant risk in continuing to litigate, including the Supreme Court's then-forthcoming ruling in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), which was imminent at the time of settlement. An unfavorable ruling in *Spokeo* could have seriously undermined the claims of Plaintiff and the Class.

14. Given these risks and the strength of this settlement, the undersigned did not expect significant opposition to the settlement by any class members. The fact that only four objections were filed to date, and only 15 opt-outs to date, confirmed that belief.

15. The suit has been pending since April 6, 2015, and my firm has spent significant time and effort in this matter. Counsel for both parties have had ample foundation upon which to evaluate the proposed settlement. Each party, therefore, had the necessary information to evaluate the strengths and weaknesses of their cases in order to discuss settlement effectively. Armed with this information, the Parties were able to reach the present settlement only after motion practice, extensive settlement discussions, mediation, and

negotiation over settlement terms and language.

16. Based on my experience in plaintiff's consumer protection work, including the Fair and Accurate Credit Transactions Act (FACTA), I believe this settlement to be fair and reasonable and in the best interest of the class. The settlement provides real monetary recovery, substantial prospective relief and will act as a strong deterrent to future conduct by other actors considering activities proscribed by the FACTA.

I, Bret L. Lusskin, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the foregoing statements are true.

Executed this 7th day of September, 2016 at Aventura, FL.

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
20803 Biscayne Blvd., Ste 302
Aventura, FL 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
   Bret L. Lusskin, Esq.
   Florida Bar No. 28069

5