# APPENDIX 7
## Proposed Order Granting Final Approval

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:15-cv-60716-WPD**

| | | |
|---|---|---|
| DR. DAVID S. MURANSKY, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CLASS ACTION |
| v. | ) ) | |
| GODIVA CHOCOLATIER, INC., a New Jersey corporation, | ) ) ) | |
| Defendant. | ) | |

**[PROPOSED] FINAL ORDER APPROVING SETTLEMENT, APPROVING PROPOSED ALLOCATION OF SETTLEMENT FUNDS, APPROVING CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARD FOR CLASS REPRESENTATIVE AND FINAL JUDGMENT**

This Court having considered: (a) the Settlement Agreement and Release, dated January 22, 2016, including all Exhibits thereto (the "Agreement"), between Plaintiff, Dr. David S. Muransky, on behalf of himself and the Settlement Class (as defined therein) and Godiva Chocolatier, Inc. ("Godiva"); (b) the proposed allocation and distribution of funds among the Settlement Class; and (c) Class Counsel's application for attorneys' fees, expenses, and an incentive award for the Class Representative; and having held a hearing on September 21, 2016, and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed in the premises, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. This Order of Final Approval and Judgment incorporates herein and makes a part hereof, the Agreement, including all Exhibits thereto. Unless otherwise provided herein, the

1

terms as defined in the Agreement shall have the same meanings for purposes of this Final Order and Judgment.

2. The Court has personal jurisdiction over the Class Representative, Settlement Class Members, and Godiva for purposes of this settlement only, and has subject matter jurisdiction to approve the Agreement.

3. The Settlement Class previously certified by the Court includes:

(i) All persons in the United States (ii) who, when making payment for goods or services at a Godiva retail store located in the United States, (iii) made such payment using a credit or debit card (iv) and were provided with a point-of-sale receipt (v) which displayed more than the last 5 digits of said credit or debit card number (vi) between April 6, 2013, and November 20, 2015.

Notwithstanding the foregoing, in compliance with 28 U.S.C. §455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eleventh Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

Excluded from the Settlement Class is any individual who properly opted out of the Settlement Class pursuant to the procedure described in the Court's Order certifying the settlement class and granting preliminary approval of the settlement (ECF 40, "Preliminary Approval Order").

4. The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms of the Agreement and Class Settlement, and Settlement Class Members' right to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing held on

2

September 21, 2016; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and FED. R. CIV. P. 23.

5. This Order shall have no force or effect on those persons who properly and timely excluded themselves from the Settlement Class. As directed by the Court, Class Counsel has filed a list of the persons that requested exclusion under seal.

6. The Court finds that extensive arm's length negotiations have taken place in good faith between Class Counsel and Counsel for Godiva resulting in the Agreement.

7. The Court finds that the designated Class Representative is an appropriate representative.

8. The Court has considered all of the factors enumerated in FED. R. CIV. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

9. Pursuant to FED. R. CIV. P. 23(e), the Court hereby finally approves in all respects the Class Settlement set forth in the Agreement (the "Class Settlement") and finds that the Class Settlement, the Agreement, and the plan of distribution as set forth in the Agreement, are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class.

10. Except as otherwise provided herein, the Parties are hereby directed to implement and consummate the Class Settlement according to the terms and provisions of the Agreement. The claims against Godiva on behalf of the Settlement Class in *Muransky v. Godiva Chocolatier, Inc.*, Case No. 15-cv-60716-WPD (S.D. Fla.), are hereby dismissed with prejudice and without costs to any party, except as otherwise provided herein.

11. Upon the Effective Date of the Agreement, the Settlement Class, and each Settlement Class Member, shall release and forever discharge the Godiva Releasees (as defined in the Agreement) from their respective Released Claims (as defined in the Agreement).

12. Nothing in this Order, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Godiva or any Godiva Releasee.

13. Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a) this Settlement confers substantial benefits on the Settlement Class Members;

(b) the value conferred on the Settlement Class is immediate and readily quantifiable upon this judgment becoming Final (as defined in the Agreement), and Settlement Class Members who have submitted valid Settlement Claim Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Fair and Accurate Credit Transactions Act ("FACTA");

(c) Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d) this Settlement was obtained as a direct result of Class Counsel's advocacy;

(e) this Settlement was reached following extensive negotiations between Class Counsel and Counsel for Godiva, facilitated by a professional mediator, and was negotiated in good faith and in the absence of collusion;

(f) during the prosecution of the claims in the Litigation, Class Counsel incurred expenses at least in the aggregate amount of $_____, which included mediation and other expenses which the Court finds to be reasonable and necessary to the representation of the Settlement Class;

(g) Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in an amount up to one-third of the Settlement Fund ($2,100,000), plus reimbursement of reasonable expenses incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

(h) several of the four members of the Settlement Class that have submitted written objections have objected to the award of attorneys' fees, which have been considered by the Court;

(i) attorneys who recover a common benefit for persons other than themselves or their clients are entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984); and

(j) the requested fee award is consistent with other fee awards in this Circuit; *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir.1999) (affirming class attorneys' award of 33.3%) and *e.g., Wolff v. Cash 4 Titles*, No. 03-cv-22778, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (collecting cases and concluding that 33% is consistent with the market rate in class actions).

5

14. Accordingly, Class Counsel are hereby awarded $_____ from the Settlement Fund as their fee award, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Further, Class Counsel are hereby awarded $_____ for their reasonable expenses which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded among Class Counsel.

15. The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $_____ for his efforts in this case.

16. The third-party requests for reimbursement of expenses asserted to have been incurred in connection with responding to subpoenas in this matter shall be allowed only as follows: _____. These amounts shall be paid by the Claims Administrator.

17. Without affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement and of this Order, to protect and effectuate this Order, and for any other necessary purpose. The Class Representative, Settlement Class Members, and Godiva are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement or the applicability of the Agreement, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Order, the Court retains exclusive jurisdiction over any such suit, action, or proceeding.

Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

18. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely elected to be excluded from the Settlement Class), shall commence, continue, or prosecute any action or proceeding against any or all of the Godiva Releasees in any court or tribunal asserting any of the Released Claims defined in the Agreement, and are hereby permanently enjoined from so proceeding.

Date: _____    _____
Hon. William P. Dimitrouleas
United States District Judge