# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# CASE NO. 15-cv-60716-WPD

Dr. David Muransky, individually and on
behalf of all others similarly situated

       Plaintiff,

v.

Godiva Chocolatier, Inc.

       Defendant.
_____/

# PLAINTIFF'S RESPONSE IN OPPOSITION TO
# OBJECTOR ISAACSON'S MOTION TO COMPEL DISCOVERY

This settlement at issue is the third largest all cash settlement in the history of FACTA, and is on par with the two larger FACTA settlements that simply had larger classes. [ECF 74, n.1]. Presumably that is why Mr. Isaacson did not object to the terrific result or argue the settlement is the result of "collusion" in his objection. Instead, Mr. Isaacson (a class action lawyer since 1989) and his counsel, John W. Davis and C. Benjamin Nutley, are professional objectors who try to make money by objecting to class action settlements to extract a payoff to go away.[1] This motion is substantively and procedurally meritless. The discovery sought is not relevant, plus Mr. Isaacson is asking to compel a response to "discovery" he never propounded.

### I.     The Discovery Sought Is Not Relevant to Mr. Isaacson's Objection.

Despite having 60 days from receiving notice of the settlement and knowing how to request discovery in a class action, Mr. Isaacson did not ask for discovery until *after* he had already filed his 19-page objection. This is because he did not need discovery to decide whether to object or to prepare or support the objection. Instead, he only sought discovery as a "tit for tat" because Class Counsel sought to depose him. Even then, he waited weeks to file this motion.

Mr. Isaacson was sent notice of the settlement on June 23rd. [ECF 74-2, ¶14]. The notice expressly told him he had until August 23rd to file a claim and/or object to the settlement, and it invited him to call toll-free if he needed more information. [ECF 74-2, p. 10]. He never called or emailed Class Counsel for information. Instead, he filed a claim for a share of the proceeds of

---

[1] One case recently noted that "[b]ased on the Court's ECF review, Mr. Davis appears as an attorney in 12 cases in this District. In 11 of these cases (including this one), Mr. Davis represented an objector (in one case, himself)." *Alexander v. FedEx Ground Pkg. Sys.*, 2016 U.S. Dist. LEXIS 49201 at *13, fn.9 (N.D. Cal. Apr. 12, 2016). In another, class counsel identified "at least **_twenty-eight (28)_** class action lawsuits across the country in which it appears that Mr. Davis has represented an objector to a class action settlement." Opp. to Davis Motion to Appear *Pro Hac Vice*, Dkt. 128 at 9, *Chieftan Royalty Co. v. SM Energy Co.*, 11-cv-177 (W.D. Okla.). Mr. Isaacson is objector's counsel in the following recent cases: *In re Bioscrip, Inc. Sec. Litig.*, 13-cv-6922 (S.D.N.Y.), Dkt. 113 (Objection to Proposed Attorneys' Fee Award); *Chieftain Royalty v. Enervest Energy Inst'l Fund*, No. 16-6022 (10th Cir.), Dkt. 1019627432 (Opening Objector Brief, filed by Isaacson, Davis and Nutley); and *Chambers v. Whirlpool Corp.*, 11-cv-1733 (C.D. Cal.) Dkt. 227 (Objection to Proposed Settlement filed by Isaacson, Davis and Nutley). Mr. Davis's class action conduct has been called into question multiple times. *See, e.g., Davis v. Apple Computer, Inc.*, 2005 Cal. App. Unpub. LEXIS 7190 at *4 (Cal. App. Aug. 12, 2005) ("The court also found that Helfand and Davis had in the past 'confidentially settled or attempted to confidentially settle putative class actions in return for payment of fees and other consideration directly to them.'"); *Faught v. Am. Home Shield Corp.*, 444 Fed. Appx. 445, 446 (11th Cir. 2011) (fees denied to Davis, Nutley and others because "the objectors' claims were based on speculation that is unsupported by the record"); and *In re Visa Check/MasterMoney Antitrust Litig.*, No. 96-5238, ECF 1051 at 21-24 (E.D.N.Y. 2004) (Davis and his co-counsel's demand for $193,084.73 "excessive and unreasonable" where the two attorneys purported to bill 254.2 hours to write a 14-page brief and travel to the fairness hearing at which "only Mr. Davis spoke."). In response to contentions that "Messrs. Davis and Nutley are part of a cartel of professional objectors who file vexatious and frivolous objections to stall class settlements in exchange for payoffs," the *Chieftan Royalty* court took the unusual step of "direct[ing] that all papers submitted by counsel shall be signed by both [local counsel] as well as Messrs. Davis and Nutley." *Chieftain Royalty Co.*, 2015 U.S. Dist. LEXIS 159218 at *2 (W.D. Okla. Nov. 25, 2015).

this "objectionable" settlement on July 7th. [ECF 59-1]. Then, about six weeks later (the day before the deadline), he strategically filed a nineteen-page objection to the settlement. [ECF 59]. At no time during the 60-day period did he assert that he needed discovery for his objection.

