# EXHIBIT C

ERIC ALAN ISAACSON on 09/02/2016

```
 1                UNITED STATES DISTRICT COURT

 2                SOUTHERN DISTRICT OF FLORIDA

 3


 4   DR. DAVID S.MURANSKY,               )
     individually and on behalf of all   )
 5   others similarly situated,          )
                                         )
 6                  Plaintiff,           )
                                         )
 7    vs.                                )  Case No.
                                         )  0:15-cv-60716-WPD
 8   GODIVA CHOCOLATIER, INC.,           )
                                         )
 9                  Defendant.           )
     _____)
10

11

12

13

14

15              DEPOSITION OF ERIC ALAN ISAACSON

16

17

18

19

20   DATE & TIME:   Friday, September 2, 2016
                    9:00 a.m. - 10:28 a.m.
21
     LOCATION:      525 B Street
22                  Suite 1500
                    San Diego, California
23
     REPORTER:      Darcy A. Milanowski, CSR
24                  Certificate No. 8582

25
```

(800)-640-1949                    Maxene Weinberg Agency,
                                     a Huseby Company

```
 1          Deposition of ERIC ALAN ISAACSON, taken before
 2     Darcy A. Milanowski, CSR, a Certified Shorthand Reporter
 3     for the State of California, with principal office in
 4     the County of Orange, commencing on Friday, September 2,
 5     2016, 9:00 a.m., at 525 B Street, Suite 1500, San Diego,
 6     California.
 7
 8     APPEARANCES:
 9
10     For Deponent:
11            LAW OFFICE OF JOHN W. DAVIS
               BY:  JOHN W. DAVIS, ESQ.
12             501 West Broadway, Suite 800
               San Diego, California 92101
13             (619) 400-4870
               john@johnwdavis.com
14
               (CO-COUNSEL)
15             BY:  C. BENJAMIN NUTLEY, ESQ.
               1055 East Colorado Boulevard, 5th Floor
16             Pasadena, California 91106
               (310) 654-3365
17             nutley@zenlaw.com
18     For Plaintiff:
19             (PRESENT TELEPHONICALLY AND VIA WEB CAM)
               KEOGH LAW, LTD
20             BY:  MICHAEL HILICKI, ESQ.
               55 West Monroe Street, Suite 3390
21             Chicago, Illinois 60603
               (866) 726-1092
22             mhilicki@keoghlaw.com
23
24
25
```

```
 1   question please.
 2       A    What's your question?
 3            MR. HILICKI:  Darcy, could you read it back
 4   please?
 5            THE REPORTER:  One moment.
 6            (Record read.)
 7            THE WITNESS:  No.
 8   BY MR. HILICKI:
 9       Q    Can you think of any cases involving Mr. Davis
10   where he represented an objector appealing the
11   overruling of an objection to a class settlement and he
12   dismissed his appeal?
13       A    No.
14            MR. DAVIS:  Object to form.
15   BY MR. HILICKI:
16       Q    Did you sign a contract with Mr. Davis to
17   represent you in this matter?
18       A    No.
19       Q    Is there a written agreement regarding his
20   representation of you in this matter?
21       A    No.
22       Q    What about Mr. Nutley?
23       A    No.
24       Q    How are they being compensated for representing
25   you in this matter?
```

```
 1     A    As I understand it, if the objection produces a
 2   benefit for the class, they can apply to the District
 3   Court for an award of fees based on whatever benefit may
 4   have been conferred.
 5     Q    Is there any other manner by which they will
 6   get paid in this case?
 7     A    I don't believe so, no.
 8     Q    If they petition the court for an award of fees
 9   and recover any, will you get a share of the fees?
10     A    No.
11     Q    Have you ever shared fees with Mr. Davis and
12   Mr. Nutley?
13     A    No.
14     Q    Do you know who Steve Helfand is?
15     A    I've heard the name Helfand.  I can't -- Steve
16   Helfand.  I don't know him.
17     Q    How about Patrick Sweeney?
18     A    Doesn't ring a bell.
