# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

|  |  |  |
|---|---|---|
| DR. DAVID MURANSKY, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 0:15-cv-60716-WPD (Dimitrouleas/Snow) |
| GODIVA CHOCOLATIER, INC. | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## OBJECTION TO MAGISTRATE JUDGE'S
## REPORT & RECOMMENDATIONS [Doc. 82]

Pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b), James H. Price ("Price") respectfully objects to the Report and Recommendation on Plaintiffs' Motion for Award of Attorneys' Fees, Expenses, and Class Representative Incentive Awards (the "Fee Motion") filed by Magistrate Judge Lurana S. Snow on September 16, 2016. [Doc. 82] ("R&R"). For the reasons set forth below, Price objects to the recommended fee award of $2.1 million in attorney's fees.

W. Allen McDonald, Esq.
249 N. Peters Road, Suite 101
Knoxville, TN 379234917
Tel: (865) 246-0800

*Counsel for James H. Price*

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     LITIGATION HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.    GOVERNING STANDARDS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV.     THE MAGISTRATE JUDGE ERRED IN HER REPORT AND RECOMMENDATION
        BY AWARDING CLASS COUNSEL ONE-THIRD OF THE SETTLEMENT FUND. . 7

        A.    The Magistrate Judge's Finding That Class Members Received Sufficient
              Notice of Class Counsel's Motion for Attorney's Fees to Satisfy Procedural
              Due Process and Fed. R. Civ. P. 23(h) Was Contrary to Law and Improper.. . . . . 7

              1.    Due Process Requires That Class Members Be Provided More
                    Than Just the Fee Amount Before Having to Act. . . . . . . . . . . . . . . . . . . 7

              2.    Rule 23(h) Requires That Class Members Be Provided More
                    Than Mere Notice of a Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

              3.    Under the Facts Presented, Class Members Were
                    Handicapped By Insufficient Information and Deprived of an
                    Opportunity to Meaningfully Object to Class Counsel's
                    Motion for Attorney's Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        B.    The Magistrate Judge's Finding That the Lodestar Approach is Prohibited by
              the Eleventh Circuit is Contrary to Law and Improper; the Lodestar Approach
              Should Have Been Adopted as a Basis On Which to Award a Fee or as a
              Cross-Check to a Percentage Award. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        C.    The Magistrate Judge Disregarded and/or Misapplied the *Johnson* Factors
              in Awarding Class Counsel a $525,000 Enhancement When No Such
              Enhancement Was Warranted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

              1.    Guiding Principles in the Eleventh Circuit. . . . . . . . . . . . . . . . . . . . . . 13

              2.    The *Johnson* factors do not support an enhancement from the
                    25% "benchmark". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

D.    The Magistrate Judge's Reliance on the History of Objector's Counsel in Deciding the Merits of Price's Objection to the Proposed Attorney's Fee Award Was Contrary to Law and Improper................................ 19

V.    CONCLUSION. ........................................................ 20

**MAY IT PLEASE THE COURT:**

## I.    PRELIMINARY STATEMENT

Class Counsel seeks a fee of one-third of the $6.3 Million settlement fund, or $2.1 Million. To clear the path for that jackpot, Class Counsel gave as little information as possible about their fee claim to Class members in the class notice, saddling those Class members – whom they purport to represent – with having to meet deadlines lacking sufficient information about the basis of the fee motion.  [Doc. 61-1].  Having received notice that Class Counsel would seek that sum and no other information about the factual or legal basis of their claimed fee, Price examined the record in the case and concluded that Class Counsel had settled quickly and performed very little work in the case, failing to take a single deposition and settling a mere seven months after the case was filed.  Price timely objected to the proposed settlement and the proposed fee.  [Doc. 61].

Specifically, Price maintained

(1) notice of the fees sought by Class Counsel failed to satisfy the basic requirements of due process and violated Rule 23(h) of the Federal Rules of Civil Procedure, citing numerous cases from other federal circuits making that conclusion under the same or similar circumstances [Doc. 61, at pp. 10-14];

(2) based upon the record and the meager time and labor expended by Class Counsel in this case, their efforts were incommensurate to the hefty fee they seek, and a fee not exceeding the benchmark of 25% would justly compensate Class Counsel [Doc. 61, at pp. 14-16]; and

(3) because the case was brought under a fee-shifting statute, the Fair and Accurate Credit Transactions Act of 2003 ("FACTA") [Doc. 1], the Court was bound to consider the attributes of the lodestar over a percentage-of-the-fund calculation, *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010), or at least perform a lodestar cross-check. *See Pinto v. Princess Cruise Lines*, 513 F. Supp. 2d 1334, 1344 (S.D. Fla. 2007) (acknowledging use of lodestar method as a cross-check of the percentage-of-the-fund approach).

