UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  15-60716-CIV-DIMITROULEAS/Snow

DR. DAVID MURANSKY. individually and on
behalf of all others similarly situated,

      Plaintiff,

v

GODIVA CHOCOLATIER, INC., a New Jersey
corporation,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiffs Amended Motion to Require Posting of Appeal Bond   (ECF No. 107) which was referred to Lurana S. Snow, United States Magistrate Judge for a Report and Recommendation.   The motion is fully briefed and is ripe for consideration.

### I. PROCEDURAL HISTORY

This action for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. (FRCA) was filed on April 6, 2015.  The Plaintiff sought damages and injunctive relief alleging that Godiva printed credit card receipts containing more than the last five digits of its customer's credit card numbers, exposing them to an elevated risk of identity theft.

Plaintiff filed his complaint on April 6, 2015 (ECF No. 1), and Godiva moved to dismiss on May 26, 2015.  (ECF No. 12)  On June 9, 2015, Plaintiff amended his complaint, and shortly thereafter, the Court denied Godiva's motion to dismiss as moot.  (ECF Nos. 16, 18)  Godiva again moved to dismiss, which motion was denied on September 2, 2015.   (ECF Nos. 21, 26)  In November 2015, after Godiva filed its answer, but before the Court entered a scheduling order, the parties voluntarily exchanged informal discovery and participated in an early mediation.  They thereafter jointly notified the Court that they had reached an agreement to settle.  (ECF No. 32)  On

January 25, 2016, the Court granted preliminary approval of the settlement. (ECF No. 40) On September 12, 2016, after class members had been informed and afforded the opportunity to object, Plaintiff and Class Counsel filed a motion for final approval of the class action settlement, along with their petition for fees, costs and incentive awards. (ECF Nos. 74 and 76) Out of more than 300,000 settlement class members, five objections were filed, including those of the James H. Price and Eric A. Isaacson. After Mr. Isaacson filed his formal objections, citing the possibility of a collusive settlement, he requested that the Court compel the settling parties to provide him with access to any discovery taken in the case and to compel Dr. Muransky to sit for deposition. (ECF No. 72) The undersigned denied Mr. Isaacson's motion to compel on September 16, 2016, finding that Mr. Isaacson had access to sufficient information to bring the issues he felt were of concern to the attention of the Court at the fairness hearing. (ECF No. 85)

The Court held a final approval hearing, during which all parties and objectors were afforded an opportunity to be heard. Following the approval hearing, the Court gave the objectors additional time to object to the undersigned's recommendation relating to the Plaintiff's attorney's fees request. On September 28, 2016, the Court concluded that the $6.3 million settlement was fair, adequate and reasonable, and entered an Order of Final Approval and Judgment. (ECF No. 99) Objectors Isaacson and Price have appealed. Plaintiffs and Class Counsel now request an order requiring the objectors to post an appeal bond pursuant to Federal Rules of Appellate Procedure 7 and 8.

## II. RECOMMENDATIONS OF LAW

Plaintiffs argue that a substantial appeal bond is warranted in this case because the appeals are meritless and the appellants' attorneys make a living improperly objecting to class action settlement for their own financial gain. According to the Plaintiffs, the appellants, who are both themselves attorneys, are presumed to be financially able to post an appeal bond unless they demonstrate otherwise, and in this case, they have not.

Fed.R.App.P. 7 permits the district court to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed.R.App.P. 8(a) permits a party to move for approval of a supersedeas bond and a stay of judgment pending appeal.

The Plaintiffs seek an order requiring the appellants to post an appeal bond totaling $115,934.00. This amount comprises: 1) costs compensable pursuant to Rule 7, consisting of $10,000.00 in taxable costs pursuant to Rule 39(e), along with $31,594.00 in excess administrative costs attributable to the delay in distribution of the settlement, and 2) costs compensable pursuant to Rule 8, including an additional $74,340.00, representing the estimated loss of use of the Net Settlement Fund during the pendency of the appeal. Objector Price does not oppose a bond in the amount of $1,500.00, which he argues will be more than sufficient to cover the Plaintiffs' taxable costs on appeal. Objector Isaacson argues that a cost bond is not necessary. Both Price and Isaacson argue that Rule 8 is not implicated at all here where neither objector/appellant requested a stay of the judgment.

**A. Rule 7**

The parties agree that it is within the Court's discretion to require an appeal bond pursuant to Rule 7 securing payment of costs on appeal. Pedraza v. United Guaranty Corp., 313 F.3d 1323, 1328 (11th Cir. 2002). Nor do they dispute that it is appropriate to include taxable costs pursuant to Rule 39(e) within such a bond. Their disagreement arises as to an appropriate amount to secure the taxable costs, and whether such a bond may encompass other costs such as the excess administrative cost necessitated by the delay in distribution of the settlement funds as Plaintiffs are seeking here.

