# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| DR. DAVID S. MURANSKY, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) )   **CASE NO. 0:15-cv-60716-WPD** |
| v. | ) ) ) |
| GODIVA CHOCOLATIER, INC., a New Jersey corporation, | ) ) ) |
| Defendant. | ) |

## RESPONSE TO OBJECTOR ISAACSON'S OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION OF AN APPEAL BOND

Objector-Appellant Isaacson's eight-page objection to Magistrate Snow's recommendation of a modest $2,500 appeal bond further shows that Mr. Isaacson and his counsel Mr. Davis are pressing their appeal solely to pursue their own self-interest, to the detriment of the class.  In consequence, the imposition of the bond was proper, and the instant objection should be overruled.

Mr. Isaacson concedes that the imposition of a bond is a matter for the Court's discretion [ECF No. 119, p. 7], and he does not identify any supposed abuse of discretion in Magistrate Snow's recommendation. That should be the end of the discussion.

Nevertheless, Mr. Isaacson proceeds to quibble with Magistrate Snow's correct statement that this Court's approval of the settlement is subject to deferential review on appeal.  He does this by stating the same arguments that he plans to make in the Eleventh Circuit. These arguments do not demonstrate an abuse of discretion, particularly considering that they are meritless for reasons already discussed at length in the briefing on the bond issue. [ECF No. 117, p. 9]; *and see Young v. New Process Steel, LP*, 419 F.3d 1201, 1208 (11th Cir. 2005) (bond elements may turn in part on whether a court finds the proposed appeal "is likely to be frivolous, unreasonable, or without foundation."); *In re Checking Account Overdraft Litig.*, Case No. 1.09– MD–02036–JLK, 2012 WL 456691 at *2 (S.D. Fla. Feb. 14, 2012) (King, J.) (factors for

imposing a bond include the merits of the appeal, whether the appellant has shown any bad faith or vexatious conduct; and the appellant's attorney's prior actions)).

Indeed, Mr. Isaacson's actions show that his true motivation for challenging the settlement is to profit at the expense of the class. In essence, his position is that if his greenmail demands are not met, then on appeal he will seek to destroy the settlement by arguing that this Court lacked subject matter jurisdiction to enter any judgment under *Spokeo*. Even putting aside that every Court in the Eleventh Circuit to consider Mr. Isaacson's argument in a FACTA case has rejected it,[1] not to mention the fact that non-parties have no right to seek dismissal for lack of jurisdiction, Mr. Isaacson knows his gambit will fail. This is because the settlement expressly provides that in the unlikely event of a dismissal for lack of jurisdiction under *Spokeo*, the parties will jointly re-submit the settlement for approval to the Circuit Court of Cook County in Chicago, Illinois [ECF No. 76-1, p.24] – whose courts have no equivalent subject matter jurisdiction limitation, and whose class certification statute imposes fewer requirements.[2]

In other words, Mr. Isaacson's actions serve no purpose but to delay payment to the class members and increase the cost of the settlement, apparently to give Mr. Isaacson leverage to extract a payoff. Thus, far from demonstrating any abuse of discretion, the only thing Mr. Isaacson's objection to the bond shows is that the recommended bond amount is perhaps too low. *See*, *e.g.*, *Pedraza v. United Guaranty Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2002) ("an appellant is less likely to bring a frivolous appeal if he is required to post a sizable bond . . .").

---

[1] *Wood v. J. Choo USA, Inc.*, 2016 U.S. Dist. LEXIS 106029 (S.D. Fla. Aug. 10,, 2016); *Altman v. White House Black Mkt. Inc.*, 2016 U.S. Dist. LEXIS 92761 (N.D. Ga. July 13, 2016); *Guarisma v. Microsoft Corp.*, 2016 U.S. Dist. LEXIS 97729 (S.D. Fla. July 26, 2016); *Flaum v. Doctors Assocs., Inc.*, No. 16-cv-61198 (S.D. Fla. Aug. 29, 2016) (ECF No. 27). These decisions are supported by *Church v. Accretive Health, Inc.*, 2016 U.S. App. LEXIS 12414, *11, fn.2 (11th Cir. July 6, 2016) (unpub.).

[2] Illinois courts have jurisdiction over all "justiciable matters," *i.e.*, those "touching upon the legal relations of parties having adverse legal interests." *Belleville Toyota v. Toyota Motor Sales, U.S.A.*, 199 Ill.2d 325, 335 (2002). This case is "justiciable" because plainly, it touches upon the legal relations of Plaintiff, the Class and Defendant by implicating their legal interests under FACTA. By contrast, "[u]nder Illinois law, lack of standing is an affirmative defense, which is the defendant's burden to plead and prove[,]" *i.e.*, it is not an element of subject matter jurisdiction. *Lebron v. Gottlieb Mem. Hosp.*, 237 Ill.2d 217, 252 and 253 (2010) ("issues of standing and ripeness do not implicate our subject matter jurisdiction…"). Class certification is easier in Illinois because the Illinois class action statute only imposes four requirements, whereas Federal Rule 23 imposes six. *Compare* 735 ILCS §5/2-801 and Fed. R. Civ. P. 23(a) and (b)(3).

Accordingly, the decision to impose a bond is not an abuse of discretion, and Mr. Isaacson's objection should be overruled.

Dated: January 5th, 2017

Respectfully submitted,

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /s/  Bret L. Lusskin, Esq.
Bret L. Lusskin, Esq.
Florida Bar No. 28069

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 5th, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/  Bret L. Lusskin, Esq.
Bret L. Lusskin, Esq.
Florida Bar No. 28069