UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-CV-60716-WPD

DR. DAVID S. MURANSKY, individually
and on behalf of all others similarly situated,

        Plaintiff,

vs.

GODIVA CHOCOLATIER, INC.,
a New Jersey corporation

        Defendant.
_____/

### ORDER ADOPTING REPORT OF MAGISTRATE JUDGE; OVERRULING OBJECTIONS; REQUIRING POSTING OF APPEAL BOND

    THIS CAUSE is before the Court upon the December 19, 2016, Report and Recommendation of Magistrate Judge Lurana S. Snow (the "Report") [DE 118] and Plaintiffs and Class Counsel's Amended Motion to Require Posting of Appeal Bond [DE 107]. The Court has conducted a *de novo* review of the Report [DE 107], Class Member and Objector-Appellant Eric Alan Isaacson's Objection in Part [DE 119], and the record herein. The Court is otherwise fully advised in the premises.[1]

    A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc*., 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be

---

[1] While Plaintiffs filed a Response to Objector Isaacson's Objection [DE 120], this Order was drafted prior to and without considering the Response.

sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

On September 28, 2016, following full briefing of objections, a final approval hearing during which the objectors had an opportunity to engage in oral argument regarding their objections to the Court, and the filing of supplemental briefing, the Court determined that the $6.3 million settlement of this class action was fair, adequate and reasonable, and entered an Order of Final Approval and Judgment. *See* [DE 99]. Objectors James H. Price and Eric Alan Isaacson (the "Objectors") and have each filed Notices of Appeal. *See* [DE's 100, 105]. Plaintiffs now request that the Court requiring the Objectors to post an appeal bond pursuant to Federal Rules of Appellate Procedure 7 and 8.

Specifically, Plaintiffs requested that the Court require the Objectors to post appeal bond totaling $115,934.00, broken down as (i) $10,000.00 in estimated Rule 39 appeal costs under Rule 7; (ii) $31,594.00 in estimated additional administration costs under Rule 7; and (iii) $74,340.00 in interest on the funds to be distributed that will be delayed as a result the Objectors' appeal.  In the Report, Magistrate Judge Snow recommends that Plaintiffs' Motion be granted in part and denied in part, and that the Court require that the Objectors be jointly and severally responsible for posting an appellate cost bond in the amount of $2,500.00. *See* [DE 118].

Objector Price did not file any timely objection to the Report. Objector Isaacson filed an Objection in part, which the Court has carefully considered.

Objector Isaacson advances two objections as to the recommendation. First, he argues that the Judge Snow incorrectly relied on the "deferential review" that the Eleventh Circuit offers to district courts' approvals of class action settlement in her determination that the Objectors' likelihood of success on appeal "is not great." While Objector Isaacson concedes that the Eleventh Circuit reviews orders approving class action settlements for abuse of discretion and that, "[w]ithout doubt, abuse of discretion is a deferential standard," he asserts that his likelihood of success on appeal is actually "rather strong" and "extremely likely," as he raises several legal issues on appeal that are subject to *de novo* review. Objector Isaacson then dedicates the majority of his objection to arguing the merits of his legal issues on appeal. However, upon a review of all the arguments presented, the Court finds that regardless of what level of deference the Eleventh Circuit affords to this Court's final approval of the class action settlement, the imposition of a $2,500 cost bond to the Objectors is entirely reasonable. The Court rejects Objector Isaacson's request that the Court exercise its discretion by declining to require a bond to secure costs.

Second, Objector Isaacson asserts that, in the event the Court imposes a cost bond, the Court should apportion the bond amount between the Objectors, presumably at $1,250 each, rather than "introducing the complexity and potential unfairness of a joint-and-several bond." However, the Court finds Judge Snow's recommendation of a joint and several cost bond in the amount of $2,500 to be reasonable. The Court notes that, were the cost bond to be set at $1,250 and only one of the Objectors posted that bond, the Objector could still proceed on every issue on appeal, yet the costs Plaintiffs would incur would not be reduced by half.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 118] is hereby **ADOPTED and APPROVED**;

2. Objector-Appellant Eric Alan Isaacson's Objection in Part [DE 119] is **OVERRULED**;

3. Plaintiffs and Class Counsel's Amended Motion to Require Posting of Appeal Bond [DE 107] is **GRANTED IN PART AND DENIED IN PART**;

4. The Objectors shall be jointly and severally responsible for posting an appellate cost bond in the amount of $2,500.00.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of January, 2017.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record