The objection itself shows discovery is not needed. It is largely devoted to legal arguments against Class Counsel's proposed fee award and the argument that no class representative incentive award should be awarded. [ECF 59 at 3-11, 14-19]. It is not based on the quantity of formal discovery taken, which is irrelevant anyway because "formal discovery" is not required for a class settlement. *Lee v. Ocwen Loan Serv., LLC*, 2015 U.S. Dist. LEXIS 121998 at *76 (S.D. Fla. Sept. 14, 2015) ("'It is true that very little formal discovery was conducted and that there is no voluminous record in the case. However, the lack of such does not compel the conclusion that insufficient discovery was conducted.' … To avoid squandering the parties' resources, informal discovery can be *preferred* in class settlements."), quoting *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 242 (5th Cir. 1981). Indeed, the objection does not mention discovery at all.

Mr. Isaacson tries to justify his belated request for discovery by noting that Dr. Muransky pled guilty to a Medicare violation (concerning $245.78, almost 30 years ago), but his objection already presents that alleged issue, it notes that it is a matter of public record, and it does not seek discovery about it. To the contrary, he concedes there is no rule against Plaintiff being class representative despite the issue. [*See* ECF at 59 at 12-13]. In any event, Mr. Isaacson understates the irrelevance of the matter because a nearly 30-year old conviction is inadmissible under Fed. R. Evid. 609, and has nothing to do with the test for adequacy under Federal Rule 23(a)(4).[2]

Regardless, Dr. Muransky was already deposed on the matter in a different class action (before he hired his current counsel), and both the deposition and briefing on the matter are available to the public. *See A Aventura Chiro. Ctr., Inc. v. Med Waste Mgmt., LLC*, 12-cv-21695 (S.D. Fla.) at Dkts. 108-109. Also, Mr. Issaacson's opposition to the proposed incentive award is essentially based on arguments applicable to all plaintiffs, not Dr. Muransky specifically.

Finally, Mr. Isaacson claims he should be allowed discovery because the parties' unwillingness to accede to his untimely demand for discovery allegedly suggests the settlement

---

[2] Rule 23(a)(4)'s adequacy element only requires Dr. Muransky to "ha[ve] no interests antagonistic to the class." *Fabricant v. Sears, Roebuck & Co.*, 202 F.R.D. 310, 314-15 (S.D. Fla. 2001), citing *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726-28 (11th Cir. 1987). Dr. Muransky already demonstrated he meets this test. [ECF 39-3]. Mr. Isaacson does not dispute this.

could be the product of collusion. This is a bootstrap argument, *i.e.*, he is asserting that the non-production of the discovery justifies the discovery. Also, he ignores that this settlement is one of the largest all cash FACTA settlements in history [ECF 74 at n. 1], and that it is the product of a court ordered mediation with Rodney Max, a highly-respected third-party neutral, both of which show there is no collusion. [*See Id.* at pp. 2, 6 *citing, inter alia*, *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 693 (N.D. Ga. 2001) (mediator supervision shows absence of collusion)].

The fact of the matter is that Mr. Isaacson did not express any desire for discovery until after Class Counsel, having learned that Mr. Isaacson's attorney (Mr. Davis) was a notorious professional objector, determined that they needed to explore Mr. Isaacson's decision to file an objection with Mr. Davis.[3] Indeed, Mr. Davis admits that this is what triggered his decision to seek discovery, not an actual need for it. *See* ECF 72-1 at ¶4 ("I indicated that, in the interest of efficiency and economy, Mr. Isaacson might be willing to sit for a deposition if Dr. Muransky would similarly make himself available for deposition…") In short, Mr. Isaacson never meant to take discovery, he does not need discovery to support his alleged objection, and the proposed discovery sought is not relevant to his alleged objection. Thus, there is no ground to compel it.

**II.     The Motion Is Procedurally Improper.**

The motion is also deficient because it seeks to compel "discovery" that was never served, even though Mr. Isaacson and his counsel had 60 days to do so. Simply put, there are no interrogatories, no document requests, and no deposition notice for the Court to enforce.

Furthermore, Mr. Isaacson admits an objector has "no 'absolute right' to take discovery." [ECF 72 at 3]. He claims a denial of discovery to an objector can present a due process concern in some instances, but he does not point to any authority that holds that to be the case when, as here, the objector: (a) fails to request the discovery during a 60-day period given for objections and inquiries, (b) fails to actually propound discovery requests for the information sought, (c) demonstrates he has no genuine need for the information by filing his objection without asking for discovery or mentioning a need for the discovery in the objection itself, (d) only seeks discovery regarding irrelevant matter, and (e) only requests discovery in response to Class Counsel requesting information from him. For these additional reasons, the motion to compel is improper and should be denied.

---

[3] Significantly, Plaintiff did not seek discovery from the other three objectors. So the idea that Plaintiff sought to depose Mr. Isaacson simply because he filed an objection is nonsense.

Dated: September 13, 2016.

                    Respectfully Submitted

                    *s/ Scott D. Owens*
SCOTT D. OWENS, Esq.
3800 S. Ocean Drive, Ste. 235.
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Bret Leon Lusskin , Jr.
Bret Lusskin, P.A.
20803 Biscayne Blvd.
Ste. 302
Aventura, FL 33180
954−454−5841
Fax: 954−454−5844
blusskin@lusskinlaw.com

Michael S. Hilicki (*pro hac vice*)
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.374.3402 (Direct)
312.726.1092 (Main)
312.726.1093 (Fax)
MHilicki@KeoghLaw.com
www.KeoghLaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that September 13, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this September 13, 2016, in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Scott D. Owens*
Scott D. Owens, Esq.