19     Q    Joseph Palmer?
20     A    I think there's a Palmer who files or
21   represents objectors from time to time.  I don't know
22   him.
23          MR. HILICKI:  Okay.  Why don't we take a break
24   for a little bit, ten minutes.  Is that okay with
25   everyone?
```

```
 1     A    Yes, I do.
 2     Q    What is that?
 3     A    This is the objection that you and Mr. Nutley
 4  drafted for me, objecting to the subpoena with general
 5  objections and specific objections.  I understand that
 6  you e-mailed it to Mr. Hilicki and that you also have
 7  served him by mail.  And shall we --
 8          MR. DAVIS:  Madam Court Reporter, I'd like to
 9  mark this as an exhibit to the deposition, please.
10          THE REPORTER:  One or A?
11          MR. DAVIS:  One is fine.
12     (Whereupon, the document referred to was marked
13      Deposition Exhibit 1 for identification.)
14  BY MR. HILICKI:
15     Q    Additionally, I'm going to hand you another
16  document entitled "Stipulation to Seek Court Approval
17  Concerning Resolution of Objections to Proposed
18  Settlement."
19          I will also note for the record that that has
20  been provided to opposing counsel.
21          Mr. Isaacson, do you recognize that document?
22     A    Yes, I recognize this stipulation.  It's a
23  document that I asked you and Mr. Nutley to draft for me
24  in hopes of stipulating that there would be no cash
25  payments for withdrawal of any objection in this matter
```

```
 1   or for withdrawal of any appeal from an order on
 2   objections in this matter without approval of the
 3   district judge.
 4        Q    Okay.  Thank you very much.
 5             Madam Court Reporter, I'd like to mark this as
 6   Exhibit 2 to the deposition transcript.
 7        (Whereupon, the document referred to was marked
 8         Deposition Exhibit 2 for identification.)
 9             THE WITNESS:  I understand that Mr. Hilicki
10   refused to stipulate.
11             MR. DAVIS:  Thank you.  I have no further
12   questions.
13             MR. HILICKI:  Okay.  I will move to strike the
14   last comment.  It wasn't in response to a question.  And
15   I guess as long as he said that --
16             MR. DAVIS:  Allow me to redirect in that case.
17                       FURTHER EXAMINATION
18   BY MR. DAVIS:
19        Q    Mr. Isaacson, do you know whether or not
20   Mr. Hilicki or any of his colleagues representing the
21   lead plaintiff in this matter were asked to sign off on
22   the stipulation we've marked as Exhibit 2 to the
23   deposition transcript?
24        A    My understanding is that they were asked to do
25   so, and it's obvious that they have not done so.  I
```

1   understand that our hope was that it would obviate

2   wasting my time with a lot of questions designed to

3   suggest that my motive in this action was to make a

4   demand for money in return for withdrawing my objection

5   or for withdrawing an appeal, if I should file an

6   appeal.

7           I have no intention of accepting money in this

8   case for doing those things, and I would be happy to

9   stipulate and have it entered as an order that would

10  prohibit payments for objectors to withdraw objections

11  in this case or to withdraw appeals from any orders in

12  this case absent prior approval of the District Court.

13       Q   Thank you very much.

14          Before we wrap up, I would like to request

15  pursuant to FRCP 30(e), that the witness be provided

16  with a copy of his deposition transcript to review and

17  make any corrections if any necessary.

18          How do you want to do that, Eric?

19          Can you send -- Ms. Court Reporter, can you

20  send the transcript directly to Mr. Isaacson.

21          THE REPORTER:  Yes.

22          MR. DAVIS:  Okay.  So the transcript or the

23  draft of the transcript will be sent directly to

24  Mr. Isaacson, and he will have 30 days to review it and

25  make any corrections, if necessary.