Class Counsel eventually moved the Court for a fee award of $2.1 Million on September 12, 2016, twenty (20) days after the deadline for Class members to object to those fees.  [Doc. 76].  On the following day, the Court referred the motion to the Magistrate Judge, who granted Class Counsel's motion in toto just three days later, affording Price no meaningful opportunity to respond to the motion.  [Doc. 82].  The Magistrate Judge concluded that all "objections to the requested fee are without merit and should be overruled."  [Doc. 82, at p. 6].  The deadline for any objections to the Magistrate Judge's Report and Recommendation ("R&R") having been set for September 26, 2016, Price respectfully submits his objections to the Magistrate Judge's findings.

As Price demonstrates below, his objection to Class Counsel's motion for attorney's fees should have been sustained.  Price objects to and seeks review of the following findings or recommendations by the Magistrate Judge:"the objections to the requested fee are without merit and should be overruled."  [Doc. 82, at p. 6].  Specifically, Price submits that the following recommendations of the Magistrate Judge are erroneous as follows:

■ The Magistrate Judge erroneously found that notice of attorney's fees was sufficient because objectors'"ability to pose their objections was not hindered," pointing to the fact objectors knew "the fee percentage sought."  [Doc. 82, at p. 5].

Objection:  The Eleventh Circuit, however, interprets Rule 23 "to require that class members be given 'information reasonably necessary to make a decision [whether] to remain a class member and be bound by the final judgment or opt out of the action,'" *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011), and while this Circuit has not yet addressed the issue, at least three federal circuits – the Third, Seventh, and the Ninth Circuits – have, each concluding that a notice process such as that adopted here violates Rule 23(h), depriving Class members of reasonable information with which they might assess their legal rights.

-2-

■ The Magistrate Judge erroneously found the lodestar approach could not be used because its use is purportedly prohibited by the Eleventh Circuit [Doc. 82, at p. 5].

Objection: Under *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010), when confronted by a fee motion involving a fee-shifting statute like FACTA, there is a strong presumption that the lodestar is sufficient to achieve the objective of a "reasonable fee." *Id.* Class Counsel did nothing to overcome this strong presumption. Even if the Magistrate Judge declined to apply the lodestar method, she could have and should have used the lodestar as a cross-check of a percentage-of-the-fund approach. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1298 (11th Cir. 1999); *Pinto v. Princess Cruise Lines*, 513 F. Supp. 2d 1334, 1344 (S.D. Fla. 2007); *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1336 (S.D. Fla. 2001).

■ The Magistrate Judge disregarded and/or misapplied the *Johnson* factors in awarding Class Counsel a $525,000 enhancement. [Doc. 82, at pp. 3-4].

Objection: None of the *Johnson* factors justifies an enhancement of Class Counsel's fee request from 25% to one-third of the settlement fund – a total of $525,000. This is a demonstrably mediocre settlement. Class Counsel seek an award that is very likely substantially higher than their actual time would produce. Given the meager efforts of Class Counsel, they should receive no more than the 25% benchmark.

■ The Magistrate Judge improperly relied upon Price's counsel's objection history in deciding the merits of his objections. [Doc. 82, R&R, at pp. 5-6].

Objection: Class members have a fundamental right to object. *See Devlin v. Scardelletti*, 536 U.S. 1, 8-9 (2002). Here, the Magistrate Judge accepted Class Counsel's arguments about Price's counsel's purported motives, without permitting Price the first opportunity to respond. And not only were Class Counsel's arguments misleading, but many courts have explicitly held that the motive

of objectors or their counsel is simply not relevant to the merits of an objection.  *See, e.g., Corpac v. Rubin & Rothman, LLC*, 2012 WL 2923514, at **2-3 (E.D. N.Y. July 19, 1012); *In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 587 (3d Cir. 1984)).  The Magistrate Judge's reliance on Price's counsel's history of objecting also reveals a fundamental misconception of the role played by objecting Class members in the settlement process.  In the final analysis, what matters is the substance of an objection, not the history of someone's attorney.