Federal Rule of Appellate Procedure 39(e) provides as follows:

**Costs on Appeal Taxable in the District Court.** The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

(1) the preparation and transmission of the record;

  (2) the reporter's transcript, if needed to determine the appeal;

  (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and

  (4) the fee for filing the notice of appeal.

In Pedraza, the Eleventh Circuit held that Rule 7 costs include anticipated appellate attorneys' fees authorized by a statutory fee shifting provision, noting that Rule 39(e) plainly does not set forth an exhaustive list of or a general definition of "costs."  Id. at 1330.  The court went on to explain that the purpose of Rule 7 is to protect the rights of appellees brought into appeals courts by . . . appellants who, among other things, have failed to post a supersedeas bond. Id. at 1333.  The court noted that the including attorneys' fees within the definition of Rule 7 costs, where such fees are authorized by a fee shifting statute, furthers the purpose underlying such statutes.  That is, to protect appellees from the burden of being forced to defend frivolous lawsuits and to deter appellants from bringing such suits in the first place.  Id.  A sizable bond in such a case may thus be appropriate.  Id.

  According to the Objectors, Pedraza means that beyond the costs enumerated by Rule 39(e), any additional costs which may be bondable must be authorized by statute.  This interpretation is supported by some of the district courts which have addressed the issue.  In re Initial Public Offering Securities Litigation, 728 F.Supp. 2d 289, 292 (S.D. N.Y., Jul. 20, 2010) (damages resulting in delay of settlement administration and attorneys' fees may be included in a Rule 7 bond when there is a substantive statute in the underlying litigation which includes a fee-shifting provision that allows such costs to be awarded to the prevailing party); In re Air Cargo Shipping Servs. Antitrust Litig., 2010 WL 1049269 at *2 (E.D. N.Y., Mar. 22, 2010) (damages resulting from delay or disruption of settlement administration caused by frivolous appeal may be appropriate where the relevant underlying statute provides for awarding costs incident to delay on appeal); In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation, 2013 WL 5775118 (C.D. Cal., Oct. 21, 2013) (costs covering increased settlement administration not covered by Rule 7 unless they are within the scope of an applicable fee-shifting statute); In re Bayer Corp. Combination Aspirin Products Mktg. & Sales Practices Litig., 2013 WL 4735641 (E.D.

N.Y., Sep. 3, 2013) (administrative costs caused by delay should not be included in bond where no underlying statute authorizes them).

In contrast, the Plaintiffs have cited numerous cases where Rule 7 cost bonds encompassing administrative costs caused by the delay have been ordered in class action appeals. In re Checking Account Overdraft Litigation, 2012 WL 456691 (S.D. Fla., Feb. 14, 2012) (requiring a $616,338.00 bond to ensure payment of costs for defending the appeal and the resulting delay in distribution of funds to the class in a case where the parties (including 13 million settlement class members) negotiated a $410 million settlement and only 49 class members filed objections)[1]; In re Pharmaceutical Industry Average Wholesale Price Litigation, 520 F.Supp.2d 274 (D. Mass., Nov. 2, 2007) (imposing an appeal bond pursuant to Rule 7 and Rule 38 (which permits the Court of Appeals to award damages and costs if it determines that an appeal is frivolous) in the amount of $61,000 covering administrative costs attributable to the delay in distribution of the settlement); Miletak v. Allstate Ins. Co.,, 2012 WL 3686785 (N.D. Cal., Aug. 27, 2012) (imposing $60,000 bond to cover appellate costs and administrative costs); In re Uponor, Inc. F1807 Plumbing Fittings Products Liability Litigation, 2012 WL 3984542 (D. Minn., Sep. 11, 2012) (imposing $175,000 cost bond including $20,000 in administrative costs caused by the delay in distribution of the settlement); In re Compact Disc Minimum Advertised Price Antitrust Litigation, 2003 WL 22417252 (D. Maine, Oct. 7, 2003) (imposing $35,000 cost bond finding that damages resulting from delay or disruption of settlement administration caused by a frivolous appeal are appropriately included in a Rule 7 bond); Dennings v. Clearwire Corporation, 928 F.Supp.2d 1270 (W.D. Wash., Mar. 11, 2013) (imposing $41,150 bond, including $39,150 in increased costs of administering the settlement).

The undersigned is persuaded that the better approach, in light of the holding in Pedraza and the lack of a fee shifting statute in the underlying case, is to limit the bondable costs on appeal to those enumerated in Rule 39(e). Should the Eleventh Circuit determine that the Objectors

---

[1] Although the undersigned acknowledges that the court did not address what portion of the bond was attributable to Rule 7 and what portion attributable to Rule 8.

have mounted a frivolous or vexatious appeal, the Plaintiffs will have the opportunity to move pursuant to Rule 38 for the remaining costs incurred as a consequence of the delay.