## II.   LITIGATION HISTORY

Plaintiff filed the first complaint in this litigation on April 6, 2015.  [Doc. 1].  Plaintiff's 14-page Complaint alleged that Godiva Chocolatier, Inc. ("Godiva") violated FACTA. Specifically, Plaintiff alleged that he had made a purchase with his Visa credit card and was then "provided with an electronically printed receipt bearing the GODIVA® logo, which also displayed the last four digits of his credit card *as well as the first six digits of his account number*."  [Doc. 1, at ¶ 27]. Because FACTA prohibited Godiva from printing more than "the last 5 digits of the card number to protect persons from identity theft," and Godiva had allegedly done so knowingly and intentionally, Plaintiff alleged Godiva had violated FACTA.  [Doc. 1, at ¶¶ 29-30; 38].  Plaintiff sought certification of a nationwide class of Godiva customers.  [Doc. 1, at ¶ 43].

In May 2015, Godiva moved to dismiss the complaint [Doc. 12].  In response, Plaintiff amended his complaint [Doc. 16], mooting Godiva's motion to dismiss.  [Doc. 18].  In June 2015, Godiva moved for dismissal of the amended complaint.  [Doc. 21].  The parties briefed Godiva's motion [Docs. 24 and 25], and in September 2015, the Court issued an order denying the motion. [Doc. 26].   Godiva answered the amended complaint in September 2015 [Doc. 29].

In October 2015, the parties notified the Court that they had scheduled mediation for November 3, 2015. [Docs. 30 and 31]. On November 20, 2015, the parties notified the Court that they had reached "a settlement in principle to settle this case on a class-wide basis." [Doc. 32]. The settlement proposed that Godiva would pay $6.3 million [Doc. 39-1, at ¶ III.B], from which notice costs, claims administration costs, administrative costs, any incentive award to the named Plaintiff, and Class Counsel's attorney's fees and expenses would be deducted. The remaining amount would be used to pay the claims of as many as 342,000 class members. [Doc. 39-1, at § I]; Doc. 39-1, at § III.B]. Three days later, the Court entered an order granting preliminary approval, directing notice to the class, and setting a hearing for final approval. [Doc. 40].

In the Court-approved Class Notice, Class members were advised that Class Counsel would be seeking attorney's fees of one-third of the proposed $6.3 Million settlement fund, or $2.1 Million, as well as a $10,000 incentive award for the named Plaintiff. While Class members had until August 23, 2016 to object or exclude themselves, Class Counsel did not file their motion for attorney's fees until September 12, 2016 [Doc. 76], twenty (20) days later.

As forecast by the Class Notice, Class Counsel's motion for attorney's fees sought one-third – $2.1 Million – of the proposed $6.3 Million settlement fund. [Doc. 76]. In their motion, Class Counsel argued that the fee requested is reasonable as a percentage of the settlement, relying upon several of the factors identified by the Eleventh Circuit, notably that the case (a) involved "difficult issues" and high risks, (b) was an "excellent result for the settlement class, (c) involved time and labor that precluded them from working on other matters, (d) that the requested fee is consistent with other settlements, and (e) the case required a high level of skill. [Doc. 76, at pp. 12-20].

On September 13, 2016, the day following the filing of Class Counsel's motion for attorney's fees, the Court referred the motion to the Magistrate Judge for a report and recommendation. [Doc. 77]. Three days later, without allowing Price to respond to the motion, as allowed under Local Rule 7.1(c), and before the Court even granted final approval of the proposed settlement, the Magistrate Judge entered a Report and Recommendation ("R&R") granting all of the relief sought by Class Counsel, awarding them one-third of the proposed settlement fund ($2.1 Million). [Doc. 82].

## III.   GOVERNING STANDARDS

Upon objection to a magistrate judge order on a dispositive matter, the Court reviews de novo "those portions of the [magistrate's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c).[1] The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id*. and *see* Fed. R. Civ. P. 72(b)(3). As the designation indicates, the magistrate judge only makes a recommendation to the court. That recommendation has no presumptive weight, and the responsibility of making a final determination rests with the district court. *See Brock v. Heckler,* 612 F. Supp. 1348, 1350 (D. S.C. 1985) (citing *Mathews v. Weber*, 423 U.S. 261, 46 L. Ed. 2d 483, 96 S. Ct. 549 (1976)).[2] The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

---

[1] A motion for attorney's fees, when referred to a magistrate judge, is treated "as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D); *see also Hadad v. Scharfen*, 2010 U.S. Dist. LEXIS 21546, at *1 (S.D. Fla. Feb. 17, 2010).

[2] A review conducted de novo means that the reviewing court must reconsider the matter in its entirety, without granting any weight or consideration to the lower court's decision. *See United States v. Navarro-Camacho*, 186 F.3d 701, 709 (6th Cir. 1999).