The Plaintiffs seek a bond in the amount of $10,000.00 to cover the taxable costs as enumerated in Rule 39(e). According to the Plaintiffs this amount is on the low end of what courts routinely impose. See In re Initial Public Offering Securities Litigation, 728 F.Supp. 2d 289 (S.D. N.Y., Jul. 20, 2010) ($25,000 bond imposed in a case where there was evidence of bad faith or vexatious conduct by the Objectors, and where the plaintiffs asserted that compilation of the voluminous record would amount to tens of thousands of dollars); In re Wells Fargo Loan Processor Overtime Pay Litigation, 2011 WL 3352460 (N.D. Cal., Aug. 2, 2011) (imposing $20,000 bond pursuant to Rule 7 on class action objector); In re Wachovia Corporation "Pick-a-Payment" Mortgage Marketing and Sales Practices Litigation, 2011 WL 3648508 (N.D. Cal., Aug. 18, 2011) (imposing $15,000 bond (rather than $101,250 sought by the plaintiffs) taking into consideration objector's application to proceed *in forma pauperis*, as well as the court's conclusion that the appeal, while probably meritless, did not appear to be filed in bad faith); In re Currency Conversion Fee Antitrust Litigation, 2010 WL 2010 WL 2033811 (S.D. N.Y., May 21, 2010) ($50,000 bond warranted for an appeal involving a voluminous record and multiple appellants).

The Objectors point out that Plaintiffs have not offered any justification for the amount they seek, and it is the Objectors who will pay the filing fee and the costs associated with preparation and transmission of the relevant portions of the record, including transcripts. According to the Objectors, the costs Plaintiffs will incur in copying appellate briefs and preparing a supplemental appendix, if necessary, will be minimal. Plaintiffs, on the other hand, anticipate disagreement as to what parts of the record will be needed for appellate review, and contend that in the class action context, appellate costs are frequently greater than average.

The undersigned notes that the Objectors have offered no evidence of an inability to pay a reasonable bond. Further, in light of the deferential review accorded the decision of the district court to approve a class action settlement, their likelihood of success on appeal is not great. Bennett

v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984).  Finally, it is indisputable that an appeal will delay the Plaintiffs' receipt of the benefits of the settlement.  Nevertheless, the Plaintiffs' estimate of $10,000 in appellate costs seems excessive given the settlement amount and the relatively few docket entries in the case as of this date.  See In re: Enfamil Lipil Marketing and Sales Practices Litigation MDL 2222, Case No. n11-MD-02222-Cohn/Seltzer.  Accordingly, the undersigned finds that a bond in the amount of $2,500.00 is fair and reasonable.

**B. Rule 8**

Federal Rule of Appellate Procedure 8 governs when a party seeks a stay of judgment pending appeal.  In such cases, a supersedeas bond covering the costs resulting from the delay caused by the stay of the underlying judgment is appropriate.  Plaintiffs request the Court impose a supersedeas bond in the amount of $74,340.00 representing two years' compounded interest at the applicable federal post-judgment interest rate on the $6,300,000.00 settlement.

The Objectors point out that the parties negotiated a settlement agreement that does not become final until all appeals are resolved.  See ECF No. 74-1, p. 8.  Execution of the settlement is on hold pursuant to agreement of the parties and not because the Objectors requested a stay for purposes of appeal.  Thus, according to the Objectors, because they have not requested a stay of the judgment, Rule 8 does not apply.

The undersigned agrees with the Objectors that the greater weight of authority counsels that when the parties' settlement agreement contemplates the effect of an appeal on the distribution of settlement proceeds, a supersedeas bond is not appropriate.  In re: Navistar Diesel Engine Products Liability Litigation, 2013 U.S. Dist. Lexis 113111 (N.D. Ill., Aug. 12, 2013); In re: Diet Drugs Products Liability Litigation, 2000 U.S. Dist. Lexis 16085 (E.D. Pa., Nov. 6, 2000) (rules do not condition an appeal on posting bond; rather, they condition a stay of execution on the posting of a bond); In re: General Electric Company Securities Litigation, 998 F.Supp.2d 145 (S.D. N.Y., Feb. 11, 2014).  Also, nothing in the language of the rules indicates that an appellee can move the court for the imposition of a supersedeas bond. In re Diet Drugs Products Liability Litigation, 2000

U.S. Dist. Lexis at *8; United States for the use of Terry Investment Company v. United Funding and Investors, Inc., 800 F.Supp. 879 (E.D. Cal., Sep. 22, 1992).  Accordingly, a supersedeas bond should not be ordered in this case.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Plaintiffs' Amended Motion to Require Posting of Appeal Bond (ECF No. 107) be GRANTED, in part, and DENIED, in part, and that the Objectors be jointly and severally responsible for posting an appellate cost bond in the amount of $2,500.00.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 19th day of December, 2016.

                                            LURANA S. SNOW
                                            UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record