**IV.     THE MAGISTRATE JUDGE ERRED IN HER REPORT AND RECOMMENDATION BY AWARDING CLASS COUNSEL ONE-THIRD OF THE SETTLEMENT FUND.**

**A.     The Magistrate Judge's Finding That Class Members Received Sufficient Notice of Class Counsel's Motion for Attorney's Fees to Satisfy Procedural Due Process and Fed. R. Civ. P. 23(h) Was Contrary to Law and Improper.**

The Magistrate Judge overruled Price's objection that he and other Class members were deprived of sufficient notice of Class Counsel's motion for attorney's fees, concluding that "because the fee percentage sought by counsel for the Plaintiff was known to both [objectors], their ability to pose their objections was not hindered." [Doc. 82, at p. 5].[3]

**1.     Due Process Requires That Class Members Be Provided More Than Just the Fee Amount Before Having to Act.**

The standard for the adequacy of a settlement notice in a class action is measured by reasonableness.  *See* Fed. R. Civ. P. 23(e).  The fundamental requisite of due process is the opportunity to be heard.  This "right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

To satisfy due process, the Eleventh Circuit requires that class members be given "'information reasonably necessary to make a decision [whether] to remain a class member and be bound by the final judgment or opt out of the action.'" *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011).  As the Sixth Circuit recently made clear, class members cannot

---

[3]The Magistrate Judge mistakenly observed that another objector, Mr. Isaacson, had argued that his due process rights had been violated because the motion for attorney's fees was not due until fifteen days after the deadline for filing objections to the proposed settlement and fee.  [Doc. 82, at p. 4].  Actually, Price made the argument as well.  [Doc. 61, at pp. 10-14].

participate meaningfully in the process contemplated by Rule 23(e) unless they can review the bases of the proposed settlement and the other documents in the court record. *Shane Grp., Inc. v. Blue Cross Blue Shield*, 2016 U.S. App. LEXIS 10264, at *21 (6th Cir. 2016).

### 2. Rule 23(h) Requires That Class Members Be Provided More Than Mere Notice of a Motion.

Rule 23(h) allows a court to award reasonable attorneys' fees and costs in a certified class action subject to certain requirements. Under the Rule, a fee petition must be made by motion served on all parties and, when the motion is made by class counsel, notice must be "directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1). Class members may then object and the court may hold a hearing. Fed. R. Civ. P. 23(h)(2)-(3). Due process and Rule 23(h) thus combine to require that Class members have access to the factual and legal basis for Class Counsel's fee request *before* their Court-imposed deadline to object. *See* Rule 23(h), 2003 Advisory Committee Notes ("[i]n setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion"); 5 *Moore's Federal Practice* § 23.124[4] (3d ed. 2009) ("[a]ny objection deadline set by the court should provide the eligible parties with an adequate opportunity to review all of the materials that may have been submitted in support of the motion . . . .").

The Eleventh Circuit has not yet addressed the issue confronting the Court. Significantly, however, at least three federal Circuits have addressed the situation and each would find fault with the process, including a violation of Rule 23(h). In the Seventh and Ninth Circuits, district courts

had denied class members the opportunity to object to the particulars of counsel's fee request because, as is the case here, counsel were not required to file a fee motion until after the objection deadline.  By the time they received notice of the fee petition, it was too late for them to object.

The Seventh Circuit, in *Redman v. RadioShack Corp.*, 768 F.3d 622, 638 (7th Cir. 2014), *cert. denied sub nom. Nicaj v. Shoe Carnival, Inc.*, 135 S. Ct. 1429, 191 L. Ed. 2d 366 (2015), and the Ninth Circuit, in *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010), concluded that the district courts had violated Rule 23(h).  Earlier this year, the Third Circuit weighed in and observed that it had "little trouble agreeing that Rule 23(h) is violated in those circumstances."  *In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 446 (3d Cir. 2016).

Contrary to the Magistrate Judge's finding that knowing the percentage sought was enough, Class members who are forced to base their objection solely on what is contained within the preliminary notice may be "handicapped by not knowing the rationale that would be offered [in counsel's motion] for the fee request."  *Redman v. RadioShack Corp.*, 768 F.3d 622, 638 (7th Cir. 2014).  The Ninth Circuit explained,

> "[a]llowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members.  It also ensures that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee."

*Mercury Interactive,* 618 F.3d at 994.  This reasoning is logical and sound:

> As a fiduciary for the class, the district court must "act with 'a jealous regard to the rights of those who are interested in the fund' in determining what a proper fee award is."  Included in that fiduciary obligation is the duty to ensure that the class is afforded the opportunity to represent its own best interests.

*Id.* at 994-95 (internal citation omitted).

Here, to support their position that notice was "more than sufficient," Class Counsel cite *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 699 (S.D. Fla. 2014) and argue that the rule adopted in *Mercury Interactive* "is not universal," and "has been rejected by at least one other Circuit." [Doc. 74, at p. 23]. Tellingly, Class Counsel do not address the federal Circuit decisions or the reasoning expressed by those courts, citing instead to the *Saccoccio* court's reference to the Second Circuit's decision in *Cassese v. Williams*, 503 Fed. Appx. 55, 57 (2d Cir. 2012). But Plaintiff's reliance on *Cassese* is misplaced, as the Second Circuit did not reject the rule outright. Rather, the court merely concluded:

> We need not decide whether requiring objections to be filed in advance of a fee motion might raise due process concerns in some case. We conclude only that notice of class counsel's fee request was reasonable here under the circumstances and sufficient to satisfy due process.

*Id*. The *Cassese* court partly based its decision on the fact that "[n]o objector specifies how access to class counsel's billing records would have affected her objections to the fee request." 503 Fed. Appx. at 58. Here, Price has specifically argued that the work performed by Class Counsel, as distilled by the docket, does not merit an award of $2.1 Million. [Doc. 61, at pp. 15-16].

### 3.   Under the Facts Presented, Class Members Were Handicapped By Insufficient Information and Deprived of an Opportunity to Meaningfully Object to Class Counsel's Motion for Attorney's Fees.

In this case, the deadline for objections passed before Class Counsel filed the motion for attorney's fees. Class Counsel withheld any information about their work until September 12, 2016, 20 days after the August 23, 2016 objection deadline. This flawed process, proposed by Class Counsel, endorsed by the Court, and approved by the Magistrate Judge, failed to provide Class

-10-

members with key information with which they might evaluate a fee request that would cost the Class millions of dollars.

The only fee-related information made available to Class members was this: "Class Counsel will ask the Court to approve payment of up to one third of the $6,300,000 Settlement Fund, which is $2,100,000, to them for attorneys' fees, plus reasonable expenses." [Doc. 61-1].  Class members were not advised of either the 25% benchmark or of Class Counsel's justification for seeking more than $500,000 more than the benchmark until after objection deadline.  Thus, the entire Class was deprived of the opportunity to learn how much time Class Counsel expended in litigating the case, as well as the factual and legal bases for seeking the award.

Exactly how Class members are supposed to meaningfully assess a motion that has not yet been filed without a scintilla of information other than the amount sought is unknown.  Having been deprived of such information, Class members lacked a full and fair opportunity to contest the motion.  For these reasons, the Magistrate Judge's recommendation was improper.

**B.    The Magistrate Judge's Finding That the Lodestar Approach is Prohibited by the Eleventh Circuit is Contrary to Law and Improper; the Lodestar Approach Should Have Been Adopted as a Basis On Which to Award a Fee or as a Cross-Check to a Percentage Award.**

Price objected to Class Counsel's request for one-third of the settlement fund, urging the Court to use the lodestar approach, or alternatively, use the lodestar method to cross-check a percentage-of-the-fund award.  [Doc. 61, at pp. 17-18].  The Magistrate Judge rejected "the objectors' request to utilize the lodestar method, since *Camden I* [*Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991)] clearly dictates that the district judge must base the award on a reasonable percentage of the common fund."  [Doc. 82, at p. 5].

-11-

Contrary to the Magistrate Judge's recommendation, use of the lodestar is most appropriate in cases involving a fee-shifting statute.  In *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010), "the Supreme Court recently extolled [the lodestar method's] virtues and reaffirmed its dominant role in federal fee-shifting cases." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 641 (7th Cir. 2011) (citing *Perdue*, 130 S. Ct. at 1672); *see also, e.g.,  Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 330 (3d Cir. 2011) (en banc); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011); *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 n.3 (1st Cir. 2011). Accordingly, the Court is required to consider the attributes of the lodestar method in computing a reasonable fee award.  Under fee-shifting statutes, there is a strong presumption that the lodestar is sufficient to achieve the objective of a "reasonable fee." *Perdue*, 130 S.Ct. at 1672.

The  Magistrate  Judge's  recommendation  inexplicably  disregarded *Perdue*.  This case involves a fee-shifting remedy, *i.e.*, FACTA, 15 U.S.C. § 1681(c)(g)(1).  If this case was tried and Plaintiff prevailed, Class Counsel's fees would be determined under *Perdue*.  Here, Class Counsel should not be permitted to sidestep *Perdue* simply by negotiating a common fund settlement.  Such a result places form over substance and places a premium on Class Counsel settling a case instead of proceeding to trial.[4]  For all of this, Class Counsel's fees should be set by the lodestar method.

---

[4]Alternatively, the Court should use the lodestar method as a cross-check of the percentage-of-the-fund approach. *See Pinto v. Princess Cruise Lines*, 513 F. Supp. 2d 1334, 1344 (S.D. Fla. 2007); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1298 (11th Cir. 1999).

-12-

C.    **The Magistrate Judge Disregarded and/or Misapplied the *Johnson* Factors in Awarding Class Counsel a $525,000 Enhancement When No Such Enhancement Was Warranted.**

Price argued that Class Counsel be awarded, at most, the benchmark percentage in this Circuit (25%) and advocated against any enhancement, citing, *inter ali*a, the meager amount of work performed in the case. [Doc. 61, at pp. 14-16; 19]. The Magistrate Judge overruled Price's objection and enhanced Class Counsel's fee from 25% to one-third of the settlement fund – $525,000 – by disregarding and/or misapplying many of the factors enumerated in *Johnson v. Georgia Highway Express Co.*, 488 F.2d 714, 717-19 (5th Cir. 1974). [Doc. 82, R&R, at pp. 3-5].

1.    **Guiding Principles in the Eleventh Circuit**

In *Camden*, 946 F.2d at 770, 774, 775, the Eleventh Circuit held that "attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class," describing 25% as the "bench mark" attorneys' fee award. *Id*. "[T]he majority of fees in [common fund] cases are reasonable where they fall between 20-25% of the claims." *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1242 (11th Cir. 2011) (citing *Camden I*, 946 F.2d at 774). However, because "the appropriate percentage to be awarded as a fee in any particular case will undoubtedly vary," the Court in *Camden I* concluded that district courts could also consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) in determining the reasonableness of a fee award. 946 F.2d at 775.

Here, the *Johnson* factors suggest that this case is not one in which a upward deviation from the 25% benchmark is warranted, and certainly not one where an extraordinary one-third is merited.

2.      The *Johnson* factors do not support an enhancement from the 25% "benchmark."

The Magistrate Judge recommended that the application of the *Johnson* factors support an upward adjustment of the benchmark. [Doc. 82, R&R, at pp. 3-4].  There are several fundamental defects in this recommendation.  Not one of *Johnson* factors justifies an enhancement.  Below, Price examines the most salient of those factors.

*The time and labor required.*  While "the hours claimed or spent on a case should not be the sole basis for determining a fee, . . . they are a necessary ingredient to be considered."  *Waters v. Cook's Pest Control, Inc.*, 2:07-CV-00394-LSC, 2012 U.S. Dist. LEXIS 99129, at *16 (N.D. Ala. July 17, 2012).  Here, it is impossible to consider the "time and labor" expended , because Class Counsel have not provided any breakdown of their work.  Yet, even lawyers seeking a percent-of-the fund award must provide some documentation of their time.  *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, __ F.3d __, 2016 WL 3163073, at *7-*8 (6th Cir. 2016).  Consequently, Class Counsel have not met their burden to support an upward adjustment of the 25% benchmark.

What is known is that there were only 32 docket entries before the parties mediated and settled the case.  Of those, only three substantive documents were filed by Class Counsel.  [Doc. 1, Complaint], [Doc. 16, Amended Complaint], and [Doc. 24, response to motion to dismiss].  Class Counsel's recently filed declarations show that little or no discovery was conducted.  [Doc. 74-3, Hilicki Approval Decl., at ¶ 17; Doc. 76-3, Hilicki Fee Decl., at ¶17].[5]

---

[5]Even the Magistrate Judge conceded that little work was done but found "the considerable savings of time and money achieved promotes judicial economy, and counsel should not be penalized for achieving this benefit."  [Doc. 82, R&R, at p. 5].  In other words, the Magistrate Judge determined *not to apply* this critically important factor.  Far from "punishing" Class Counsel, the burden was on them to demonstrate their entitlement to fees in excess of the 25% benchmark, and they failed to do so.

-14-

Nevertheless, Class Counsel dubiously imply their work entitles them to a fee of $2.1 Million. The claim is incredulous, as they filed the case just a week after Plaintiff allegedly received the receipt from Godiva that purportedly violated FACTA and settled it just seven months later, having taken no depositions or engaged in no class certification or summary judgment proceedings. Indeed, more than half of their work appears to have come after the parties reached a settlement. All of this, easily distilled from the Court's docket, strongly suggests the impropriety of Class Counsel's fee request.

*Novelty and difficulty of the questions involved.* Although the Magistrate Judge recites Class Counsel's argument that the issue of wilfulness presented great difficulty, Class Counsel did not event try to litigate that issue beyond Godiva's motion to dismiss. They do not deserve credit – much less a fee enhancement – for merely avoiding a difficult issue. Class Counsel uniformly took the easy route, not the hard route to a justifiable fee enhancement, failing to even test their ability to come forward with any evidence of wilfulness. Ultimately, Class Counsel never had to deal with "novel" or difficult issues. Not only does this factor not justify an enhancement, but it warrants a minimal fee award.

*Preclusion of other employment.* Contrary to the Magistrate Judge's recitation of Class Counsel's argument about this factor [Doc. 82, at p. 5], preclusion of other employment in this case could only have been minimal, as Class Counsel did not expend enough time here to have been precluded from doing other work.

*The customary fee*. As shown above, the customary fee in this Circuit would not exceed 25%, and certainly would not exceed 30%.

***Whether the fee is fixed or contingent***.  The risk encountered by Class Counsel does not warrant one-third of the settlement fund.  While Class Counsel maintain that they had to advance fees and expenses [Doc. 76, at p. 9], they risked very little, *i.e.*, $5,547.70 in expenses, fully $3,615.22 of which were mediation-related.  [Doc. 76-3, at ¶17].

***Class Counsel attained a mediocre result for Class members.***  The Eleventh Circuit has held that the "amount involved and the results obtained" is an important factor to be considered in evaluating a fee request in a common fund case.  *Camden I*, 946 F.2d at 774.  The $6.3 Million settlement fund is by no means unqualified success.  After all, "Godiva's potential exposure was over one-third of a billion dollars." [Doc. 75, at p. 14 & n.42].  Godiva admits to violating FACTA with at least "342,025 noncompliant receipts," and that "Godiva's potential exposure was over one-third of a billion dollars." [Doc. 75, at p. 14 & n.42].  Godiva faced a potential judgment of $342,025,000, plus liability for attorneys' fees under FACTA's fee-shifting provision.  Through this settlement, Godiva would pay just $6.3 Million to settle those claims  – about 1.8% of its potential liability.  When viewed in this light, the amount involved and the result obtained cannot support an upward adjustment of the 25% benchmark for attorneys' fees in common fund cases.

In any event, the result does not support a significant upward adjustment of the 25% benchmark.  While some courts have held that upward adjustments may be appropriate where class counsel achieves a common fund that is roughly commensurate with the full amount of damages sought, no court has held that a minimal recovery (whether measured as 1% or 20% of total damages sought) can support an upward deviation.  For example, in *Eslava v. Gulf Tel. Co.*, No. 04-cv-0297, 2007 U.S. Dist. LEXIS 85010, at *7 (S.D. Ala. Nov. 16, 2007), the court held that "an award of 30%, which is the high end of awards for a common fund class action case" would be appropriate because

-16-

the "settlement reflects a recovery that was roughly equivalent to the losses claimed" in the case. (emphases added).  Here, the common fund involved in the settlement is a significant reduction (regardless of how you look at it) in Godiva's total exposure, and thus the "amount involved and the results obtained" do not warrant a one-third award.

*The "undesirability" of the case*.  While the Magistrate Judge characterized the case as undesirable [Doc. 82, at p. ] ("Based on the unsettled issues and the fact that other FACTA class actions have required substantial litigation before achieving settlements similar to the one reached in this case, the case was not a desirable one"), a rapid settlement with minimal work and a $2.1 Million fee demonstrates that this was a very desirable case for Class Counsel.

*Awards in similar cases.*  Granting Class Counsel a fee of one-third of the settlement fund would result in a substantial windfall, for what has been a demonstrably lightly-litigated case.  The *Manual on Complex Litigation* states that a fee of 25% of a common fund "'represents a typical benchmark'" in common fund cases.  *Manual on Complex Litigation* (4th) § 14.121)).  Indeed, empirical studies confirm that one-third is substantially above the norm for class action settlements approximating $6.3 Million.  In fact, such studies reveal that fees for settlements in the range of the one at bar range from 22.8% to 25%, not one-third.  *See* Theodore Eisenberg & Geoffrey P. Miller, "*Attorney Fees and Expenses in Class Action Settlements: 1993-2008*," 7 J. Empirical Legal Stud. 248, 265 (2010) (finding that between 1993 and 2008, in settlements between $5.3 million and $8.7 million, the median attorney fee was 22.1% and the mean was 22.8%, while in settlements between $22.8 million and $38.3 million, the median attorney fee was 24.9% and the mean was 22.1%); Brian T. Fitzpatrick, "*An Empirical Study of Class Action Settlements and Their Fee Awards*," 7 J. Empirical Legal Stud. 811, 839 (2010) (finding that for settlements ranging from $4.45 million to

-18-

$7 million, the median attorney fee was 29.7% and the mean was 27.4%).

Those cases cited by Plaintiff that involve awards higher than 30% are notably distinguishable from the instant case. [Doc. 76, at p. 14]. For example, the Magistrate Judge referenced Class Counsel's reliance on *Wolff v. Cash*, No. 03-cv-22778, 2012 U.S. Dist. LEXIS 153786 (S.D. Fla. Sept. 26, 2012) [Doc. 82, at p. 3]. There, counsel expended more than 7,753 otherwise billable hours over eight years, worth $3,446,600 at ordinary hourly rates, and $140,935.36 in out-of-pocket expenses to pursue recovery abroad to enforce the court's RICO judgment. *Id*. at *5; *see also Waters*, at *50 (35% award supported by the fact that counsel litigated the case for five years, including a year-long mediation process involving eleven separate conferences). In contrast, this case proceeded for seven months before settlement.

*The time required to reach a settlement*. Class Counsel reached a settlement with Godiva within seven months of filing the complaint; hardly vigorously-fought litigation.

*Any "substantial objections" to the fee.* The Magistrate Judge observed that only two Class members objected. [Doc. 82, at p. 1]. That only two Class members objected to the fee application does not support a finding that the fee is reasonable. The factor is qualitative, not quantitative. Here, Price has come forward with substantial objections to Class Counsel's requested fee award.

In conclusion, a fair assessment of the fee request makes clear that the proposed fee is an extraordinary result for Class Counsel.

### D.   The Magistrate Judge's Reliance on the History of Objector's Counsel in Deciding the Merits of Price's Objection to the Proposed Attorney's Fee Award Was Contrary to Law and Improper.

Finally, in deciding Class Counsel's motion for attorney's fees, the Magistrate Judge accepted remarks made by Class Counsel that had no relevance or bearing on the merits of Price's

objection, improperly relying upon Class Counsel's unilateral version of Price's counsel's objection history– rather than considering the basis and factual and legal propriety of the objections – in determining the merits of his objections and overruling them. [Doc. 82, R&R, at pp. 5-6]. While Class Counsel portrayed Price's counsel as a "professional objector," they made no effort to identify what, exactly, he has done, or sought to do – in this case, other than to challenge the propriety of their fee. The Magistrate Judge appears to have blindly accepted Class Counsel's arguments about Price's counsel's purported motives against a landscape of cases in which courts have explicitly held that the motive of objectors or their counsel is simply not relevant to the merits of an objection.[6] This reasoning is well-founded, as it is neither logically nor legally permissible to conclude that an objection is valid or invalid based upon outcomes of other cases.

For these reasons, the Magistrate Judge erroneously relied upon Price's counsel's history in deciding the merits of the objection.

## V.    CONCLUSION

For all of these reasons, this Court should base the fee award to Class Counsel on their lodestar method and require Class Counsel to supplement their fee motion. Alternatively, the Court should award Class Counsel the benchmark rate of 25%, but not award them an enhancement, and apply a lodestar cross-check to insure the reasonableness of the award.

---

[6] *See, e.g., Corpac v. Rubin & Rothman, LLC*, 2012 WL 2923514, at **2-3 (E.D. N.Y. July 19, 2012) ("[t]he Court 'fail[s] to see how motives of [Objector], other than the obvious financial once of maximizing [his] recovery, would make any fact of consequence to the determination of reasonable fees, the amount of damages or the restriction on pursuing future claims more or less probable.'")

Respectfully submitted, this 26th day of September, 2016.

_/s/ W. Allen McDonald_____
W. Allen McDonald, Esq.
249 N. Peters Road, Suite 101
Knoxville, TN 379234917
Tel: 865 246 0800

*Counsel for James H. Price*

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing was submitted electronically through the

Court's Electronic Filing System ("ECF").  Notice of this filing will be sent by operation of the

Court's ECF to all parties indicated on the electronic filing receipt, including;

Michael S. Hilicki, Esq.
KEOGH LAW, LTD.
55 West Monroe Street
Ste. 3390
Chicago, IL 60603

Brian Melendez
DYKEMA GOSSETT, PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3903

This 26th day of September, 2016.

*/s/ W. Allen McDonald*
W. Allen McDonald

-22-